RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com

Attorneys for Plaintiff Raymond Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>        Plaintiff,<br><br>   v.<br><br>WALLACE OENGA,<br><br>        Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES, AND SPECIFIC PERFORMANCE**<br><br>Case No. 3:19-cv-00043-HRH |

COMES NOW PLAINTIFF RAYMOND C. GIVENS, by his undersigned counsel, and for his Complaint for Declaratory Judgment, and for Specific Performance or Damages against DEFENDANT WALLACE OENGA states and alleges as follows:

**PARTIES**

1. Plaintiff Raymond C. Givens is, and at all material times was, a resident of the State of Washington.

2. Defendant Wallace Oenga is, and at all material times was, a resident of the State of Alaska.

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH      Page 1 of 14

Case 3:19-cv-00043-HRH    Document 1    Filed 02/14/19    Page 1 of 14

## JURISDICTION AND VENUE

3. Plaintiff and Defendant are citizens of different states, and the sum or value of Plaintiff's claim against Defendant exceeds $75,000. Accordingly, this Court has jurisdiction over this action for specific performance and damages under 28 U.S.C. § 1332.

4. An actual justiciable controversy exists between Plaintiff and Defendant. Accordingly, this Court has jurisdiction over this action for declaratory relief under 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

5. Venue is proper before this Court under 28 U.S.C. § 1391.

## FACTS

6. On October 31, 2003, Plaintiff, an attorney doing business as Givens Law Firm, entered into a Contingency Fee Contract with the heirs of Andrew Oenga ("Oenga heirs"), which included Defendant. The Contingency Fee Contract concerned the claims of the Oenga heirs, including Defendant, against the U.S. Department of the Interior, Bureau of Indian Affairs ("BIA"), for breach of its fiduciary duties to them in approving a lease of a restricted Native Allotment, located at Point Heald, east of Prudhoe Bay, Alaska ("Allotment"). The Allotment had previously been conveyed to Andrew Oenga. He had died, leaving his interest in the Allotment to his heirs, including Defendant, who one of Andrew Oenga's sons. The Oenga heirs, including Defendant, believed the rental payments approved by the BIA were too low. Under the Contingency Fee Contract, Plaintiff was to be paid a percentage, on a sliding scale, of any increases in past and future rent he was able to obtain for the Allotment.

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH    Page 2 of 14

Case 3:19-cv-00043-HRH   Document 1   Filed 02/14/19   Page 2 of 14

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

7. After an extensive effort to resolve the matter with the BIA, in 2006 Plaintiff filed suit on behalf of the Oenga heirs, including on behalf of Defendant, in the Court of Federal Claims ("CFC") against the United States. The suit alleged breach of the BIA's fiduciary duties to the Oenga heirs, including Defendant. *Wallace Oenga, et al. v. United States of America, and Intervenors BP Exploration, et al.*, United States Court of Claims, Case No. 06-0491-NBF ("CFC Action").

8. Plaintiff brought the action before the CFC instead of this Court so that the Oenga heirs, including Defendant, could claim not only increased future rents, but also damages resulting from the BIA's failure to collect proper rents in past years. Thereafter, the lessee of the Allotment, BP Exploration (Alaska), Inc. ("BP"), and its sublessee, intervened in the CFC action on the side of the United States.

9. After years of intensive litigation, on February 8, 2011, CFC issued its Final Decision and Judgment in favor of the Oenga heirs, including Defendant, in the CFC Action, awarding them damages for failure to collect proper past rents, and a substantial increase in past and future rents for the Allotment.

10. All parties appealed the final Decision and Judgment of the CFC. Prior to briefing, the parties entered into mediation. On June 23, 2011, a Confidential Term Sheet was signed on behalf of all parties. It set out the terms of agreement on a substantially increased comprehensive settlement.

11. On August 5, 2011, Plaintiff and the Oenga heirs, including Defendant, signed a written Contingency Fee Contract First Amendment. Under it, they agreed to amend the

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH      Page 3 of 14

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

original Contingency Fee Contract by substituting its sliding scale with payment to Plaintiff of lower percentage of the full amount (rather than a higher percentage of the increase) of future rents through any extended term of the lease. The purpose and effect of this amendment was to simplify the calculation of attorney's fees due to Plaintiff, and to slightly reduce those fees, thus being in the clients' interest. The amendment provided: "**Clients shall direct that these payments for professional services shall be paid directly to Attorney by Lessee BP Exploration (Alaska), Inc. and/or the United States or any subdivision thereof from the funds due Clients at the same time the remaining funds due are paid to Clients.**" (Emphasis added.)

12. On May 24, 2012, at the request of the BIA, Plaintiff agreed to further reduce his attorney's fees in a Fee/Cost Reduction Agreement, which was signed by Plaintiff and by the Oenga heirs, including Defendant. Again, this was in the clients' interest. In this reduction agreement, Plaintiff agreed to have his costs taken "off the top" of the lump sum settlement, instead of out of the clients' share of that payment, thereby reducing the amount upon which Plaintiff's contingent fee was determined. The Fee/Cost Reduction Agreement did not modify the above-quoted promise by the Oenga heirs, including Defendant, in the Contingency Fee Contract First Amendment to direct that BP and/or the United States or any subdivision thereof pay Plaintiff directly from the future rents when due.

13. On May 30, 2012, BP and its sublessees, the United States, Plaintiff, and the Oenga heirs, including Defendant, implemented the terms previously agreed to in the June 23, 2011 Confidential Term Sheet by signing a confidential Settlement Agreement and Release of

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH    Page 4 of 14

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

All Claims ("2012 Settlement Agreement"), resolving all claims that Plaintiff had brought on behalf of the Oenga heirs, including Defendant, against the United States in the CFC Action and various administrative proceedings. Under that agreement, BP agreed to pay to the Oenga heirs, including Defendant, a lump-sum settlement as payment for increased past rents. In addition, BP promised to pay higher future annual rents through 2036, to be calculated each year based on an increase in the cost of living index. The 2012 Settlement Agreement acknowledged Plaintiff's right, under the above-mentioned Contingency Fee Contract, as amended, to receive payment for his fees from future rents paid on the Allotment. A replacement lease for the Allotment was entered into reflecting these provisions. Because both the 2012 Settlement Agreement and the replacement lease include confidentially clauses, the facts are stated generally herein. Subsequent pleadings and documents filed in this action that include greater specificity will be filed under seal.

14. Initially, Defendant complied with his obligations under the Contingency Fee Contract, as amended, by directing the U.S. Department of the Interior, Office of Special Trustee ("OST"), to make payments to Plaintiff from Defendant's share of rent when it was paid by BP, which payment was held by OST in Defendant's Individual Indian Money ("IIM") account. Plaintiff timely received payments from OST from Defendant's IIM account from rents paid for calendar year 2012 through calendar year 2015. Under the replacement lease, each of these rents were paid by BP in October of the preceding year.

15. On August 20, 2015, Weldon B. Loudermilk, Regional Director of the BIA Alaska Region, issued a written decision ("Loudermilk Decision"). It concluded that OST

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH         Page 5 of 14

should pay Plaintiff from the IIM accounts of the Oenga heirs, including Defendant, under the Contingency Fee Contract, as amended, only upon a written direction from them to do so. The Loudermilk Decision also concluded, however, that automatic yearly payments could be made by OST to Plaintiff from the IIM accounts of the Oenga heirs, including Defendant, upon their request that such automatic annual payments be made.

16. Following the Loudermilk Decision, and based on Defendant's direction to OST that it make automatic annual payments to Plaintiff, Plaintiff timely received payments from OST from Defendant's IIM account from rents for calendar year 2016 (paid by BP in October 2015) and for calendar year 2017 (paid by BP in October 2016).

17. Plaintiff, however, did not and has not received payment from OST for Defendant's share of rent for calendar year 2018 (paid by BP in October 2017), which was $42,323.05. Defendant told Plaintiff that this was because Defendant had revoked his instructions to OST to make annual payments to Plaintiff, that the funds for calendar year 2018 were paid by OST directly to Defendant, that Defendant had already spent the funds, and that Defendant was unable to pay what he owed to Plaintiff. This constituted a breach by Defendant of his obligations to Plaintiff under the above-quoted language of the Contingency Fee Agreement, as amended.

18. Plaintiff attempted to work with Defendant to allow him to "catch up" on his payment obligations without having to bring suit against him. On February 26, 2018, Plaintiff and Defendant entered into a written Settlement Agreement ("2018 Agreement"), which included the following provisions: Defendant confirmed that he was obligated under the

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH  Page 6 of 14

Case 3:19-cv-00043-HRH  Document 1  Filed 02/14/19  Page 6 of 14

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Contingency Fee Contract, as amended, to pay to Plaintiff from his share of the rents paid by BP through calendar year 2036. Plaintiff agreed to refrain from bringing suit against Defendant if Plaintiff received by October 31, 2018, the amount Defendant owed Plaintiff from rent for calendar year 2018 (paid by BP in October 2017), plus interest at 5% per annum. Defendant agreed to pay this amount out of Defendant's share of rent received for calendar year 2019 (to be paid by BP in October 2018). Defendant also agreed to pay Plaintiff the amount Defendant owed from rent for calendar year 2019 (to be paid by BP in October 2018). Defendant agreed again to sign all forms and take all action necessary to give OST direction to make automatic yearly payments to Plaintiff from future rents paid by BP, as authorized by the Loudermilk Decision. Finally, Defendant agreed to pay Plaintiff his full reasonable attorney's fees in the event that Plaintiff prevailed in a suit against Defendant to enforce the 2018 Settlement Agreement.

19. Notwithstanding both Defendant's obligations to Plaintiff under the Contingency Fee Contract, as amended, and Defendant's promises to Plaintiff in the 2018 Settlement Agreement, Plaintiff did not receive payment from OST from Defendant's share of rent for calendar year 2019 (paid by BP in October 2018), which was $43,538.38. On information and belief, after execution of the 2018 Settlement Agreement, Defendant rescinded his direction to OST to pay Plaintiff, in breach of Defendant's obligations to Plaintiff under the above-quoted language of the Contingency Fee Contract, as amended, and Defendant's promises in the 2018 Settlement Agreement.

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH    Page 7 of 14

Case 3:19-cv-00043-HRH   Document 1   Filed 02/14/19   Page 7 of 14

20. Adding the amount that Defendant owed to Plaintiff from rent for calendar year 2018 (paid by BP in October 2017) of $42,323.05 and the amount that Defendant owed to Plaintiff from rent for calendar year 2019 (paid by BP in October 2018) of $43,538.38, the past principal amounts owed by Defendant to Plaintiff is $85,861.43. In addition, under the 2018 Settlement Agreement, Defendant owes to Plaintiff interest of 5% per annum on these amounts, from the date payments were due, and Plaintiff's full reasonable attorney's fees.

21. Plaintiff has fully and completely performed his promises and obligations under the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement. As a result of Plaintiff's efforts, Defendant receives a substantial increase in annual rent from BP.

22. Plaintiff has repeatedly demanded that Defendant direct OST to pay him what is owed, as Defendant is required to do under the Contingency Fee Agreement, as amended, and the 2018 Settlement Agreement, but Defendant has repeatedly refused and failed to do so. On January 7, 2019, Plaintiff sent a final notice to Defendant demanding payment of $85,861.43, plus accrued interest, and advising that this suit would be filed if payment was not received by January 31, 2019.

23. On information and belief, Defendant is insolvent and is unable pay Plaintiff, except from rent to be paid by BP in future calendar years.

24. Plaintiff no longer represents, or serves as an attorney for, the Oenga heirs, including for Defendant.

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH    Page 8 of 14

Case 3:19-cv-00043-HRH   Document 1   Filed 02/14/19   Page 8 of 14

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

## CLAIMS FOR RELIEF

### COUNT I
### (Declaratory Judgment)

25. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

26. There is a genuine and bona fide dispute and an actual controversy and disagreement between Plaintiff and Defendant regarding Defendant's obligations to Plaintiff under the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement.

27. Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff asks that the Court declare as follows:

    a. The Contingency Fee Contract, as amended, and the 2018 Settlement Agreement are valid and enforceable contracts.

    b. Defendant, as successor to Andrew Oenga and as signatory to the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement, is bound by them.

    c. Defendant owes to Plaintiff that percentage of Defendant's share of rents paid through calendar year 2036 (to be paid by BP in October before each calendar year), as provided in the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement.

    d. Defendant is obligated under the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement to direct BP and/or OST to pay to Plaintiff, out of Defendant's share of rent for calendar year 2020 (to be paid by BP in October 2019) the <u>past</u> amount Defendant owes to Plaintiff from rents paid for calendar year 2018 (paid by BP in

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH     Page 9 of 14

Case 3:19-cv-00043-HRH    Document 1    Filed 02/14/19    Page 9 of 14

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

October 2017) and for calendar year 2019 (paid by BP in October 2018), which amounts total $85,861.43, plus accrued interest on each amount of 5% per annum and Plaintiff's full reasonable attorney's fees.

   e. Defendant is obligated under the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement to direct BP and/or OST to make <u>future</u> automatic, annual payments to Plaintiff of Defendant's share of rents to be paid by BP.

## COUNT II
### (Damages for Breach of Contract)

  28. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

  29. Plaintiff is entitled to an award of his damages resulting from Defendant's failure and refusal to pay to Plaintiff the past amounts owed to him under the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement from past rents for calendar year 2018 (paid by BP in October 2017) and for calendar year 2019 (paid by BP in October 2018), which amounts total $85,861.43, plus accrued interest on each amount of 5% per annum and Plaintiff's full reasonable attorney's fees.

## COUNT III
### (Specific Performance for Past Payments Due)

  30. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH Page 10 of 14

Case 3:19-cv-00043-HRH   Document 1   Filed 02/14/19   Page 10 of 14

31. Plaintiff has no adequate remedy at law to enforce the Defendant's obligations to pay him the amounts owed from past rents, because Defendant is insolvent and unable to pay Plaintiff except from future rent to be paid by BP in future calendar years.

32. Plaintiff is entitled to the remedy of specific performance of the terms of the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement regarding payments owed from past rents. In particular, Plaintiff is entitled to an order of the Court requiring Defendant to instruct BP and/or OST to pay to Plaintiff, out of the rent for calendar year 2020 (to be paid by BP in October 2019), the amounts Defendant owes to Plaintiff from past rents received for calendar year 2018 (paid by BP in October 2017) and for calendar year 2019 (paid by BP in October 2018), which amounts total $85,861.43, plus accrued interest on each amount at 5% per annum and Plaintiff's full reasonable attorney's fees.

### COUNT IV
### (Specific Performance for Future Payments Due)

33. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

34. Plaintiff has no adequate remedy at law to enforce the Defendant's obligations to pay him the amounts owed from future rents because a legal remedy of damages would require Plaintiff to bring multiple lawsuits for payments owed from rents paid by PB for future calendar years.

35. Plaintiff is entitled to the remedy of specific performance of the terms of the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement regarding

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH   Page 11 of 14

Case 3:19-cv-00043-HRH   Document 1   Filed 02/14/19   Page 11 of 14

payments that will be owed from future rents. In particular, Plaintiff is entitled to an order of the Court requiring Defendant to instruct BP and/or OST to make future automatic, annual payments to Plaintiff of out of Defendant's share of rents to be paid by BP in October of each year for the following calendar year, through calendar year 2036.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Raymond C. Givens asks for the following relief against Defendant Wallace Oenga:

1. The Court should declare as follows:

    a. The Contingency Fee Contract, as amended, and the 2018 Settlement Agreement are valid and enforceable contracts.

    b. Defendant, as successor to Andrew Oenga and as signatory to the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement, is bound by them.

    c. Defendant owes to Plaintiff that percentage of Defendant's share of rents paid through calendar year 2036 (to be paid by BP in October before each calendar year), as provided in the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement.

    d. Defendant is obligated under the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement to direct BP and/or OST to pay to Plaintiff, out of Defendant's share of rent for calendar year 2020 (to be paid by BP in October 2019) the past amounts Defendant owes to Plaintiff from rents paid for calendar year 2018 (paid by BP in October 2017) and for calendar year 2019 (paid by BP in October 2018), which amounts total

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH           Page 12 of 14

Case 3:19-cv-00043-HRH   Document 1   Filed 02/14/19   Page 12 of 14

$85,861.43, plus accrued interest on each amount of 5% per annum and Plaintiff's full reasonable attorney's fees.

  e. Defendant is obligated under the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement to direct BP and/or OST to make <u>future</u> automatic, annual payments to Plaintiff of Defendant's share of rents to be paid by BP.

 2. The Court should award Plaintiff his damages resulting from Defendant's failure and refusal to pay to Plaintiff the past amounts owed to him under the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement from past rents for calendar year 2018 (paid by BP in October 2017) and for calendar year 2019 (paid by BP in October 2018), which amounts total $85,861.43, plus accrued interest on each amount of 5% per annum and Plaintiff's full reasonable attorney's fees.

 3. The Court should enter an order of specific performance requiring Defendant to instruct BP and/or OST to pay to Plaintiff, out of the rent for calendar year 2020 (to be paid by BP in October 2019), the amounts Defendant owes to Plaintiff under the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement from <u>past</u> rents received for calendar year 2018 (paid by BP in October 2017) and for calendar year 2019 (paid by BP in October 2018), in the total amount of $85,861.43, plus accrued interest on each amount of 5% per annum and Plaintiff's full reasonable attorney's fees.

 4. The Court should enter an order of specific performance requiring Defendant to instruct BP and/or OST to make <u>future</u> automatic, annual payments to Plaintiff of the amounts owed to him under the Contingency Fee Contract, as amended, and the 2018 Settlement

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH Page 13 of 14

Case 3:19-cv-00043-HRH Document 1 Filed 02/14/19 Page 13 of 14

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Agreement out of Defendant's share of rents to be paid by BP in October of each year for the following calendar year, through calendar year 2036.

5. The Court should award Plaintiff his costs and attorney's fees in having to bring this action.

6. The Court should grant to Plaintiff such other relief as appears just.

Dated at Anchorage, Alaska, this 14th day of February, 2019.

                WINNER & ASSOCIATES, P.C.
                Attorneys for the Plaintiff Raymond C. Givens

By:   s/ Russell L. Winner
       900 West Fifth Avenue, Suite 700
       Anchorage, Alaska 99501
       Phone: (907) 277-9522
       Fax: (907) 277-4510
       E-mail: rwinner@winnerlaw.com
       ABA No. 7811149

COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH     Page 14 of 14

Case 3:19-cv-00043-HRH    Document 1    Filed 02/14/19    Page 14 of 14