RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com

Attorneys for Plaintiff Raymond Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>    Plaintiff,<br><br>v.<br><br>WALLACE OENGA,<br><br>    Defendant. | **DECLARATION<br>OF RAYMOND C. GIVENS**<br><br>**THIS DECLARATION AND ITS 16 EXHIBITS ARE REDACTED, PURSUANT TO COURT ORDER, FOR FILING IN THE PUBLIC RECORD**<br><br>Case No. 3:19-cv-00043-HRH |

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am the Plaintiff in this action. I make this declaration in support of Plaintiff's Motion for Default Judgment, filed herewith.

2. This declaration and its Exhibits 1 through 16, attached hereto, are provided as support for, and are consistent with the following: (1) my Complaint for Declaratory Judgment, Damages, and Specific Performance; and (2) the Memorandum in Support of Motion for Default Judgment, filed herewith.

FILED UNDER SEAL
[PROPOSED] DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH    Page 1 of 15

Case 3:19-cv-00043-HRH   Document 25   Filed 05/16/19   Page 1 of 15

3. On October 31, 2003, I, as an attorney doing business as Givens Law Firm, entered into a Contingency Fee Contract with the heirs of Andrew Oenga, which heirs included Defendant Wallace Oenga. A true and correct copy of that contract is attached hereto as Exhibit 1. The Contingent Fee Contract concerned the claims of the Oenga heirs, including Defendant, against the U.S. Bureau of Indian Affairs ("BIA") for breach of its fiduciary duties to them in approving a lease to BP Exploration Alaska, Inc. ("BP"), of a restricted Native Allotment F14632, Parcel B ("Allotment"), located at Point Heald, east of Prudhoe Bay, Alaska. The Allotment had previously been conveyed to Andrew Oenga. When he died, he left his interest in the Allotment to his heirs ("Oenga hiers"), including Defendant. Defendant was one of Andrew Oenga's sons, and he has a ▇ share in the Allotment. See Exhibit 7 at 3, which is a true and correct copy of that Settlement Agreement and Release of All Claims, by and between the Oenga heirs, BP, and the United States.

4. The Oenga heirs, including Defendant, came to believe the rental payments approved by the BIA were too low. However, they had difficulty finding an attorney to represent their interests against the BIA. They could not afford to pay an attorney on an hourly basis. The Oenga heirs, including Defendant, had approached a number of other attorneys to represent them in this matter on a contingent-fee basis. They all refused, given the perceived risk and difficulty of the case.

5. I, however, agreed to represent the Oenga heirs, including Defendant, under the Contingency Fee Contract, referenced above. The contract was signed by all the Oenga heirs, including by Defendant. Under that contract, Defendant agreed to pay to me between ▇

FILED UNDER SEAL
[PROPOSED] DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH    Page 2 of 15

▓, on a sliding scale, from their share of any lump sum recovery for an increase in past rent owed and from any future rent increases under the lease or any extended term thereof. Contingency Fee Contract, ¶ 2; Exhibit 1, at 1.

6. After three years of investigation, research, and unsuccessful negotiations with the BIA to attempt to increase the rent received from the Allotment, in 2006, I filed suit on behalf of the Oenga heirs, including Defendant, in the Court of Federal Claims ("CFC") against the United States. Plaintiff filed the suit with the CFC instead of with the United States District Court for the District of Alaska so that the Oenga heirs, including Defendant, could claim not only for increased future rent but also for increased past rent. Thereafter, BP and its sublessees, which were Exxon Mobil Alaska Production, Inc.; ConocoPhillips Alaska, Inc.; and ARCO, intervened in the CFC action on the side of the United States. *Wallace Oenga, et al. v. United States of America, and Intervenors BP Exploration, et al.*, United States Court of Claims, Case No. 06-0491-NBF ("CFC Action"). The CFC Action was actively litigated by all parties.

7. I devoted thousands of hours to representing the Oenga heirs, including Defendant, in the CFC Action, and I took great professional and personal financial risk in doing so. A successful outcome was by no means assured in this litigation. I essentially dropped all other cases in my legal practice to work exclusively on this matter. I personally advanced nearly ▓ in costs.

8. After extensive discovery (including thousands of pages of written discovery, and depositions across the country from Florida and New Orleans to Seattle, Anchorage and Barrow, now Utqiagvik), substantial motion practice, and failed settlement discussions, a two-

FILED UNDER SEAL
[PROPOSED] DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH   Page 3 of 15

Case 3:19-cv-00043-HRH   Document 25   Filed 05/16/19   Page 3 of 15

week trial was held in the CFC Action in July 2010. Based on a written opinion of 168 pages, issued under seal on November 22, 2010, the CFC issued its Final Decision and Judgment in favor of the Oenga heirs, including Defendant, on February 8, 2011, awarding to them $4.9 million. A true and correct copy of that Final Decision is attached hereto as Exhibit 2. That judgment was appealed by all parties.

9. In addition to the matter before the CFC, I had filed various administrative proceedings on behalf of the Oenga heirs, including on behalf of Defendant, with the Interior Board of Indian Appeals within the U.S. Department of the Interior ("Interior"), which proceedings were stayed during the CFC Action.

10. On the basis of CFC's ruling, the parties again entered into settlement discussions. The discussions were successful this time, and on June 23, 2011, the parties signed a Confidential Term Sheet, under which the Oenga heirs, including Defendant, would receive a lump sum payment of ▮▮▮ and annual rental payments until year ▮▮▮, to be adjusted yearly based on increases in the consumer price index. This lump-sum payment was nearly ▮▮ times larger than the CFC judgment. The rental increase constituted an approximately ▮▮▮ increase in yearly rent. A true and correct copy of the Confidential Term Sheet is attached hereto as Exhibit 3. The Term Sheet stated, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Exhibit 3, at 2. The Term Sheet was signed by me, on behalf of the Oenga heirs, including Defendant; an attorney for the United States; and an attorney for BP and its lessees.

FILED UNDER SEAL
[PROPOSED] DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH     Page 4 of 15

Case 3:19-cv-00043-HRH    Document 25    Filed 05/16/19    Page 4 of 15

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

11. On August 5, 2011, the Oenga heirs, including Defendant, and I signed a written Contingency Fee Contract First Amendment. A true and correct copy of that amendment is attached hereto as Exhibit 4. Under it, we agreed to replace Paragraph 2 of the original Contingency Fee Contract with a new Paragraph 2 that substituted the sliding scale of the original contract with payment to me of ▆▆ of the lump-sum settlement and 25% of the full amount ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ of future rents through any extended term of the lease. The purpose and result of this amendment was to simplify the calculation of attorney's fees due to me, and to slightly reduce those fees, thus being in the clients' interest. Paragraph 2 further provided:



Exhibit 4, at 2 (emphasis added). Thus, under the Contingency Fee Agreement First Amendment, Defendant promised to pay to me 25% of Defendant's ▆▆ share of future annual rent from BP. Further, Defendant promised to direct BP and/or the United States, which would include the BIA and the U.S. Department of the Interior, Office of Special Trustee ("OST"), to make those payments directly to me.

12. On May 24, 2012, at the request of the BIA, I agreed to a further reduction of my attorney's fees, in a document titled Fee/Cost Reduction Agreement. A true and correct copy of that agreement is attached hereto as Exhibit 5. Again, that agreement was in the clients' interest. In it, I agreed to have my costs taken "off the top" of the lump sum settlement, instead

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

FILED UNDER SEAL
[PROPOSED] DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH   Page 5 of 15

Case 3:19-cv-00043-HRH   Document 25   Filed 05/16/19   Page 5 of 15

of out of the clients' share of that payment, thereby reducing amount upon which my contingent fee was determined. The Oenga heirs, including Defendant, again confirmed in the Fee/Cost Reduction Agreement that I was to be paid 25% from future lease payments. The Fee/Cost Reduction Agreement stated:



Exhibit 5, at 2. The Fee/Cost Reduction Agreement was signed by the Oenga heirs, including by Defendant. Thus, in the Fee/Cost Reduction Agreement, Defendant confirmed his promise to pay me 25% of his ▇▇▇ share of the total annual rent received from BP. The Fee/Cost Reduction Agreement did not modify the above-quoted promise of the Oenga heirs, including Defendant, in the Contingency Fee Contract First Amendment to direct BP and/or the United States, including any subdivision thereof, to pay Plaintiff directly from the future rents when due. Even after these payments to me for my attorney's fee, Defendant's net rental receipts were much greater than they had been earlier.

13. As required by the Contingent Fee Contract, as amended, on May 24, 2012, Defendant wrote to the BIA and OST, directing them to make payment to me of 25% of Defendant's ▇▇▇ share of the rent that BP paid to the BIA for the Allotment, and that was deposited in Defendant's Individual Indian Money ("IIM") account. A true and correct copy of Defendant's letter to the BIA and OST and Defendant's confidential Form OST 01-004, are attached hereto as Exhibit 6. In the letter, Defendant directed the BIA and OST to make the

FILED UNDER SEAL
[PROPOSED] DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH        Page 6 of 15

Case 3:19-cv-00043-HRH   Document 25   Filed 05/16/19   Page 6 of 15

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

payments to me "*each year, without further authorization from me*." (Underlining and italics in original.) Exhibit 6, at 1. Based on this direction, OST paid to me the amount that I was owed by Defendant from BP's rent for calendar years 2012 and 2013.

14. On May 30, 2012, BP and its sublessees, the United States, the Oenga heirs, including Defendant, and I entered into a Settlement Agreement and Release of All Claims ("Settlement Agreement"), resolving all claims that I had brought on behalf of the Oenga heirs, including Defendant, against the United States. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 7. The Settlement Agreement was signed by the Oenga heirs, including by Defendant. The Settlement Agreement expressly acknowledged my right, consistent with the Contingent Fee Contract, as amended, to receive payment for my fees from future rents paid on the Allotment. The Settlement Agreement at Paragraph 18 stated that no party has ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Exhibit 7, at 22. Then, in recognition of my rights under the Contingency Fee Contract, as amended, Paragraph 18 of the Settlement Agreement provided: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Exhibit 7, at 22-23. The terms "Amended Lease" and "Replacement Lease" are defined below.

FILED UNDER SEAL
[PROPOSED] DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH    Page 7 of 15

Case 3:19-cv-00043-HRH    Document 25    Filed 05/16/19    Page 7 of 15

15. On June 18, 2012, BP, the BIA, and the Oenga heirs, including Defendant, entered into an amendment to the original lease of the Allotment, said amendment being titled 2011 Amendment to BIA Lease No. F-89-01 ("Amended Lease"). A true and correct copy of the Amended Lease is attached as Exhibit 8. Consistent with the Confidential Term Sheet discussed above, the Amended Lease provided for an approximately ▮▮▮ increase in rental payments by BP through 2013, as a result of my legal efforts on behalf of the Oenga heirs, including Defendant. Amended Lease ¶ 4; Exhibit 8, at 3-4.

16. Also on June 18, 2012, BP, BP's sublessees, the BIA, and the Oenga heirs, including Defendant, entered into a replacement lease of the Allotment, titled Lease Agreement ("Replacement Lease"). A true and correct copy of the Replacement Lease is attached hereto as Exhibit 9. As with the Amended Lease, the Replacement Lease provided for a lease term through ▮▮▮ Replacement Lease ¶ 1; Exhibit 9, at 2. Consistent with the Confidential Term Sheet and the Amended Lease, BP agreed under the Replacement Lease to an approximately ▮▮▮ increase its annual rental payments for the Allotment, again reflecting my success in representing the interests of the Oenga heirs, including Defendant. Replacement Lease ¶ 3; Exhibit 9, at 2. Under the Replacement Lease, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

FILED UNDER SEAL
[PROPOSED] DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 8 of 15

Case 3:19-cv-00043-HRH    Document 25    Filed 05/16/19    Page 8 of 15

17. As noted above, initially Defendant, along with the other Oenga heirs, acted consistent with his obligations to me under the Contingent Fee Contract, as amended. On May 24, 2012, Defendant wrote to the BIA and OST, directing them to make payment to me of 25% of his ▓ share of the rent that BP paid to the BIA, which was deposited in Defendant's IIM account. Exhibit 6. Likewise, on October 16, 2013, Defendant again signed Form OST 01-004 directing OST to pay to me 25% of Defendant's ▓ share of BP's rent for calendar year 2014 (paid by BP in October 2013) and for future years. A true and correct copy of this form is attached as Exhibit 10. Based on this, OST paid to me the amount that I was owed by Defendant from BP's rent for calendar year 2014.

18. Again, consistent with Defendant's obligations under the Contingent Fee Contract, as amended, on October 14, 2014, Defendant wrote to both the BIA and OST, directing them to make payments to me of 25% of Defendant's ▓ share of BP's rent for calendar year 2015 and for future years, "<u>without further authorization or documentation from me</u>." (Underlining in original.) Accompanying that letter was Form OST 01-004, signed by Defendant, directing payment to me of 25% of Defendant's ▓ share of BP's 2015 rent (paid in October 2014), and directing such payment to me from future rents. True and correct copies of this letter and form are attached hereto as Exhibit 11. Based on this, OST paid to me the amount that I was owed by Defendant from BP's rent for calendar year 2015.

FILED UNDER SEAL
[PROPOSED] DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH     Page 9 of 15

19. On August 20, 2015, Weldon B. Loudermilk, Regional Director of the BIA Alaska Region, issued a written letter decision ("Loudermilk Decision"), which he sent to my attorney, Russell Winner. A true and correct copy of the Loudermilk Decision is attached hereto as Exhibit 12. The decision was issued in response to my request that the BIA and OST make automatic yearly payments to me, as had been directed by the Oenga heirs, including by Defendant, from rents paid by BP for the Allotment. The Loudermilk Decision agreed that automatic yearly payments should be made to me from the IIM accounts of the Oenga heirs, including Defendant, upon their direction that such automatic payments be made. The decision stated:

> The annual lease payments are made to and are distributed by OST to each eligible allotment owners' respective IIM accounts. As such, it is the responsibility and legal control of the Oenga heirs to pay the annual attorney fees to Mr. Givens as signed by each person in the fee contracts/amendments.

Exhibit 12, at 3. The Loudermilk Decision then stated:

> If the Oenga heirs properly filed a Form OST 01-004 with OST that authorizes third party payments to Mr. Givens, OST will process these requests without requiring a newly signed form each year.

Exhibit 12, at 4-5.

20. Based on the Loudermilk Decision and the standing direction by Defendant for annual automatic payments to me, OST made annual payments to me of the amounts owed by Defendant for calendar year 2016 (paid by BP in October 2015) and for calendar year 2017 (paid by BP in October 2016).

FILED UNDER SEAL
[PROPOSED] DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH        Page 10 of 15

Case 3:19-cv-00043-HRH   Document 25   Filed 05/16/19   Page 10 of 15

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

21. The, however, things changed regarding Defendant, in contrast to the other Oenga heirs. I did not receive 25% of Defendant's ▇ share of rent for calendar year 2018 (paid by BP in October 2017), which was ▇▇▇. Defendant told me that this was because Defendant had revoked his direction to OST to make annual payments to me, that the funds for calendar year 2018 were paid directly by OST to Defendant, that Defendant had already spent the funds, and that Defendant was unable to pay what he owed to me. This constituted a breach by Defendant of his obligations to me under the Contingent Fee Contract, as amended. On July 28, 2017, again on November 1, 2017, and again on December 5, 2017, I sent an invoice and past due notices to Defendant for the above amount owed for calendar year 2018. True and correct copies of this invoice and notices are attached as Exhibit 13. Neither Defendant nor OST has made this payment to me.

22. I attempted to work with Defendant to allow him to "catch up" on is payment obligations without having to bring suit against him. On February 26, 2018, Defendant and I entered into an agreement, titled Settlement Agreement ("2018 Settlement Agreement"). A true and correct copy of this agreement is attached hereto as Exhibit 14. Under it, Defendant confirmed that he was obligated under the Contingency Fee Contract, as amended, to pay to me 25% of Defendant's ▇ of the rents from BP through 2036. 2018 Settlement Agreement ¶ 1; Exhibit 14, at 4. Defendant agreed to sign a Confession of Judgment Without Action for the amount he owed to me for rent for calendar year 2018 (paid by BP in October 2017). 2018 Settlement Agreement ¶ 2; Exhibit 14, at 5. I agreed to refrain from bringing suit against Defendant if I received by October 31, 2018, the amount Defendant owed to me from rent for

FILED UNDER SEAL
[PROPOSED] DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH

calendar year 2018, plus interest. 2018 Settlement Agreement ¶ 3; Exhibit 14, at 5. Defendant agreed in the 2018 Settlement Agreement to pay me out of Defendant's share of rent for calendar year 2019 (to be paid by BP in October 2018) the amount Defendant owed to me under the Contingent Fee Agreement, as amended, for rent for calendar year 2018 (paid by BP in October 2017) and for rent for calendar year 2019. 2018 Settlement Agreement ¶ 5; Exhibit 14, at 5. Significantly, Defendant again agreed in the 2018 Settlement Agreement to sign all forms and take all action necessary to direct the BIA and OST to make automatic and recurring yearly payments to me from rents paid by BP, as authorized by the Laudermilk decision, and to not rescind or withdraw those directions:

> **Upon execution of this Settlement Agreement, Wallace Oenga agrees to sign all forms and take all action necessary to give written instructions to Interior, including OST and the BIA, to automatically make recurring, yearly and direct payments to Givens from rent received from BP for the Allotment, through year ▬. Further, Wallace Oenga agrees that he will not rescind or withdraw those instructions to Interior, including OST and the BIA.**

2018 Settlement Agreement ¶ 6; Exhibit 14, at 5 (emphasis added). Finally, Defendant agreed to pay to me my full reasonable attorney's fees in the event that I prevailed in a suit against Defendant to enforce the 2018 Settlement Agreement. 2018 Settlement Agreement ¶ 10; Exhibit 14, at 6. True and correct copies of the above-referenced Confession of Judgment and instructions to OST, both dated and signed by Defendant on February 26, 2018, are included with the attached Exhibit 13, at 9-11.

23. Notwithstanding Defendant's obligations to me under the Contingent Fee Contract, as amended, and the 2018 Settlement Agreement, I did not receive payment from

FILED UNDER SEAL
[PROPOSED] DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH     Page 12 of 15

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

OST from Defendant's share of rent for calendar year 2019 (paid by BP in October 2018), which was $43,538.38. It is apparent that after execution of the 2018 Settlement Agreement, Defendant rescinded his instructions to the BIA and OST to pay me, in breach of Defendant's obligations to me under the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement.

24. Adding the amount that Defendant owed to me from rent for calendar year 2018 (paid by BP in October 2017) of $42,323.05 and the amount that Defendant owed to me from rent for calendar year 2019 (paid by BP in October 2018) of $43,538.38, the past principal amounts owed by Defendant to me is $85,861.43. In addition, under the 2018 Settlement Agreement, Defendant owes to me interest of 5% per annum on these amounts, from the date payments were due, and my full reasonable attorney's fees.

25. I have fully and completely performed all of my promises and obligations under the Contingency Fee Contract, as amended, and the 2018 Settlement Agreement. As a result of my efforts, Defendant receives a substantial increase in annual rent from BP.

26. I have repeatedly demanded that Defendant direct OST to pay me what is owed, as Defendant is required to do under the Contingency Fee Agreement, as amended, and the 2018 Settlement Agreement, but Defendant has repeatedly refused and failed to do so. On January 7, 2019, I sent a final notice to Defendant demanding payment of $85,861.43, plus accrued interest, and advising that this suit would be filed if payment was not received by January 31, 2019. A true and correct copy of that letter is attached as Exhibit 15. I received no response from Defendant and I have not received that payment.

FILED UNDER SEAL
[PROPOSED] DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH   Page 13 of 15

Case 3:19-cv-00043-HRH   Document 25   Filed 05/16/19   Page 13 of 15

27. Based on my communications with Defendant, it is my understanding and belief that he is insolvent and is unable pay me, except from rent to be paid by BP in future calendar years.

28. I am 73 years old and am now retired from the practice of law. I no longer represent, or serve as an attorney for, the Oenga heirs, including for Defendant. All of the fees due here and in the future are fees due for past services previously rendered, payment of which was simply deferred until the annual rent payments were made by BP.

29. None of the legal services that I performed for the Oenga heirs, including for Defendant required membership in, or association with a member of, the Alaska Bar Association. I confirmed this with the Alaska Bar Association before representing the Oenga heirs, including Defendant.

30. Defendant is not a minor, nor an incompetent person, nor a member of the military services of the United States.

31. To assist the Court, a timeline of the above-mentioned dates, exhibits, and events is attached as Exhibit 16.

32. I am asking the Court to enter an order of specific performance with its default judgment. The timing is of importance. Under the Replacement Lease, discussed above, the deadline for BP to pay the BIA for 2020 rent is October 15, 2019. However, that payment can be, and in the past has been, made earlier than October 15th. Accordingly, Plaintiff asks the Court to enter default judgment, including an award of specific performance, with reasonable

FILED UNDER SEAL
[PROPOSED] DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH  Page 14 of 15

Case 3:19-cv-00043-HRH   Document 25   Filed 05/16/19   Page 14 of 15

deadlines sufficient to act before BP makes its payment this fall to the BIA for 2020 rent. Realistically, Plaintiff believes that may happen by September 1, 2019.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 1st day of May, 2019, at Tucson, Arizona.

s/ Raymond C. Givens

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

FILED UNDER SEAL
[PROPOSED] DECLARATION OF RAYMOND C. GIVENS
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH