## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into the last date signed below by and between Raymond C. Givens, dba Givens Law Firm ("Givens"), whose address is 302 Third Avenue South, Kirkland, Washington 98033, and Wallace Oenga, whose address is P.O. Box 91058, Atquasuk, Alaska 99791.

### Recitals

A. On October 31, 2003, Givens entered into a Contingent Fee Contract with the heirs of Andrew Oenga, which heirs included Wallace Oenga. The contract concerned the claims of the Oenga heirs, including Wallace Oenga, against the U.S. Bureau of Indian Affairs ("BIA") for breach of its fiduciary duty to them in approving a lease to BP Exploration Alaska, Inc. ("BP"), of a restricted Native Allotment F14632, Parcel B ("Allotment"), located at Point Heald, east of Prudhoe Bay, Alaska. The Allotment had previously been conveyed to Andrew Oenga; and he had died, leaving his interest in the Allotment to his heirs, including Wallace Oenga. Before entering into the Contingent Fee Contract with Givens, the Oenga heirs, including Wallace Oenga, had approached other attorneys to represent them in this matter, and these attorneys refused, given the perceived difficulty of the case. Under the Contingent Fee Contract, Givens was to receive between ▮▮▮▮▮ on a sliding scale, from any *lump sum recovery* and *future rent increases* resulting from his representation. The Contingency Fee Contract stated that Givens was to receive payment from "increase in lease payments under the Lease Agreement or extended term, from the date hereof and into the future, which are brought about through a modification, reformation, or cancellation of the Lease Agreement or otherwise," with the amount owed to Givens to be a lien upon any sums received in settlement or payment in the case. Contingency Fee Contract, ¶ 2. The Contingency Fee Contract was signed by the Oenga heirs, including by Wallace Oenga.

B. In 2006, Givens filed suit on behalf of the Oenga heirs, including Wallace Oenga, in the Court of Federal Claims ("CFC") against the United States. Thereafter, BP and its sublessees, ExxonMobil, ConocoPhillips, and ARCO, intervened in the CFC action on the side of the United States. *Wallace Oenga, et al. v. United States of America, and Intervenors BP Exploration, et al.*, United States Court of Claims, Case No. 06-0491-NBF. The case was aggressively litigated by all parties. Givens devoted thousands of hours to this case, and he took great professional and personal financial risk in doing so. Givens essentially dropped all other cases in his practice to work exclusively on this matter. He personally advanced nearly ▮▮▮▮▮ in costs.

C. After extensive discovery (including thousands of pages of written discovery, and depositions across the country from Florida and New Orleans to Seattle, Anchorage and Barrow, now Utqiagvik), substantial motion practice, and failed settlement discussions, a two-week trial

was held before the CFC in July 2010. In February 2011, the CFC issued its final decision and judgment in favor of the Oenga heirs, including Wallace Oenga, awarding them $4.9 million. That judgment was appealed by all parties.

D. In addition to the matter before the CFC, Givens had filed various administrative proceedings on behalf of the Oenga heirs with the Interior Board of Indian Appeals within the U.S. Department of the Interior, which proceedings were stayed during the CFC proceeding. In addition, Givens had filed various administrative matters with the BIA and various state agencies.

E. On the basis of CFC's ruling, the parties again entered into settlement discussions. The discussions were successful this time, and in June 2011 the parties agreed that the Oenga heirs, including Wallace Oenga, would receive a lump sum payment of ▇▇▇ and an approximately ▇▇▇ increase in future yearly rents.

F. On August 5, 2011, Givens and the Oenga heirs, including Wallace Oenga, signed a written Contingency Fee Contract First Amendment. Under the amendment, the parties agreed to replace paragraph 2 of the original Contingency Fee Contract with a new paragraph 2 that substituted the sliding scale with payment to Givens of ▇▇ of the lump-sum settlement and 25% of the full amount ▇▇▇ of future rents through ▇▇. The purpose and result of this amendment was to simplify the calculation of attorney's fees due to Givens, and to slightly reduce those fees, thus being in the clients' interest. The Contingency Fee Agreement First Amendment stated expressly that Givens was to receive payment of "25% of annual rent on Alaska Native Allotment F-14632 paid for both the 2012-2013 inclusive period and *for the extended term period of 2014-▇▇ inclusive.*" Contingency Fee Contract First Amendment ¶ 2 (emphasis added). The amendment was signed by all the Oenga heirs, including by Wallace Oenga.

G. On May 24, 2012, at the request of the BIA, Givens agreed to a further reduction of his attorney's fees, in a document titled Fee/Cost Reduction Agreement. Again, this agreement was in the clients' interest. In this agreement, Givens agreed to have his costs taken "off the top" of the lump sum settlement, instead of out of the clients' share of that payment. The Oenga heirs, including Wallace Oenga, again confirmed in the Fee/Cost Reduction Agreement that Givens was to be paid 25% from future lease extension payments. The Fee/Cost Reduction Agreement stated:

> FURTHER, it is mutually agreed and understood that the contingency fee due on *future rents*, which was specifically provided for in both the original Contingency Fee Contract and the First Amendment thereof, remain due each year as a 25% fee of the total rent received each year due as compensation for the attorney's work in securing the increased rent amount.

SETTLEMENT AGREEMENT
Page 2 of 6

(Emphasis added.) The Fee/Cost Reduction Agreement was signed by the Oenga heirs, including by Wallace Oenga. (Hereinafter, the Contingency Fee Contract, as modified by the Contingency Fee Contract First Amendment and the Fee/Cost Reduction Agreement, shall be collectively referred to as the "Contingent Fee Agreement.")

H. On June 18, 2012, BP, the BIA, and the Oenga heirs, including Wallace Oenga, signed a revised Lease Agreement, under which BP agreed to increase its rental payments for the Allotment by more than seven fold. The lease runs through ▉

I. Subsequent to entering into the Contingent Fee Agreement, all of the Oenga heirs, including Wallace Oenga, acknowledged Givens' right to receive 25% of *future rent* on the Allotment, as required by the Agreement, and have paid past amounts due to Givens.

J. Wallace Oenga has a ▉ interest in the Allotment, and he is accordingly entitled to 24% of the annual rent paid by BP.

K. On May 24, 2012, Wallace Oenga signed a Distribution Itemization, expressly acknowledging the obligation to pay Givens 25% from *future rents* received by him.

L. On October 14, 2014, Wallace Oenga signed and sent a letter to both the BIA and Office of Special Trustee, U.S. Department of the Interior ("OST"), directing them to make payments to Givens of 25% of the monies that Wallace Oenga received in his Individual Indian Money ("IIM") account from rent paid by BP for the Allotment for each year through ▉ There, Wallace Oenga directed that such payment be made "*without further authorization or documentation from me*" (emphasis in original).

M. On October 21, 2014, Wallace Oenga signed OST Form 01-004, which was a form prepared by OST. There, Wallace Oenga directed OST to pay Givens, out of Wallace Oenga's IIM Account, the amount he owed to Givens from future rent received by him from BP for the Allotment. In that form, Wallace Oenga stated:

> I request that my IIM funds be disbursed as follows: Pay ▉, to Raymond C. Givens of Givens Law Firm in Oct. 2014 for 2015 and 2015 rents *and 25% of future annual rents on current lease of Native Allotment F-14632.*

(Emphasis added.)

N. On August 20, 2015, Givens received a copy of the decision of Weldon B. Loudermilk, Regional Director of the BIA Alaska Region. The decision was issued in response to Givens' petition requesting that the BIA and OST make automatic yearly payments to him, as had been requested by the Oenga heirs, including Wallace Oenga, from rent paid by BP for the Allotment. Mr. Loudermilk's decision agreed that automatic yearly payments should be made to

SETTLEMENT AGREEMENT
Page 3 of 6

Givens from the IIM accounts of the Oenga heirs, including Wallace Oenga, upon their request that such payments be made. The decision stated:

> The annual lease payments are made to and are distributed by OST to each eligible allotment owners' respective IIM accounts. As such, *it is the responsibility and legal control of the Oenga heirs to pay the annual attorney fees to Mr. Givens as signed by each person in the fee contracts/amendments.*

(Emphasis added.) BIA's decision then stated:

> If the Oenga heirs properly filed a Form OST 01-004 with OST that authorizes third party payments to Mr. Givens, OST will process these requests without requiring a newly signed form each year.

O. Givens has received payment from all the Oenga heirs, except from Wallace Oenga, from rent for the Allotment paid by BP, received in October 2017 for rental year 2018.

P. Wallace Oenga currently owes, but has not paid, Givens ▊▊▊ plus accrued interest, from his share of rent for the Allotment paid by BP in in October 2017 for rental year 2018, as required by the Contingent Fee Agreement. Wallace Oenga informed Givens that he currently lacks the funds to make this payment to Givens.

Q. On information and belief, Wallace Oenga revoked his directions to the BIA and OST of October 14, 2014, and of October 21, 2014, to automatically pay Givens 25% of his share of future rents that he will receive from BP.

R. Wallace Oenga acknowledges his obligation to bring current his payments to Givens and to instruct the BIA and OST to make direct automatic payments Givens in the future.

S. Rather than engage in litigation over this matter, Wallace Oenga and Givens wish to enter into a Settlement Agreement on the terms recited below.

NOW, THEREFORE, in consideration of the mutual promises made in this Agreement, the receipt and sufficiency of which are acknowledged by both parties, Raymond C. Givens, dba Givens Law Firm, and Wallace Oenga agree as follows:

1. Wallace Oenga confirms, acknowledges and agrees that he is obligated, under his attorney's fee contract with Givens, to pay to Givens 25% of Wallace Oenga's ▊▊ share of all rent payments made by BP for its lease of the Allotment, through year ▊▊. Additionally, the parties confirm, acknowledge and agree that this obligation runs with Wallace Oenga's interest in the Allotment, and the obligations and benefits of both the attorney's fee contract and this Settlement Agreement obligate and benefit the parties' heirs and assigns.

SETTLEMENT AGREEMENT
Page 4 of 6

2. Upon execution of this Settlement Agreement, Wallace Oenga agrees to sign before a notary public a Confession of Judgment Without Action, in a form substantially similar to Exhibit 1 hereto, regarding the amount owed by him to Givens, under the attorney's fee contract, from rent paid by BP in October 2017 for rental year 2018.

3. Givens agrees to refrain from bringing suit against Wallace Oenga for his non-payment of attorney's fees from rent paid by BP in October 2017 for rental year 2018, or from filing with the court the Confession of Judgment Without Action, identified at Paragraph 2 above, regarding the same obligation of Wallace Oenga, if, on or before **October, 31, 2018**, Givens receives the amount Wallace Oenga owes to Givens from rent paid by BP in October 2017 for rental year 2018, in the principal amount of ▮ plus prejudgment interest at the statutory rate of 5%, calculated from November 1, 2017, until the date of payment made to Givens. By way of example, if that payment is made by Wallace Oenga to Givens on October 31, 2018, the total amount owed will be ▮.

4. Wallace Oenga acknowledges that if he fails to timely pay, or to direct the U.S. Department of the Interior ("Interior"), including the Office of Special Trustee ("OST") and the Bureau of Indian Affairs ("BIA"), to timely pay, Givens the amount identified at Paragraph 3 above, Givens will have the right to file with the court the Confession of Judgment Without Action, identified at Paragraph 2 above, which confesses judgment not only for the principal and interest, identified at Paragraph 3 above, but also confesses judgment for Givens' costs, under Alaska Civil Rule 79, and his prevailing-party attorney's fees, under Alaska Civil Rule 82, for a likely total judgment against Wallace Oenga in excess of ▮ Wallace Oenga further acknowledges that he can avoid paying this higher amount if he makes or directs payment to Givens of the amount discussed at paragraph 3 above, to be received by Givens by October 31, 2018.

5. Wallace Oenga agrees to bring current his payment obligations to Givens, by paying him, or directing payment to him, to be received by Givens on or before October 31, 2018, both: (1) the amount of principal and interest owed to Givens out of BP's payment of rent in October 2017 for year 2018, in the amount identified at paragraph 3 above; and (2) the amount that will be owed to Givens out of BP's expected payment of rent in October 2018 for year 2019.

6. Upon execution of this Settlement Agreement, Wallace Oenga agrees to sign all forms and take all action necessary to give written instructions to Interior, including OST and the BIA, to automatically make recurring, yearly and direct payments to Givens from rent received from BP for the Allotment, through year ▮ Further, Wallace Oenga agrees that he will not rescind or withdraw those instructions to Interior, including OST and the BIA. Wallace Oenga acknowledges and agrees that his violation of the obligations of this Paragraph will constitute a material breach of this Settlement Agreement, giving rise to a suit by Givens against Wallace Oenga for all available remedies, including, without limitation, for injunctive relief.

7.      The parties agree to execute such additional documents and take such other action as may be necessary to effectuate the purposes of this Settlement Agreement.

8.      Nothing in this Settlement Agreement is intended to modify or otherwise affect the Contingent Fee Contract, as amended.

9.      The parties agree that this Settlement Agreement may be enforced in the courts of the State of Alaska in Anchorage.

10.     The parties agree that in the event of litigation between them regarding this Settlement Agreement, the prevailing party in that litigation is entitled to an award of his full reasonable attorney's fees.

11.     Wallace Oenga acknowledges that he signs this Settlement Agreement freely, without coercion or duress, of his own volition, with full knowledge of its significance, and after having the ability to consult with his own attorney.

Dated: 2-26-18                        Wallace Oenga

SUBSCRIBED AND SWORN TO before me this 26th day of February, 2018.

Notary Public in and for the State of Alaska
My commission expires: 08/26/2019

Dated: 08/26/2014 RCG
3/5/2018                              Raymond C. Givens, dba Givens Law Firm

SUBSCRIBED AND SWORN TO before me this 5th day of March, 2018.

Laurel P. Spaeth
Notary Public in and for the State of Washington
My commission expires: 01/13/2022

Notary Public
State of Washington
LAUREL P SPAETH
My Commission Expires
January 13, 2022

SETTLEMENT AGREEMENT
Page 6 of 6

## CONFESSION OF JUDGMENT WITHOUT ACTION

I, Wallace Oenga, hereby acknowledge, pursuant to AS 09.30.050 and Alaska Rule of Civil Procedure 57(c), that I am indebted to, and do hereby confess judgment in favor of, Raymond C. Givens, dba Givens Law Firm ("Givens"), for attorney's fees earned by him, pursuant to a written contingent attorney's fee contract with me. Under that contract, the attorney's fees owed by me to Givens are 25% of my ▇ share of rent that was paid by BP Exploration Alaska, Inc. ("BP"), in October 2017 for rental year 2018, under the terms of BP's written Lease Agreement, dated June 18, 2012, of Restricted Alaska Native Allotment, F-14632, Parcel B ("Lease Agreement"). The amount that is presently justly owed, and due and payable, by me to Givens is ▇

I hereby authorize the entry of judgment against me and in favor of Givens in the above principal amount, along with the following: (1) prejudgment interest at the statutory rate, running from November 1, 2017, until the date of entry of the judgment hereby confessed; (2) Givens' allowable costs, under Alaska Civil Rule 79; and (3) Givens' prevailing-party attorney's fees, under Alaska Civil Rule 82.

I verify and say on oath or affirm, pursuant to AS 09.63.040, that I have read the foregoing and believe all statements made therein are true.

Dated: 2-26-18                              *Wallace Oenga* (signature)
                                            Wallace Oenga

## VERIFICATION

STATE OF ALASKA           )
                          ) ss:
THIRD JUDICIAL DISTRICT   )

    The foregoing Confession of Judgment Without Action was subscribed and sworn to or affirmed before me by Wallace Oenga at  Atqasuk, AK , Alaska, on this 26th day of February, 2018.

[Notary Seal: SHERLENE J OYAGAK, NOTARY PUBLIC, STATE OF ALASKA, My Comm. Exp. 08/26/2019]

*Sherlene J Oyagak* (signature)
NOTARY PUBLIC IN AND FOR ALASKA
My Commission Expires: 08/26/2019

CONFESSION OF JUDGMENT WITHOUT ACTION
Page 2 of 2

Wallace Oenga



Glenda Miller
Office of the Special Trustee
3601 C St Suite 216
Anchorage, AK  99503

Glenda,
  Please disregard prior direction given OST about payment from my IIM account to Mr. Givens.
  **This year** - When BP pays their rent on the Oenga Heald Point Allotment in October later this year, please make immediate payment to Mr. Givens as authorized in the enclosed OST Form 01-004. As you can see by the Form, the amount to be paid at the beginning of October 2018 will be ▮▮▮ [fees due on last year's rents, plus interest as I have agreed with Mr. Givens], *plus* the fees due on the rents BP will pay in 2018. I realize that the total paid Mr. Givens this year will be between ▮▮▮
  **Future years** - Without further direction from me, in all future years thru ▮▮▮ [term of current Lease], please immediately pay Mr. Givens as set out in the enclosed OST Form from all rents BP pays for the Heald Point Allotment as stated in Regional Director Loudermilk's 2015 Decision.

Thank you,

Wallace Oenga

Wallace Oenga

| | | |
|---|---|---|
| OMB Control No. 1035-0004 | Expiration Date: 07/31/2016 | Form OST 01-004 |

**Individual Indian Monies (IIM)**
**Instructions for Disbursement of Funds and Change of Address**
Office of the Special Trustee for American Indians -- http://www.doi.gov/ost/
If you have any questions call OST at: 1 – 888 – OST – OTFM (1-888-678-6836) TOLL FREE NUMBER

| # | | |
|---|---|---|
| 1 | **IIM ACCOUNT NUMBER OR TRIBAL ID NUMBER** (If Known) | 985U000204 |
| 2 | **CURRENT LEGAL NAME OF ACCOUNT HOLDER** | Wallace / Oenga<br>First / Full Middle Name / Last / Suffix (e.g. Jr.) |
| | **OTHER NAMES USED** (Maiden or Also Known As, etc.) | First / Full Middle Name / Last / Suffix (e.g. Jr.) |
| 3 | **DATE OF BIRTH** (MM/DD/YYYY) and **SOCIAL SECURITY #** | [redacted] |
| 4 | **CONTACT TELEPHONE NUMBERS and EMAIL ADDRESS** | [redacted] |
| 5 | **PAYMENT INSTRUCTIONS** | Select one of the following options:<br><br>☐ **Automatically disburse all of my funds:** I request all of my IIM funds be paid automatically when the account balance reaches the minimum threshold amount.<br>**OR**<br>☒ **Specific instructions to disburse my funds:** I request that my IIM funds be disbursed as follows (check only one box):<br><br>☐ **No Current Disbursements** - I request that my IIM funds be held in my account until I provide further instructions.<br><br>☒ **One-Time Disbursement** - I request that $ _Full Payment_ be paid to me on _2-26-18_, and the balance be held in my IIM account until I provide further instructions.<br>(Date)<br><br>☒ **Scheduled Disbursements of Account Balance** – I request that 100% of the account balance of my IIM funds be paid to me (circle one of the following: **monthly, quarterly or annually**) starting on _2-26-18_.<br>(Date)<br><br>☒ **Other** - I request that my IIM funds be disbursed as follows:<br>Pay [redacted] to Raymond C. Givens of Givens Law Firm in Oct. 2018 for 2018 rent & 25% of 2019 rent & 25% future annual rents on current lease of Native Allotment F-14632 |

**Third Party Payment**

Complete the following *only* if you want your payment made payable to someone other than you.
Printed Name of Third Party Payee: Raymond C. Givens, Givens Law Firm

Address of Third Party Payee:
302 Third Avenue South
Street Address, PO Box, Rural Route Box

Apt. No., Building Name
Kirkland / WA / 98033
City / State / Zip Code

(425) 641-5949 or 208-699-6628
Area Code / Telephone Number

**Individual Indian Monies (IIM)**
**Instructions for Disbursement of Funds and Change of Address**
Office of the Special Trustee for American Indians -- http://www.doi.gov/ost/
If you have any questions call OST at: 1 – 888 – OST – OTFM (1–888–678–6836) TOLL FREE NUMBER

| | | |
|---|---|---|
| 6 | **METHOD OF PAYMENT** **Must select one option.** NOTE: The electronic transfer of your IIM funds to an OST Debit Card or Direct Deposit to your checking or savings account helps to safeguard against lost, stolen or forged checks. In addition, you will generally receive your IIM funds quicker with electronic transfer since mail time for a check will vary depending on the United States Postal Service and the destination. | [X] Direct Deposit to checking or savings account <br><br> [ ] OR　OST Debit Card <br><br> If Direct Deposit or OST Debit Card is selected, indicate the method of ACH Deposit Notification: <br> [ ] Regular Mail <br> [ ] Email <br> [ ] Text <br> [ ] No Notification <br><br> [ ] OR　Check <br><br> NOTE: If you want your check to be delivered to an address different than the mailing address set forth in Section 7 below, please provide your check mailing address on a separate paper. |
| 7 | **MAILING ADDRESS** NOTE: Complete this section even if you are requesting an OST Debit Card or if you are receiving your funds by Direct Deposit. | Street Address, PO Box, Rural Route Box <br><br> Apt. No., Building Name <br><br> City　　State　　Zip Code <br> [ ] Please check if this is a new address. |
| 8 | **YOUR SIGNATURE OR MARK** NOTE: Your signature or mark must be witnessed. The witness must complete Section 9. | I certify that the information provided is true and correct. <br><br> *Wallace Oenga*　　2-26-18 <br> Account Holder Signature or Mark　　Date |
| 9 | **WITNESS OF ACCOUNT HOLDER'S SIGNATURE OR MARK** NOTE: The witness must be age 18 or older, and must sign immediately after the Account Holder signs the document in Section 8. **The dates in Section 8 and Section 9 must be identical.** | I, the undersigned, certify that this request was signed in my presence. <br> *Sherlene Dugqak*　　02-26-18 <br> Witness Signature　　Date <br> *Sherlene J. Dugqak* <br> Printed Name of Witness <br> Address: 871 Kellik St.　　(425 907) 633-6423 <br> Street Address, Apt. No., PO Box, Rural Route　　Telephone Number <br> Atqasuk,　　AK　　99791 <br> City　　State　　Zip Code |

**THIS SECTION FOR OST USE ONLY**

ACCOUNT NUMBER: ███　　SERVICE CENTER NUMBER:
DISB TICKLER/BCS NUMBER:　　CSS NUMBER: