WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS, )
)
                         Plaintiff, )
)
vs. )
)
WALLACE OENGA, )    No. 3:19-cv-0043-HRH
)
                      Defendant. )
_____)

O R D E R

Motion for Default Judgment[1]

Plaintiff Raymond C. Givens moves for the entry of a default judgment against defendant. Copies of all of plaintiff's moving papers have been mailed to defendant by plaintiff at the request of the court.[2] Defendant has not responded to plaintiff's motion. Defendant's default was duly entered by the clerk of court on April 18, 2019.[3]

After the entry of default against defendant, the well-pleaded factual allegations of plaintiff's complaint as regards liability are taken as true, but the allegations as to the amount of plaintiff's damages must be proved. Televideo Systems, Inc. v. Heidenthal,

---

[1]Docket No. 19.

[2]Docket No. 26 at 2.

[3]Docket No. 12.

ORDER – Motion for Default Judgment                                                     - 1 -

826 F.2d 915, 917-18 (9th Cir. 1987). In exercising its discretion with respect to motions for default judgment, the court considers the seven factors discussed below. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

(1) Possibility of prejudice to plaintiff. As set out in the declaration of plaintiff,[4] defendant has repeatedly entered into agreements with plaintiff concerning the payment of attorney fees earned by plaintiff and owed by defendant. Defendant has repeatedly breached his agreements by which plaintiff's fees should have been paid. In light of defendant's past conduct, only forceful judicial action will put an end to defendant's avoidance of his obligation to plaintiff. Declaratory relief, a money judgment, and a requirement of specific performance are in order to ameliorate the prejudice to plaintiff.

(2) and (3) Merits of plaintiff's substantive claims; sufficiency of plaintiff's complaint. Plaintiff's complaint sets out in detail the history of the attorney fee arrangements between plaintiff and defendant, all of which were expressed in written contracts as detailed in plaintiff's complaint. The relief sought by the instant motion is consistent with the relief prayed for in plaintiff's complaint. Defendant has at all times been on notice that plaintiff was seeking declaratory relief, a money judgment in a specific amount, and an order for specific performance.

That defendant owes plaintiff the sums set out in plaintiff's complaint is amply established by the series of attorney fee agreements that are before the court.[5]

(4) Sum of money at stake. The parties' 2018 Settlement Agreement regarding attorney fees owed by defendant to plaintiff expressly and unequivocally establishes

---

[4]Declaration of Raymond Givens (Sealed), ¶¶ 11-23, Docket No. 27.

[5]Id., Exhibits 1, 4, 5, and 14.

defendant's obligation to pay plaintiff $42,323.05 for calendar year 2018,[6] and $43,538.38 for calendar year 2019.[7] Each of these sums represents 25% of defendant's share of lease rents paid by BP to OST. Defendant owes plaintiff 5% interest on these delinquent payments.[8]

 (5) <u>Possibility of a dispute concerning material facts</u>. In light of the fact that defendant and plaintiff have fully documented their original contingent fee contract, as well as the succeeding modifications of that contingent fee agreement, through and including the 2018 Settlement Agreement upon which plaintiff's complaint is based,[9] the court perceives there to be no possibility of a dispute as to material facts. Plaintiff has earned his contingent fee. Plaintiff has repeatedly agreed to modify the fee agreement in fashions which benefitted defendant, yet defendant has breached the 2018 Settlement Agreement by rescinding instructions given by him pursuant to the 2018 Settlement Agreement calling for the BIA and OST to disburse, on an annual basis, 25% of the BP lease rent payments directly to plaintiff.

 (6) <u>Whether the default was due to excusable neglect</u>. Dealings between plaintiff and defendant subsequent to the 2018 Settlement Agreement, including the execution of a confession of judgment (not used) by defendant, as well as the service of plaintiff's complaint upon defendant and the mailing of papers associated with this motion for default judgment to defendant, make it very clear that defendant is on notice concerning his obligations to plaintiff, but has deliberately chosen to ignore those

---

[6]<u>Id.</u>, Exhibit 14, ¶ 3.

[7]Declaration of Raymond Givens (Sealed), ¶ 23, Docket No. 27.

[8]<u>Id.</u>, ¶ 24; Exhibit 14, ¶ 3

[9]<u>Id.</u>, Exhibit 14.

obligations as well as these proceedings. The court finds that this is not the result of excusable neglect.

    (7)    <u>Policy favoring decision on the merits</u>. This court has often expressed its strong preference to have cases resolved on their merits. Had defendant come forward with some reasonable explanation for his inattention to this litigation, the court would surely have heard him out. But defendant has ignored these proceedings. The court finds that defendant knows perfectly well that the merits of this case are with plaintiff.

    (8)    <u>Attorney Fees</u>. Plaintiff seeks an award of attorney fees in the amount of $62,520.00.[10] By the 2018 Settlement Agreement, defendant has expressly agreed that "the prevailing party in [this] litigation is entitled to an award of his full, reasonable attorney's fees."[11]

Plainly, plaintiff is the prevailing party in this litigation. The $300-per-hour charge by plaintiff's attorney is reasonable for the kind of services provided in this community. However, plaintiff's statement of services rendered[12] includes time and charges for services not a part of this litigation. The time and charges for December 8, 2017, through October 25, 2018, all appear related to dealings between the parties prior to execution of the 2018 Settlement Agreement and to the subsequent implementation of that agreement. Beginning with the November 2, 2018, entry, the time and charges incurred begin to deal with litigation that led to the filing of plaintiff's complaint on February 14, 2019. The court concludes that plaintiff is entitled to his full, reasonable

---

[10] Declaration of Russell L. Winner, Docket No. 21.

[11] Declaration of Raymond Givens (Sealed), Exhibit 14, ¶ 10, Docket No. 27.

[12] Declaration of Russell L. Winner, Exhibit 1 at 1-2, Docket No. 21.

attorney fees incurred between November 2, 2018, and May 13, 2019, in the amount of $45,060.00.

As the prevailing party in this case, plaintiff is entitled to recover his costs which have been incurred in the amount of $480.00.[13]

Plaintiff's motion for default judgment is granted.  The court's default judgment against defendant will follow.

DATED at Anchorage, Alaska, this  7th  day of June, 2019.

/s/ H. Russel Holland
United States District Judge

---

[13]Bill of Costs, Docket No. 24.