## CONTINGENCY FEE CONTRACT

THIS AGREEMENT, made and entered into this _31_ day of October, 2003, by and between the undersigned, hereinafter called "Clients", and RAYMOND C. GIVENS, Attorney at Law of the Givens Law Firm hereinafter called "Attorney."

WITNESSETH:

WHEREAS, Clients are the present Lessors, being the successors of Andrew Oenga, under that certain Lease Agreement originally made effective January 1, 1989, (as amended) concerning property in Alaska Native Allotment F-14632.

WHEREAS, Clients desire the Attorney to represent Clients' interest in prosecuting Clients' claims and causes of action arising out of said Lease Agreement:

NOW, THEREFORE, it is mutually agreed and understood as follows:

1. Attorney shall represent Clients in said matter and do all things necessary, appropriate, or advisable, in regard thereto, whether the same be by representation in legal proceedings or otherwise, against the Lessee or any other person, entity, department or agency, including governmental entities, departments or agencies.

2. Clients agree to pay attorney for professional services 30% of the "Gross Recovery" of any and all funds received in settlement without an action having been filed in any Court; 33⅓% of the "Gross Recovery" of any and all funds recovered through arbitration, or received in settlement after filing an action in any Court but prior to trial; 35% of the "Gross Recovery" of any and all funds recovered through arbitration, settlement or judgment once trial begins; or 40% of said sums if said matter is settled or resolved upon appeal or following post-verdict proceedings, and said sums payable to attorney for professional services are to be a lien upon any sums received in settlement or payment of any said claim, or upon any judgment recovered. "Gross Recovery" shall mean all of the following:

a.) The amount received as compensation for the leased premises or under the Lease Agreement for the time period from the date of this Agreement back to the effective date of the Lease, which is January 1, 1989. (Back payments.)

b.) The increase in lease payments under the Lease Agreement or extended term, from the date hereof and into the future, which are brought about through a modification, reformation, or cancellation of the Lease Agreement or otherwise.

c.) All compensation and or damages and fees and costs which the clients become entitled to, but which the clients would not be entitled to receive under the existing Lease Agreement as modified.

P2 deleted

d.) The amount received in a sale of the subject leased premises less the amount set forth in the last appraisal of the subject property performed by the Bureau of Indian Affairs.

e.) Judgment or settlement amounts received from any governmental branch or agency.

f.) The parties understand that an appraisal is now being performed pursuant to the requirements of the Lease Agreement, as modified. In the event the appraised value is used for increasing payments due commencing November 1, 2002, and thereafter, as opposed to the "cost adjustment factor" (which has been historically used for any increase in rent) the recovery shall be the increase in those rents based upon appraisal.

3. Attorney agrees to accept said percentage of the amount received as aforesaid as full compensation for professional services; and, if there are no sums collected or received in the causes of action, attorney agrees to make no charge for professional services. Attorney shall, however, be reimbursed by Clients for any and all fees, costs, and expenses incurred by Attorney for and on behalf of Clients in the representation of Client's claim, cause or causes of action.

4. As the Clients, you are entitled to be informed on the progress of your case. The Attorney will provide reasonable prompt responses to your inquiries. In the event a telephone call or request is not promptly answered, please assist us with a repeat call. The file and its progress are open to your inspection at any reasonable time.

5. It is the intention of Attorney to represent you within the bounds of the law. Every reasonable effort will be made to handle your case promptly and efficiently according to the prevailing and legal ethical standards. In handling your case, I perform basically two functions: (1) Assisting you in the decision making process by giving legal advice, and (2) Implementing the decision that is made by you, the Clients. The ultimate decision belongs to you, the Clients. The Attorney shall have the right to employ appraisers, experts, and additional counsel both in Alaska and otherwise to aid him in his representation. Any additional attorneys employed by the Attorney shall be included in the contingency arrangement above set forth.

6. Clients agree to furnish Attorney with all information relevant to this matter, to assist and cooperate in negotiations for settlement or in any court action; to sign, acknowledge, and verify all necessary papers, documents, pleadings or releases in connection with this matter; to be present at all proceedings, when requested, and to further produce witnesses; and, to use the Client's best efforts to further the purpose of this contingent fee arrangement and Client's claims. In the event of any proposed settlement, Clients agree that the affirmative vote and affirmation of more than 75% of the Clients' interest in the Lease shall be controlling, and the attorney, and all parties dealing with the attorney, shall have the right to rely on this vote or affirmation.

¶3 replaced

7. Clients acknowledge that the Lessee can terminate the Lease Agreement pursuant to the terms of paragraph 15, and that Clients seeking additional compensation could result in Lessee threatening or taking such action. Because Clients are aware of this risk, both with or without Attorney representing them, Clients agree to hold Attorney harmless from any claim, demand or damages resulting from Lessee's termination of the Lease Agreement.

8. Should it appear to Attorney at any time that Client's claim does not justify further action, or should Attorney decide for any reason that the firm cannot represent Clients any longer, Attorney may withdraw as Attorney for Clients after notice to Clients. In this event, Attorney shall receive only a pro-rata share of any ultimate recovery for work done to the date of withdrawal for professional services, but shall be entitled to any and all expenses incurred. Attorney shall turn over to Clients all pertinent papers and data prepared or collected by Attorney for Clients in this matter after expenses are paid in full.



9. While Attorney can make no guarantees of a successful conclusion to your case, the Attorney will use his concerted efforts on your behalf. It is also understood that the Attorney will not settle, nor compromise this matter without your consent as set forth in Paragraph 6 above.

DATED AND SIGNED this 27th day of October, 2003.

GIVENS LAW FIRM

By: _____
RAYMOND C. GIVENS
Attorney at Law

CLIENT:

_____ 11/5/03    _____ 10-31-03
Georgene Shugluk                      Wallace Oenga

_____
Leroy Oenga, Sr.                      _____
                                       Michael Delia

_____             _____
Tony Delia                            Joseph Delia

_____             _____
Andrew Delia                          Jennie Miller

COPY

7. Clients acknowledge that the Lessee can terminate the Lease Agreement pursuant to the terms of paragraph 15, and that Clients seeking additional compensation could result in Lessee threatening or taking such action. Because Clients are aware of this risk, both with or without Attorney representing them, Clients agree to hold Attorney harmless from any claim, demand or damages resulting from Lessee's termination of the Lease Agreement.

8. Should it appear to Attorney at any time that Client's claim does not justify further action, or should Attorney decide for any reason that the firm cannot represent Clients any longer, Attorney may withdraw as Attorney for Clients after notice to Clients. In this event, Attorney shall receive only a pro-rata share of any ultimate recovery for work done to the date of withdrawal for professional services, but shall be entitled to any and all expenses incurred. Attorney shall turn over to Clients all pertinent papers and data prepared or collected by Attorney for Clients in this matter after expenses are paid in full.

9. While Attorney can make no guarantees of a successful conclusion to your case, the Attorney will use his concerted efforts on your behalf. It is also understood that the Attorney will not settle, nor compromise this matter without your consent as set forth in Paragraph 6 above.

DATED AND SIGNED this 3 1 day of October, 2003.

GIVENS LAW FIRM

By: _____
RAYMOND C. GIVENS
Attorney at Law

CLIENT:

_____      _____
Georgene Shugluk                     Wallace Oenga

                                     *Michael Delia*
_____      _____
Leroy Oenga, Sr.                     Michael Delia

_____      _____
Tony Delia                           Joseph Delia

_____      _____
Andrew Delia                         Jennie Miller

7. Clients acknowledge that the Lessee can terminate the Lease Agreement pursuant to the terms of paragraph 15, and that Clients seeking additional compensation could result in Lessee threatening or taking such action. Because Clients are aware of this risk, both with or without Attorney representing them, Clients agree to hold Attorney harmless from any claim, demand or damages resulting from Lessee's termination of the Lease Agreement.

8. Should it appear to Attorney at any time that Client's claim does not justify further action, or should Attorney decide for any reason that the firm cannot represent Clients any longer, Attorney may withdraw as Attorney for Clients after notice to Clients. In this event, Attorney shall receive only a pro-rata share of any ultimate recovery for work done to the date of withdrawal for professional services, but shall be entitled to any and all expenses incurred. Attorney shall turn over to Clients all pertinent papers and data prepared or collected by Attorney for Clients in this matter after expenses are paid in full.

9. While Attorney can make no guarantees of a successful conclusion to your case, the Attorney will use his concerted efforts on your behalf. It is also understood that the Attorney will not settle, nor compromise this matter without your consent as set forth in Paragraph 6 above.

DATED AND SIGNED this _31_ day of October, 2003.

GIVENS LAW FIRM

By: _[signature]_
RAYMOND C. GIVENS
Attorney at Law

CLIENT:

_____
Georgene Shugluk

_____
Wallace Oenga

_____
Leroy Oenga, Sr.

_____
Michael Delia

_[signature]_
Tony Delia

_____
Joseph Delia

_____
Andrew Delia

_____
Jennie Miller

7. Clients acknowledge that the Lessee can terminate the Lease Agreement pursuant to the terms of paragraph 15, and that Clients seeking additional compensation could result in Lessee threatening or taking such action. Because Clients are aware of this risk, both with or without Attorney representing them, Clients agree to hold Attorney harmless from any claim, demand or damages resulting from Lessee's termination of the Lease Agreement.

8. Should it appear to Attorney at any time that Client's claim does not justify further action, or should Attorney decide for any reason that the firm cannot represent Clients any longer, Attorney may withdraw as Attorney for Clients after notice to Clients. In this event, Attorney shall receive only a pro-rata share of any ultimate recovery for work done to the date of withdrawal for professional services, but shall be entitled to any and all expenses incurred. Attorney shall turn over to Clients all pertinent papers and data prepared or collected by Attorney for Clients in this matter after expenses are paid in full.

9. While Attorney can make no guarantees of a successful conclusion to your case, the Attorney will use his concerted efforts on your behalf. It is also understood that the Attorney will not settle, nor compromise this matter without your consent as set forth in Paragraph 6 above.

DATED AND SIGNED this 31 day of October, 2003.

GIVENS LAW FIRM

By: _____
RAYMOND C. GIVENS
Attorney at Law

CLIENT:

_____         _____
Georgene Shugluk                Wallace Oenga

_____         _____
Leroy Oenga, Sr.                Michael Delia

_____         _____
Tony Delia                      Joseph Delia

_____         _____
Andrew Delia                    Jennie Miller

7. Clients acknowledge that the Lessee can terminate the Lease Agreement pursuant to the terms of paragraph 15, and that Clients seeking additional compensation could result in Lessee threatening or taking such action. Because Clients are aware of this risk, both with or without Attorney representing them, Clients agree to hold Attorney harmless from any claim, demand or damages resulting from Lessee's termination of the Lease Agreement.

8. Should it appear to Attorney at any time that Client's claim does not justify further action, or should Attorney decide for any reason that the firm cannot represent Clients any longer, Attorney may withdraw as Attorney for Clients after notice to Clients. In this event, Attorney shall receive only a pro-rata share of any ultimate recovery for work done to the date of withdrawal for professional services, but shall be entitled to any and all expenses incurred. Attorney shall turn over to Clients all pertinent papers and data prepared or collected by Attorney for Clients in this matter after expenses are paid in full.

9. While Attorney can make no guarantees of a successful conclusion to your case, the Attorney will use his concerted efforts on your behalf. It is also understood that the Attorney will not settle, nor compromise this matter without your consent as set forth in Paragraph 6 above.

DATED AND SIGNED this _26_ day of August, 2004.

GIVENS LAW FIRM

By: _____
RAYMOND C. GIVENS
Attorney at Law

CLIENT:

_____         _____
Trinity Kayla Delia              Tony Delia

7.  Clients acknowledge that the Lessee can terminate the Lease Agreement pursuant to the terms of paragraph 15, and that Clients seeking additional compensation could result in Lessee threatening or taking such action. Because Clients are aware of this risk, both with or without Attorney representing them, Clients agree to hold Attorney harmless from any claim, demand or damages resulting from Lessee's termination of the Lease Agreement.

8.  Should it appear to Attorney at any time that Client's claim does not justify further action, or should Attorney decide for any reason that the firm cannot represent Clients any longer, Attorney may withdraw as Attorney for Clients after notice to Clients. In this event, Attorney shall receive only a pro-rata share of any ultimate recovery for work done to the date of withdrawal for professional services, but shall be entitled to any and all expenses incurred. Attorney shall turn over to Clients all pertinent papers and data prepared or collected by Attorney for Clients in this matter after expenses are paid in full.

9.  While Attorney can make no guarantees of a successful conclusion to your case, the Attorney will use his concerted efforts on your behalf. It is also understood that the Attorney will not settle, nor compromise this matter without your consent as set forth in Paragraph 6 above.

DATED AND SIGNED this 24 day of August, 2004.

GIVENS LAW FIRM

By: _____
RAYMOND C. GIVENS
Attorney at Law

CLIENT:

_____
Jennie Miller



# CONTINGENCY FEE CONTRACT
# FIRST AMENDMENT

THIS AGREEMENT, made and entered into this 5 day of August, 2011, by and between the undersigned, hereinafter called "Clients", and RAYMOND C. GIVENS, Attorney at Law of the Givens Law Firm hereinafter called "Attorney."

Whereas, Clients previously retained Attorney to represents Clients regarding rents due on the lease of their Native Allotment F-14632, and agreed to pay for Attorney's services in recovering increased rents based on a sliding scale contingent basis, based on the point in the litigation effort recovery was obtained, and

Whereas, as a result of Attorney's efforts, Clients issues were addressed in several forums and are at several different stages of litigation, including 1) an appeal and cross appeals in the Federal Circuit of a $4.942 million Judgment of the Court of Federal Claims, 2) several appeals in the Interior Board of Indian Appeals (IBIA), and 3) efforts seeking additional present and future rents thru the Bureau of Indian Affairs (BIA), and

Whereas, as a result of Attorney's efforts, Clients have been able to recover a $13.5 million Lump Sum Settlement for past rents and future rents to be paid on an annual basis for up to 52 years, starting at $650,000/yr and increasing annually on a CPI-based cost of living adjustment, and

Whereas, the contingent fee formulas in the original Contingent Fee Agreement have proven cumbersome to apply to the Lump Sum Agreement and future rent of the initial and extended terms because calculations are somewhat complex and the Lump Sum Payment is not broken down between the same forums and litigation status as in the initial Contingent Fee Agreement, and

Whereas, the fees to be paid under the 35% and 25% contingencies in the below amendments are *slightly less* than the fee that would be due under the most reasonable applications of the original Contingent Fee Agreement sliding scale and formulas to the Lump Sum Agreement and future rents increases obtained.

NOW, THEREFORE, it is mutually agreed and understood that the prior Contingent Fee Agreement be amended as follows:

Paragraph 2 – The prior ¶2 be deleted in its entirety and a new version be inserted in its place so as to read:

"2. Clients agree to pay attorney for professional services 35% of the $13.5 million Lump Sum Settlement Amount paid under the Settlement Agreement resolving *Oenga et al. v. United States et al.* CFC #06-491L and 25% of annual rental on Alaska Native Allotment F-14632 paid for both the 2012-2013 inclusive period and for the extended

term period of 2014-2038 inclusive. Clients shall direct that these payments for professional services shall be paid directly to Attorney by Lessee BP Exploration (Alaska). Inc. and/or the United States or any subdivision thereof from the funds due Clients at the same time the remaining funds due are paid to Clients. No fees shall be owed for the *second* possible extended term from 2039-2063 inclusive."

Paragraph 3 – A new sentence be added at the end of the prior ¶3 so that the entire paragraph read:

"3. Attorney agrees to accept said percentage of the amount received as aforesaid as full compensation for professional services; and, if there are no sums collected or received in the causes of action, attorney agrees to make no charge for professional services. Attorney shall, however, be reimbursed by Clients for any and all fees, costs, and expenses incurred by Attorney for and on behalf of Clients in the representation of Client's claim, cause or causes of action. Clients shall direct that this reimbursement of costs shall be made directly to Attorney by Lessee BP Exploration (Alaska), Inc. and/or the United States or any subdivision thereof from the funds due Clients."

DATED AND SIGNED this __5__ day of August, 2011.

GIVENS LAW FIRM

By: _____
RAYMOND C. GIVENS
Attorney at Law

CLIENTS:

_____        _____
Georgene Shugluk                Wallace Oenga

_____        _____
Leroy Oenga, Sr.                Tony Delia

_____        _____
Joseph Delia                    Jennie Miller

_____
Tony Delia as Guardian of Trinity Delia

# Fee/Cost Reduction Agreement

THIS AGREEMENT, made and entered into this 24th day of May, 2012, by and between the undersigned, hereinafter called "Clients", and RAYMOND C. GIVENS, Attorney at Law of the Givens Law Firm hereinafter called "Attorney."

Whereas, Clients and attorney entered into a Contingency Fee Contract to pursue Oengas' claims in 2003 and amended that Contract in 2011, by which Clients retained Attorney to represent their interests regarding the lease of their Native Allotment F-14632, and agreed to pay for Attorney's services by way of 1) a 30% - 40% sliding scale contingent fee on the Gross Recovery, later reduced to a 35% fee on the Gross Recovery, which was a slight reduction in fees, 2) initially a 30% fee on *increases* in future rents through 2038, later reduced to a 25% fee on all future rents, which was a slight reduction in fees, and 3) reimbursement of all costs advanced, and

Whereas, as a result of Attorney's efforts, Clients issues were being addressed in several forums at different stages of litigation or administrative consideration when a settlement of all claims was agreed to, and

Whereas, as a result of Attorney's efforts, Clients have been able to recover 1) a $13.5 million Lump Sum Settlement, and 2) a large increase in future rents to be paid on an annual basis for up to 50 years, starting at $650,000/yr and increasing annually on a CPI-based cost of living adjustment, and

Whereas, the contingent fee formula under the Contingent Fee Agreement, as Amended provided that the contingent fee was to be calculated on the Gross Recovery, with the costs advanced being reimbursed from the client's net recovery after payment of the contingent fee [Fee First Approach], and

Whereas, the Fee First Approach has been questioned by the Bureau of Indian Affairs, suggesting that the costs should be reimbursed before the fee is paid [Cost First Approach], which is more advantageous to Clients, and

Whereas, Attorney has sought, received and provided to Clients a written legal analysis from an expert in the field affirming that the Fee First Approach is appropriate, and

Whereas, even though the Fee First Approach is appropriate, Attorney and Clients have agreed to distribute the $13.5 million Lump Sum Settlement pursuant to the Cost First Approach with reimbursement of $444,463 costs and $4,569,437 being all Clients' 35% fee on the lump sum settlement, to be allocated among individual clients based on their percent interest in Native Allotment F-14632, and

Whereas, this fee distribution agreement does *not* affect the payment due Attorney from some individual Clients of fees and costs currently due on rent increases obtained in *prior* years which were previously deferred, and

**Whereas,** this fee distribution agreement does *not* affect the 25% contingent fee due Attorney from Clients on *future rents* due on Native Allotment F-14632 through 2038 under the Contingency Fee Contract as amended, with it being appropriate to reaffirm that the 25% contingency fee is due on future rents through 2038 as provided for in the Contingency Fee Contract, as amended.

**NOW, THEREFORE,** it is mutually agreed and understood that, despite the provisions of the Contingency Fee Contract as amended to the contrary, the reimbursement of costs and payment of the contingent attorney fee due on the $13,500,000 Lump Sum Settlement will be as follows:

| | |
|---|---:|
| Gross Lump Sum Settlement | $13,500,000 |
| Less Costs Reimbursed | - 444,463 |
| Less Contingency Attorney Fee | - 4,569,437 |
| Clients' Share of Settlement | $ 8,486,100 |

**FURTHER,** it is mutually agreed and understood that the contingency fee due on future rents, which was specifically provided for in both the original Contingency Fee Contract and the First Amendment thereof, remains due each year as a 25% fee of the total rent received each year due as compensation for the attorney's work in securing the increased rent amount.

DATED AND SIGNED this 24th day of May, 2012.

GIVENS LAW FIRM

By: /s/ Raymond C. Givens
RAYMOND C. GIVENS
Attorney at Law

CLIENTS:

/s/ Georgene Shugluk
Georgene Shugluk

/s/ Wallace Oenga
Wallace Oenga

/s/ Wallace Oenga
Wallace Oenga, Personal Representative
For the Estate of Leroy Oenga, Sr.

/s/ Tony Delia
Tony Delia

/s/ Joseph T. Delia
Joseph Delia

/s/ Jennie Miller
Jennie Miller

/s/ Tony Delia
Tony Delia, Guardian of
Trinity Delia, a minor