IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS,)
)
Plaintiff,)
vs.)
)
WALLACE OENGA,) No. 3:19-cv-0043-HRH
)
Defendant.)
_____)

O R D E R

Motion for Rehearing;
Motion to Vacate Default Judgment[1]

Defendant moves pursuant to Rule 59, Federal Rules of Civil Procedure, for either a rehearing or the vacature of the default judgment entered in this case on June 10, 2019.[2] The motion is opposed.[3] Oral argument has not been requested and is not deemed necessary.

Again, this court's default judgment was entered June 10, 2019, as Clerk's Docket No. 29. Defendant's motion for rehearing or the vacature of the court's default judgment was served upon counsel for plaintiff on July 10, 2019, and was filed on July 10, 2019, as Clerk's Docket No. 42. A few minutes later, and also on July 10, 2019, defendant filed a notice of appeal which was docketed as Clerk's Docket No. 44. Plainly, the filing of the

---

[1]Docket No. 42.

[2]Docket No. 29.

[3]Docket No. 46.

ORDER – Motion for Rehearing;
Motion to Vacate Default Judgment - 1 -

instant motion preceded the filing of the notice of appeal, and the instant motion was filed 30 days after the filing of the court's default judgment.

Defendant's Rule 59 motion is subject to the time limitations contained in Rule 59, Federal Rules of Civil Procedure. Rule 59 motions must be filed "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b) and (e). Defendant's Rule 59 motion is untimely.[4]

Because defendant's Rule 59 motion was untimely, defendant's notice of appeal divested this court of jurisdiction. <u>Townley v. Miller</u>, 693 F.3d 1041, 1042 (9th Cir. 2012). Because the court lacks jurisdiction over defendant's Rule 59 motion, it is denied.

Were the defendant's motion to be considered as one brought pursuant to Rule 60(b), Federal Rules of Civil Procedure, the 28-day time limitation would not apply. Rule 60(b) motions must be brought "within a reasonable time" or no more than a year after the entry of judgment if based upon mistake, newly discovered evidence, or fraud. Fed. R. Civ. P. 60(c)(1). However, a notice of appeal having been filed, Rule 62.1(a) would have application and provides that:

> [i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

---

[4]Were the instant motion treated as one pursuant to Rule 52, Federal Rules of Civil Procedure, the same 28-day limitation would apply, and the instant motion would be untimely. Fed. R. Civ. P. 52(b).

ORDER – Motion for Rehearing;
Motion to Vacate Default Judgment — - 2 -

In this case, the court would exercise its discretion to deny defendant's motion for rehearing or vacature of the default judgment. Were the merits of the instant motion before the court, the motion would be denied on the basis of the extensive information which was before the court in support of plaintiff's application for default judgment.

The motion for rehearing or vacature of the default judgment is denied,

DATED at Anchorage, Alaska, this  6th  day of August, 2019.

/s/ H. Russel Holland
United States District Judge

ORDER – Motion for Rehearing;
Motion to Vacate Default Judgment - 3 -

Case 3:19-cv-00043-HRH   Document 51   Filed 08/06/19   Page 3 of 3