RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com

Attorneys for Plaintiff Raymond Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WALLACE OENGA,<br><br>　　　　　Defendant. | **PLAINTIFF'S MOTION TO ENFORCE JUDGMENT AND RULE 70(a) ORDER**<br><br><br>Case No. 3:19-cv-00043-HRH |

## I.　　INTRODUCTION

Plaintiff Raymond C. Givens, by his undersigned attorney, moves that the Court enter an order to enforce its judgment and its order, entered under Rule 70(a) of the Federal Rules of Civil Procedure. In particular, Plaintiff moves that the Court enter an order that the Office of Special Trustee ("OST") of the U.S. Department of the Interior show cause why it should not be held in contempt for its failure to make payment to Plaintiff from the Individual Indian Money ("IIM") account of Defendant Wallace Oenga, pursuant to direction from the Clerk of Court, acting for and on behalf of Defendant, by order of this Court under Rule 70(a).

PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH

Page 1 of 8

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

In the alternative, the Court should enter an order that OST show cause why the Court itself should not directly order OST to make payment to Plaintiff from that account. The basis for this motion follows.

## II.    BACKGROUND

On June 10, 2019, the Court entered a default judgment against Defendant. The judgment included an award for damages of $136,116.91. It also included an award of specific performance requiring Defendant to sign OST Forms 01-004 instructing OST to make payment to Plaintiff from Defendant's IIM account. (Doc. 29)

When Defendant failed to sign the forms, on July 9, 2019, the Court entered an order, under Rule 70(a) of the Federal Rules of Civil Procedure, instructing the Clerk of Court to sign the forms for and on behalf of Defendant. (Doc. 39). The Clerk of Court signed the forms on the same date, stating there expressly that this was being done by order of the Court. (Doc. 40 and Doc 41)[1]

---

[1]    The first OST Form 01-004 and its Attachment A (Doc. 40) directed OST to pay to Plaintiff the following: (1) the judgment amount of $136,116.91, plus post-judgment interest of 5% per annum, calculated from June 10, 2019, which was the date of the judgment, until the date of payment to Plaintiff; and (2) 25% of Defendant's share of the rent paid by BP Exploration (Alaska), Inc. ("BP"), in 2019 for calendar year 2020. The amount owed to Plaintiff from Defendant's share of the 2020 rent, which has now been paid by BP, is $44,256.10. *See* Declaration of Raymond C. Givens, filed herewith. Attachment A to the OST form also provided that if there are insufficient funds received by or for Defendant from BP's rent paid in 2019 for calendar year 2020 to pay the above amounts to Plaintiff, then OST is directed to pay to Plaintiff the remaining balance owed, plus accrued interest of 5% per annum, from rent to be paid by BP in 2020 for calendar year 2021.

PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 2 of 8

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

On July 10, 2019, Plaintiff served the signed forms on OST. (Doc. 45).

Although Defendant filed an appeal from the Court's judgment, he did not seek a stay of the Court's judgment. In any event, on October 17, 2019, the Ninth Circuit Court of Appeals dismissed the appeal because Defendant failed to prosecute it, and that mandate is now effective. (Doc. 52)

Notwithstanding the above, OST has failed to make the required payment to Plaintiff from Defendant's IIM account. Further, neither OST nor its attorney has responded to the inquiries of Plaintiff's attorney. *See* the Declaration of Raymond C. Givens and Declaration of Russell L. Winner, filed herewith.

## III.    COURT AUTHORITY TO ENFORCE ITS JUDGMENT AND ORDER

The Court has the authority to enforce its judgment and order, as requested by Plaintiff. This is provided both under the civil rules and under the Court's inherent authority.

### A.    The Civil Rules

The Court looks to Alaska state law "in proceedings supplementary to and in aid of judgment or execution." Rule 69(a)(1) of the Federal Rules of Civil Procedure.

Under Alaska law, the process to enforce a judgment "shall be by a writ of execution, *unless the court directs otherwise*." Rule 69(a) of the Alaska Rules of Civil

---

The second OST Form 01-004 and its Attachment B (Doc. 41) directed OST to pay to Plaintiff from rents to be paid by BP for calendar years 2021 through the end of the current lease 25% of Defendant's share of those rent payments.

PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH                    Page 3 of 8

Procedure (emphasis added). A party who fails to comply with an order outside the presence of the Court may be held in contempt in the main action, following a hearing on an order to show cause:

> [U]pon a proper showing on ex parte motion supported by affidavits, the court shall . . . order the accused party to show cause at some reasonable time, to be therein specified, why the accused party should not be punished for the alleged contempt. . . . Such proceeding may be commenced and prosecuted in the same action . . .

Rule 90(b) of the Alaska Rules of Civil Procedure.

The Court has jurisdiction over a non-party who is subject to a lawfully enforced order against that person: "When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." Rule 71 of the Federal Rules of Civil Procedure.

## B.     The Court's Inherent Authority

In addition to the specific authority given by the above civil rules, the Court has the inherent authority to enforce its judgment and order by civil contempt. "A district court also has the inherent authority to enforce compliance with its orders through a civil contempt proceeding." *International Union, UMWA v. Bagwell,* 512 U.S. 821, 827–28 (1994). "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. U.S.,* 384 U.S. 364, 370 (1966).

The Court also has the inherent authority to enter a contempt order against a nonparty to effectuate the Court's judgment and order. *See, e.g., Chambers v. Nasco, Inc.,* 501 U.S. 32, 50-51 (1991) (affirming imposition of sanctions against nonparty); *Corder v. Howard*

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Johnson & Co.,* 53 F.3d 225, 232 (9th Cir. 1994) ("[E]ven in the absence of statutory authority, a court may impose attorneys' fees against a nonparty as an exercise of the court's inherent authority to impose sanctions to curb abusive litigation tactics."); *Lockary v. Kayfetz,* 974 F.2d 1166 (9th Cir. 1992), *abrogated on other grounds by Margolis v. Ryan,* 140 F.3d 850, 854–55 (9th Cir. 1998) (trial court has authority to sanction a nonparty that supplies a litigant's attorneys and funds the litigation); *In re Rainbow Magazine, Inc.,* 77 F.3d 278 (9th Cir. 1996) (upholding sanctions levied under the court's inherent powers against corporate debtor's principal who orchestrated the bad faith filing of the bankruptcy petition); *Seco Nevada v. McMordie (In re Holloway),* 884 F.2d 476, 477 (9th Cir.1989) (upholding sanction against nonparty court reporter for unwarranted delay); *SEC v. Wencke,* 622 F.2d 1363, 1369 (9th Cir. 1980) (citing the courts' "inherent equitable authority to issue a variety of ancillary relief measures," the Ninth Circuit affirmed a district court stay that prevented nonparties from initiating litigation against an entity in receivership). *See also, United States v. Hall,* 472 F.2d 261, 268 (5th Cir. 1972) (Wisdom, J.) ("We hold, then, that the district court had the inherent power to protect its ability to render a binding judgment between the original parties to the *Mims* litigation by issuing an interim ex parte order against an undefinable class of persons."). The Court's power to issue an order to a nonparty should be exercised only where necessary, in order to effectuate the relief already ordered by the Court. *S.E.C. v. Hickey,* 322 F.3d 1123, 1131 (9th Cir. 2003).

PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH

## IV. DISCUSSION

In entering its judgment and Rule 70(a) order, the Court determined that Plaintiff was entitled to be paid his 25% fee from Defendant's share of the annual post-settlement rents paid by BP. The judgment had two distinct parts. First, it entered a traditional money judgment in favor of Plaintiff against Defendant. Second, because Defendant had promised Plaintiff to direct OST to make those payments from Defendant's IIM account, the judgment specifically ordered Defendant to do so. When Defendant refused, the Court entered the Rule 70(a) order to effectuate Defendant's promise and the specific performance portion of the judgment. Defendant, by and through the Clerk of Court, pursuant to the Court's order under Rule 70(a), so directed OST to pay Plaintiff. Yet OST has refused to comply. A show cause hearing is necessary to effectuate the Court's specific performance judgment and Rule 70(a) order. Without such a hearing, the Court's judgment and order are unenforceable.

Plaintiff need not first seek a writ of execution from the Clerk of Court against OST, because the Court has already issued an order that the Clerk of Court, acting for and on behalf of Defendant, direct OST to make payment to Plaintiff. As noted above, under the civil rules a writ of execution is not necessary if the Court directs otherwise. Although OST knew that this directive was made pursuant to the order of this Court, OST has failed to comply with it.

Contempt, following a hearing, is the proper remedy because OST's non-payment is contemptuous of the Court's underlying order that the specific performance judgment be satisfied through the Rule 70(a) process. OST's non-payment is contemptuous of

PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH                    Page 6 of 8

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

more than simply the method used by the Court to carry out its order, which is the Clerk of Court's directive to OST, standing in Defendant's shoes. Instead, OST's non-payment is contemptuous of the Court's underlying judgment and order.

This is analogous to a witness refusing to comply with a subpoena issued by the Clerk of Court and served on a non-party. A civil rule addresses that situation: "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Rule 45(g) of the Federal Rules of Civil Procedure. Likewise here, the Court has the inherent authority to find OST in contempt.

However, if there are concerns with the above approach, in the alternative the Court has the authority, following a show cause hearing, to enter an order itself directly to OST to make payment to Plaintiff from Defendant's IIM account. If OST continues to refuse to comply, the Court should then hold OST in civil contempt.

## V.    CONCLUSION

For the above reasons, the Court should enter an order requiring OST to show cause why it should not be held in civil contempt for its failure to make payment to Plaintiff from Defendant's IIM account, pursuant to the direction of the Clerk of Court, acting by and for Defendant, by order of this Court under Rule 70(a). In the alternative, the Court should enter an order requiring OST to show cause why the Court itself should not directly order OST to make payment to Plaintiff from that account.

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH

This motion could be filed ex parte, without notice to OST. However, because relief is being requested against an agency of the United States, and in order to give OST an opportunity to respond to the motion, the motion is being served by hand delivery on the following: (1) OST; (2) the Regional Solicitor, Alaska, for the U.S. Department of the Interior; and (3) the United States Attorney, District of Alaska, Anchorage Office. The motion is also being sent to Defendant by United States Priority Mail. *See* the accompanying Certificate of Service and Mailing.

A proposed order accompanies this motion.

Dated at Anchorage, Alaska, this 6th day of December, 2019.

<div style="margin-left: 40%;">

WINNER & ASSOCIATES, P.C.
Attorneys for the Plaintiff Raymond C. Givens

By:    s/ Russell L. Winner
       900 West Fifth Avenue, Suite 700
       Anchorage, Alaska 99501
       Phone: (907) 277-9522
       Fax: (907) 277-4510
       E-mail: rwinner@winnerlaw.com
       ABA No. 7811149

</div>

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH