IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS,  )
　　　　　　　　　　　　)
　　　　　　　Plaintiff,  )
　vs.　　　　　　　　　　)
　　　　　　　　　　　　)
WALLACE OENGA,　　　　) No. 3:19-cv-0043-HRH
　　　　　　　　　　　　)
　　　　　　　Defendant. )
_____)

ORDER TO SHOW CAUSE

TO:　Lynnette Tubbs, Fiduciary Trust Officer
　　　Office of the Special Trustee for
　　　　　American Indians, Alaska Region
　　　U. S. Department of the Interior
　　　3601 C Street, Room 216
　　　Anchorage, AK 99503

TO:　Joshua Kindred, Attorney-Advisor
　　　Office of the Solicitor, Alaska Region
　　　U.S. Department of the Interior
　　　420 University Drive, Suite 300
　　　Anchorage, AK 99508

TO:　Bryan Schroder, United States Attorney
　　　District of Alaska – Anchorage Office
　　　222 West 7th Avenue, Room 253
　　　Anchorage, AK 99501

By default judgment entered June 10, 2019,[1] the court entered a declaratory judgment, a judgment for damages in the amount of $136,116.91, and an order for specific performance of an attorney fee contract between plaintiff and defendant.

---

[1] Docket No. 29.

The award of specific performance required that defendant sign a Form OST 01-004 directing OST to pay to plaintiff, out of the rent for calendar year 2020 (to be paid by BP by October 2019) the total amount of the judgment against defendant plus accrued interest.[2] The defendant was required to submit the foregoing form to the OST. The judgment for specific performance further required that defendant sign a second Form OST 01-004 requiring payment to plaintiff from rents received from BP by the OST for calendar years 2021 through the end of the current lease between defendant and BP. The Form OST 01-004 was to be submitted by defendant to OST.

Defendant failed to execute the Form OST 01-004 forms as required by the court's default judgment.

By its order enforcing judgment dated July 9, 2019,[3] and pursuant to Rule 70(a), Federal Rules of Civil Procedure, the clerk of court was directed to sign the two Forms OST 01-004, directing the OST of the U.S. Department of the Interior to pay plaintiff in accordance with the court's default judgment. The forms were executed by the clerk of court and delivered to counsel for plaintiff, who in turn delivered the forms to the OST.[4]

Plaintiff now moves to enforce the court's default judgment and its order enforcing judgment.[5] The motion was served by hand delivery upon: the OST; the regional solicitor, Alaska, for the U.S. Department of the Interior; and the United States Attorney for the District of Alaska.[6] In support of this motion, plaintiff avers that BP has made the

---

[2]The judgment bears interest at the rate of 5% per annum from June 10, 2019.

[3]Docket No. 39.

[4]Docket No. 45.

[5]Docket No. 55.

[6]Id. at 8.

2020 rent payment and that, as of December 6, 2019, he has not received payment from defendant or the OST.

The court has received no response from or on behalf of the OST.

Rule 69(a)(1), Federal Rules of Civil Procedure, provides in pertinent part that proceedings supplementary to the enforcement of money judgments "must accord with the procedure of the state where the court is located[.]" Rule 90(b), Alaska Rules of Civil Procedure, provides in pertinent part that:

> on ex parte motion supported by affidavits, the court shall either order the accused party to show cause at some reasonable time, to be therein specified, why the accused party should not be punished for the alleged contempt[.]

The Alaska Rule further provides that contempt proceedings:

> may be commenced and prosecuted in the same action ... by the aggrieved party whose right or remedy in an action has been defeated or prejudiced or who has suffered a loss or injury by the act constituting a contempt.

By his motion and supporting declarations, plaintiff has established that there is cause to believe that the OST has failed and refused to comply with the terms of this court's default judgment and order enforcing judgment.[7]

The court will hear and decide plaintiff's motion to enforce judgment on Thursday, January 16, 2020, at 9:00 a.m., in Courtroom 4, 222 West 7th Avenue, Anchorage, Alaska. At that time and place, the OST, through an appropriate official and counsel, shall appear and show cause why the OST should not be held in civil contempt of court for failure to comply with the terms of the court's default judgment and order enforcing judgment.

---

[7]Docket Nos. 29 and 39.

The clerk of court shall provide counsel for plaintiff with two certified copies of this order which counsel shall hand deliver to the OST and the Alaska Solicitor for the U.S. Department of the Interior. The United States Attorney shall be served with this order by the clerk of court electronically through CM/ECF distribution.

DATED at Anchorage, Alaska, this  2nd  day of January, 2020.

/s/ H. Russel Holland
United States District Judge