ERIC GRANT, Deputy Assistant Attorney General
U.S. Department of Justice,
Environment & Natural Resources Division

JOANN KINTZ
PO Box 7611, Ben Franklin Station
Washington, DC, 20044-7611
Telephone: 202-305-0424
Facsimile: 202-305-0275
Email: JoAnn.Kintz@usdoj.gov

BRYAN SCHRODER, United States Attorney
RICHARD L. POMEROY, Assistant U.S. Attorney
222 West 7th Ave., Room 253, #9
Anchorage, AK 99513
Telephone: 907-271-5071
Facsimile: 907-271-3224

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>    Plaintiff,<br><br>v.<br><br>WALLACE OENGA,<br><br>    Defendant. | No. 3:19-cv-00043-HRH |

**UNITED STATES' NOTICE OF STATEMENT
REGARDING PLAINTIFF'S MOTION TO ENFORCE JUDGMENT AND RULE 70(a)
ORDER AND THE COURT'S ORDER TO SHOW CAUSE**

The United States, through undersigned counsel, hereby provides this notice of statement

regarding Plaintiff's Motion to Enforce Judgment and Rule 70(a) Order, ECF No. 55 (Dec. 6,

2019), and the Court's Order to Show Cause, ECF No. 59 (Jan. 2, 2020). By providing this statement, the United States does not concede to the Court's jurisdiction in this case over the Bureau of Indian Affairs ("BIA") or the Office of the Special Trustee for American Indians ("OST"), both federal agencies.

OST is in receipt of the Forms 01-004, signed by the Clerk of Court, and submitted to OST in July 2019. OST takes seriously the judgment issued in this case; however, OST has not made payment pursuant to the Forms and the corresponding judgment because such a payment would be contrary to federal law. Pursuant to federal regulation, unless the BIA restricts an Individual Indian Money[1] ("IIM") account through supervision because it deems an adult *non compos mentis* or in need of assistance, or the BIA restricts an IIM account through an encumbrance, OST only possesses authority to release funds upon the request of the account holder or his authorized representative. *See* 25 C.F.R. §§ 115.101, 115.102, 115.601; *see also* Office of the Special Trustee for American Indians Desk Operating Procedures ("OST DOP"), vol. 1, § 1.1, ch. II, at 3-4 (Nov. 29, 2004, rev'd Nov. 1, 2006) (outlining procedures whereby IIM account holder "may choose" to have an authorized representative who "may provide disbursement instructions and change address"). The OST DOP provides only one mechanism by which an account holder may have an authorized representative: "[A] Solicitor approved Power of Attorney Instrument." *Id.; see also* Interagency Procedures Handbook: Management of Trust Funds Derived From Assets and Resources on Trust and Restricted Indian Land ("Interagency Procedures Handbook"), ch. 6, § 6-6 (providing that only the account holder or his

---

[1] An IIM is "an interest bearing account for trust funds held by the Secretary that belong to a person who has an interest in trust assets. These accounts are under the control and management of the Secretary." 25 C.F.R. § 115.002.

United States' Notice of Statement
Case No. 3:19-cv-00043-HRH                 2

Power of Attorney may make disbursement requests). The Forms signed by the Clerk of Court do not constitute a request by an authorized representative.

Further, through submission of these Forms to OST, Plaintiff is seeking to have funds released from Defendant Wallace Oenga's IIM account in order to fulfill a debt—the monetary judgment issued in this action. Federal law specifies that, "No money accruing from any lease or sale of lands held in trust by the United States for any Indian shall become liable for the payment of any debt of, or claim against, such Indian contracted or arising during such trust period. . . . except with the approval and consent of the Secretary of the Interior." 25 U.S.C. § 410. Through promulgation of 25 C.F.R. §§ 115.601 and 115.104, BIA has enumerated the limited circumstances in which, acting on behalf of the Secretary of the Interior, it is authorized to release funds in an IIM account to fulfill a debt. Because Plaintiff is seeking fulfillment of a debt through the filing of this action and claims an entitlement to a portion of rents payed by BP Exploration, Inc. under a lease on a restricted fee allotment, *see* Complaint, ECF No. 1, Form 01-004 is inapplicable. Further, Plaintiff erroneously assumed that OST would be required to pay once it received the Forms signed by the Clerk of Court, but that assumption is contrary to federal law. *See* 25 U.S.C. § 410.

Instead, Plaintiff should have submitted documentation along with a request that BIA make an assessment as to whether an encumbrance can be placed on the account.[2] *See* Interagency Procedures Handbook, ch. 10, § 10-1. (describing documents required to request that

---

[2] Plaintiff should be well aware of the regulatory requirements for disbursements from IIM accounts, given his previous role as attorney for Defendant and the provisions related to IIM accounts in the Settlement Agreement at issue in this case. Instead of going through the BIA process, Plaintiff instead opted to file this lawsuit.

BIA make an encumbrance assessment). To date, Plaintiff has made no request to BIA to make such an assessment relating to this matter.

Because OST and BIA must adhere strictly to federal laws, regulations, and procedures in controlling and managing Defendant's IIM account, OST is unable to pay pursuant to the submitted Forms 01-004. In order to further provide background on the complex federal statutory and regulatory authority governing disbursements from IIM accounts, the United States provides this statement for the Court's consideration.

## Statutory and Regulatory Background for IIM Accounts

As stated above, an IIM account is an interest bearing account for trust funds held by the Secretary of the Department of the Interior ("Department") that belongs to a person who has an interest in trust assets, held in trust by the United States. Indian Affairs Manual, 70 I.A.M. Ch. 5. "Providing adequate controls over . . . disbursements" is one of the Secretary's trust responsibilities for administering IIM accounts. 25 U.S.C. § 162a(d)(2).

*Use of IIM Accounts for Payment of Debts*. The money Plaintiff seeks to have paid to him from Defendant's IIM account is from a lease on a restricted fee allotment. Restricted fee land means "land the title to which is held by an individual Indian or a tribe and which can only be alienated or encumbered by the owner with the approval of the Secretary because of limitations contained in the conveyance instrument pursuant to federal law." 25 C.F.R. § 115.002.

Money earned from the lease or sale of lands held in trust by the United States for an Indian may not be used to pay the debts of, or claims against, the Indian without the approval and consent of the Secretary.[3] 25 U.S.C. § 410; *see also First Citizens Bank & Tr. Co. v. Harrison*,

---

[3] Trust lands and restricted fee lands are treated the same for purposes of energy and

601, 326 P.3d 808 (2014) (holding that 25 U.S.C. § 410 protects against garnishment of funds in an individual's personal bank account when the funds are derived from the leasing of Indian trust land). That said, "§ 410 vests discretionary authority in the Secretary . . . with respect to the payment of debts and claims from IIM accounts." *G.H.G. v. Acting Rocky Mountain Regional Director, Bureau of Indian Affairs*, 39 IBIA 27, 30 (2003). This discretion, however, "is not unfettered" and is "bound by the trust responsibility of the United States toward the Indians for whom the funds are held." *Miller v. Anadarko Area Director*, *Bureau of Indian Affairs* 26 IBIA 97, 102 (1994).

In certain circumstances, set forth in 25 C.F.R. Part 115, the Department has authorized an IIM account to be encumbered. An encumbered account is an IIM account on which a restriction has been placed "by the BIA until money owed from [ ] the account is paid to a specified party." 25 C.F.R. § 115.701.

The authority to encumber an IIM account rests with BIA, not OST. *See* 25 C.F.R. Part 115 Subpart E. In "promulgating [25 C.F.R. §§ 115.104 and 115.601], BIA has restricted its discretion by specifying the circumstances under which it may use funds in an IIM account to pay debts or claims against the account holder." *G.H.G*, 39 IBIA at 30. As a result, the

---

mineral leases on Indian lands, *see* 25 C.F.R. § 212.3 (defining Indian lands to include lands held in trust by the United States and lands owned by an individual Indian or Alaska Native, title to which is subject to restrictions against alienation imposed by the United States), and funds derived from such leases are considered a trust asset, 25 C.F.R. § 115.702. In general, the distinction between trust and restricted fee allotments is a distinction without a difference. *See United States v. Bowling*, 256 U.S. 484, 487 (1921) ("As respect to both classes of allotments . . . the United States possesses a supervisory control over the land and may take appropriate measures to make sure that it inures to the sole use and benefit of the allottee . . . ."). Thus, the protections of 25 U.S.C. § 410 extend to restricted fee allotments.

Secretary may encumber an IIM account only for the reasons permitted by 25 C.F.R. §§ 115.104 and 115.601.

> 25 C.F.R. § 115.104 provides in part:
>
>> Funds of individuals may be applied by the Secretary or his authorized representative against delinquent claims of indebtedness to the United States or any of its agencies or to the tribe of which the individual is a member, unless such payments are prohibited by acts of Congress, and against money judgments rendered by courts of Indian offenses or under any tribal law and order code.
>
> 25 C.F.R. § 115.601 further provides:
>
>> (b) The BIA may restrict your IIM account through an encumbrance if the BIA:
>>    (1) Receives an order from a court of competent jurisdiction awarding child support from your IIM account; or
>>    (2) Receives from a third party:
>>       (i) A copy of the original contract between you and the third party in which you used your IIM funds as security/collateral for the transaction;
>>       (ii) A copy of the document showing that the BIA approved in advance the use of your IIM funds as security/collateral for the contract;
>>       (iii) Proof of your default on the contract according to the terms of the contract; and
>>       (iv) A copy of the original assignment of IIM income as security/collateral for the contract that is signed and dated by you and is notarized;
>>    (3) Receives a money judgment from a Court of Indian Offenses pursuant to 25 CFR 11.208 or under any tribal law and order code;
>>    (4) Is provided documentation showing that BIA or OTFM caused an administrative error which resulted in a deposit into your IIM account, or a disbursement to you, or to a third party on your behalf; or
>>    (5) Is provided with proof of debts owed to the United States pursuant to § 115.104 of this part.[4]

---

[4] Section 115.601(b)(2), governing requests from third parties, requires advanced approval by BIA of any use of IIM account funds "as security/collateral for a contract." BIA did not approve the Settlement Agreement at issue in this case. Thus, the judgment entered in this case does not appear to fit into any of the categories listed in 25 C.F.R. §§ 115.104 and 115.601 If that is the case, then the Department would have no authority to encumber the Defendant's

After BIA encumbers an IIM account, it must then notify the account holder and provide the account holders with an opportunity to challenge the BIA's decision to restrict the IIM account. *Id.* § 115.600. Following the culmination of this process, OST may place an encumbrance restriction on the IIM account in OST's Trust Fund Accounting System only after BIA provides OST with the proper supporting documentation assembled by BIA pursuant to Department policy and procedures. *See* Interagency Procedures Handbook, ch. 10, § 10-1. Once the encumbrance restriction is in place, OST is still not authorized to make a payment until it receives from BIA a distribution plan that BIA developed and approved to effect the encumbrance. *See id*; s*ee also* 25 C.F.R. § 115.617 ("BIA will provide [the OST Office of Trust Funds Management] with a copy of the distribution plan, after the BIA decides to: . . . (b) Encumber your IIM account. . . .").

In order to initiate this process, BIA must first receive a request to encumber the account—Plaintiff has not made such a request to BIA. Instead, OST has received a copy of the judgment and the Forms signed the Clerk of Court, which are insufficient documentation for a request to encumber Defendant's account. Plaintiff should have submitted the specific documentation as outlined in the Interagency Procedures Handbook with the request that BIA make an assessment as to whether an encumbrance can be placed on the account. *See* Interagency Procedures Handbook, ch. 10, § 10-1.

---

IIM account to make the payment to Plaintiff. *See Vincent Vitale v. Juneau Area Director, Bureau of Indian Affairs*, 36 IBIA 177 (2001) (upholding the BIA's denial of a claim for payment of state court's attorney fees award from funds held in an IIM account, citing 25 U.S.C. § 410 and its implementing regulations.)

*Requirements for Disbursement to a Potentially Legally Incapacitated Account Holder.*
When an individual account holder is *non-compos mentis,* an adult in need, or under legal disability, the funds from IIM accounts may be disbursed to individual account holders, a legal guardian, or a curator under such conditions as the Secretary or his authorized representative may designate. 25 C.F.R. § 115.102. The BIA and OST have been assigned specific roles and responsibilities to carry out this function. Indian Affairs Manual, 70 I.A.M. Ch. 5. If the individual account holder is either *non-compos mentis* or under the assessment process to determine whether he is *non-compos mentis,* capable of managing his financial affairs, or under legal disability, he does not have the capacity to prepare or sign any forms directing activity on his account. When an account holder lacks the capacity to prepare the form, no one is able to prepare the form on the account holder's behalf unless a conservator has been appointed and recognized by the Department for the purposes of accessing the IIM account. *See* Interagency Procedures Handbook ch. § 6-8 (outlining requirements and procedures for the appointment of a power of attorney). In this situation, the BIA must follow the regulatory process to assess the account holder's capacity. Depending upon the outcome of the BIA's assessment, a restriction may be placed upon the account. *See id.* ch. 10, § 10-1. Given the requirements imposed by federal regulation and procedures as to who may withdraw funds from IIM accounts, BIA and OST are unable to process payment pursuant to the Forms 01-004 signed by the Clerk of Court and submitted by Plaintiff. *See id*. ch. 6, § 6-6 (outlining procedures and requirements for withdraw of funds from an IIM account).

## OST's Statement Regarding Plaintiff's Motion to Enforce Judgment and Rule 70(a) Order

On December 6, 2019, Plaintiff Raymond C. Givens filed with this Court a Motion to Enforce Judgment and Rule 70(a) Order ("Motion") against OST, a non-party to this case. The Plaintiff's Motion sought entry of an order requiring OST to show cause why it should not be held in contempt "for its failure to make payment to" the Plaintiff from the Defendant's IIM account "pursuant to direction from the Clerk of Court, acting for and on behalf of Defendant by order of this Court under Rule 70(a)." ECF No. 55 at 1. Alternatively, the Plaintiff's Motion sought entry of an order that requires OST to show cause why the Court "should not directly order OST to make payment to" the Plaintiff from the Defendant's IIM account. *Id*. at 2. On January 2, 2020, the Court issued an Order to Show Cause ("Order") against OST to appear on January 16, 2020 and "show cause why the OST should not be held in civil contempt of the Court for failure to comply with the terms of the court's default judgment and order enforcing judgment." ECF No. 59 at 3.

With respect to Plaintiff's request, Plaintiff has "the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir.1992). There has been no order in this matter directing OST—as a non-party, federal agency—to take any action in this case. Plaintiff's complaint only names Wallace Oenga as defendant and seeks monetary damages and specific performance from him, and no others. In his Motion, Plaintiff has failed to explain how any order for specific performance mandating Wallace Oenga to take action under the judgment would extend to OST, which is not a party to this case or properly within the jurisdiction of this Court. And even though the Court directed the Clerk of Court to sign and

initial the Forms OST 01-004, ECF No. 39, the Order does contain a corollary and implied obligation on OST to honor the Forms OST 01-004 without regard to governing federal laws, regulations, and procedures to the contrary. Because Plaintiff has not met his burden and because OST is not in civil contempt of any of the Court's orders or judgment, the Court should deny Plaintiff's request.[5]

RESPECTFULLY SUBMITTED, on January 10, 2020.

BRYAN SCHRODER
United States Attorney

s/ *Richard L. Pomeroy*
Assistant U.S. Attorney
United States of America

ERIC GRANT, Deputy Assistant Attorney General
U.S. Department of Justice,
Environment & Natural Resources Division

s/ *JoAnn Kintz*
JOANN KINTZ
PO Box 7611, Ben Franklin Station
Washington, DC, 20044-7611
Telephone: 202-305-0424
Facsimile: 202-305-0275
Email: JoAnn.Kintz@usdoj.gov

*Attorneys for Federal Defendants*

---

[5] Further, the relief sought in Plaintiff's request is jurisdictionally and procedurally infirm, and for the reasons explained above, contrary to federal law. Namely, the requested relief against OST is barred by sovereign immunity, *Federal Deposit Insurance Corporation v. Meyer,* 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."), and beyond the scope of the relief requested in the Complaint.

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2020, a copy of the foregoing was served on:

Raymond C. Givens (electronically via the Court's CM/ECF system)

Wallace Oenga (via FedEx)

s/ JoAnn Kintz
U.S. Department of Justice

United States' Notice of Statement
Case No. 3:19-cv-00043-HRH 11

Case 3:19-cv-00043-HRH   Document 61   Filed 01/10/20   Page 11 of 11