RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com

Attorneys for Plaintiff Raymond Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>    Plaintiff,<br><br>v.<br><br>WALLACE OENGA,<br><br>    Defendant. | **PLAINTIFF'S RESPONSE TO UNITED STATES' NOTICE OF STATEMENT**<br><br>Case No. 3:19-cv-00043-HRH |

On January 10, 2020, the United States, on behalf of the Office of Special Trustee ("OST"), U.S. Department of the Interior, filed a notice of statement[1] in response to the Court's order, dated January 2, 2020, to show cause why OST should not be held in civil contempt for failing to comply with the Court's judgment of specific performance and order enforcing judgment.[2] Plaintiff's response to that notice follows.

---

[1]     Docket No. 61 ("Notice of Statement").

[2]     Docket No. 59.

PLAINTIFF'S RESPONSE TO
UNITED STATES NOTICE OF STATEMENT
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH      Page 1 of 11

Case 3:19-cv-00043-HRH    Document 62    Filed 01/13/20    Page 1 of 11

## I. BACKGROUND

On June 10, 2019, the Court entered default judgment against Defendant Wallace Oenga.[3] The judgment included an award to Plaintiff for damages of $136,116.91. Importantly, the judgment also included an award of specific performance, requiring Defendant to honor his contractual promise to Plaintiff to sign OST forms directing it to make payments to Plaintiff from rents received into Defendant's Individual Indian Money ("IIM") account.

When Defendant failed to comply with the Court's order of specific performance, on July 9, 2019 the Court, acting under Rule 70, Federal Rules of Civil Procedure, entered an order enforcing judgment, instructing the Clerk of Court to sign the OST forms for and on behalf of Defendant.[4] The Clerk did so the same day, stating expressly there that this was done "by order of the U.S. District Court of Alaska."[5] On July 1, 2019, Plaintiff delivered to OST the default judgment, the order enforcing judgment, and the OST forms signed by the Clerk of Court.[6]

OST does not explain why for over six months it ignored the Court's judgment of specific performance, the Court's order enforcing judgment, and the OST forms signed by the Clerk of Court at the Court's direction.

---

[3] Docket No. 29.

[4] Docket No. 39.

[5] Docket Nos. 40 and 41 (Sealed).

[6] Docket No. 45-1.

PLAINTIFF'S RESPONSE TO
UNITED STATES NOTICE OF STATEMENT
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH    Page 2 of 11

Case 3:19-cv-00043-HRH   Document 62   Filed 01/13/20   Page 2 of 11

WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

## II. ARGUMENT

OST argues that it is prevented by federal law from releasing the funds to Plaintiff. OST's arguments are without merit for the following reasons.

### A. 25 U.S.C. § 410 Does Not Prevent OST From Making Payment To Plaintiff

OST argues that it is prevented by 25 U.S.C. § 410 from paying Plaintiff from Defendant's IIM account.[7] OST's argument seems to assume that Plaintiff is simply seeking here to collect a debt from Defendant from his IIM account. However, OST's argument ignores the following: (1) Defendant made a binding contractual promise to Plaintiff that Defendant would direct OST to pay Plaintiff from the rents received in Defendant's IIM account; (2) the Court's judgment included an order of specific performance requiring Defendant to honor that promise; and (3) when Defendant failed to comply with the Court's judgment of specific performance, the Court entered an order instructing the Clerk of Court, acting for and on behalf of Defendant, sign the OST forms directing it to pay Plaintiff. In short, this matter should be treated by OST as if Defendant himself had signed the OST forms directing payment to Plaintiff. Accordingly, 25 U.S.C. § 410 and the authority cited by OST do not bar this enforcement action, because the order to show cause concerns a judgment and order of specific performance, not merely the collection of a debt.

---

[7] Notice of Statement at 3, 4-5.

PLAINTIFF'S RESPONSE TO
UNITED STATES NOTICE OF STATEMENT
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 3 of 11

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

OST concedes that 25 U.S.C. § 410 does not prevent OST from being obligated to pay monies if so directed by an Indian or Alaska Native account beneficiary.[8] Likewise here, section 410 does not prevent OST from being obligated to pay monies at the direction of the Clerk of Court, standing in Defendant's shoes and acting for and on his behalf.

OST also concedes that 25 U.S.C. § 410 does not prevent it from being obligated to pay monies from an IIM account to a third person like Plaintiff where such payment was approved and consented to by the Secretary of the Interior.[9] OST argues that no such approval or consent was given here.[10] However, such approval and consent *was* given by the United States as part of the settlement of the underlying litigation between the Oenga heirs and the BIA and the oil company intervenors.[11]

Finally, OST points to the trust responsibility owed by the United States to Indians and Alaska Natives as grounds for not complying with the terms of the Court's judgment and order of specific performance, and the direction of the Clerk of Court, acting by and for Defendant. That is indeed an ironic argument for OST to make here: Plaintiff is entitled to be paid a contingent legal fee because he succeeded in arguing in the underlying litigation that the United States had breached its fiduciary duty to the Oenga heirs, including to

---

[8] *Id.* at 2. *See also* 25 CFR § 115.101 ("[A]dults shall have the right to withdraw funds from their accounts. Upon their application . . . their funds shall be disbursed to them.").

[9] Notice of Statement at 3.

[10] *Id.* at 6 n.4.

[11] Docket No. 27-3 at 2 (Sealed).

PLAINTIFF'S RESPONSE TO
UNITED STATES NOTICE OF STATEMENT
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH    Page 4 of 11

Case 3:19-cv-00043-HRH   Document 62   Filed 01/13/20   Page 4 of 11

Defendant, in entering into a lease that dramatically underpaid rent to them. Now, the United States is arguing that its fiduciary duty to Defendant prevents Plaintiff from being paid for his efforts.

### B. Plaintiff Was Not Required To Ask The BIA To Authorize An Encumbrance On Defendant's IIM Account

OST argues that Plaintiff should first have requested that the Bureau of Indian Affairs ("BIA"), of the U.S. Department of the Interior, make an assessment as to whether an encumbrance can be placed on Defendant's IIM account.[12] However, Plaintiff was not required to make such request in order to be paid here. Instead, Plaintiff seeks enforcement of the Court's judgment and order that Defendant honor his contractual promise to direct OST to pay Plaintiff. The Clerk of Court, acting for and on behalf of Defendant at the direction of the Court, has done just that. Plaintiff seeks here only an order requiring OST to comply with the direction of Defendant, acting by the through the Clerk of Court under Rule 70, Federal Rules of Civil Procedure, regarding his account.

### C. Plaintiff Does Not Seek Enforcement Of The Court's Judgment For Specific Performance On The Grounds Of Defendant's Incapacity

OST argues that it can make disbursements directed by others for a legally incapacitated account holder, but that Plaintiff has failed to show that those requirements are met here.[13] However, Plaintiff does not claim that Defendant is *non-compos mentis,* and to

---

[12] Notice of Statement at 3, 5-7.

[13] *Id.* at 8.

PLAINTIFF'S RESPONSE TO
UNITED STATES NOTICE OF STATEMENT
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH   Page 5 of 11

Case 3:19-cv-00043-HRH   Document 62   Filed 01/13/20   Page 5 of 11

Plaintiff's knowledge no conservator or guardian has been appointed for Defendant.[14] Further, Plaintiff does not seek enforcement of the OST forms signed by the Clerk of Court, for and on behalf of Defendant, on that ground.

### D. The Court Has Jurisdiction Over OST

OST argues that Plaintiff has failed to show that the Court has jurisdiction over it. OST's arguments are without merit for the following reasons.

#### 1. The Civil Rules

As Plaintiff argued in his motion to enforce judgment and Rule 70(a) order,[15] and as the Court noted in its order to show cause, the Court looks to Alaska state law "in proceedings supplementary to and in aid of judgment or execution." Rule 69(a)(1), Federal Rules of Civil Procedure.

Under Alaska law, the process to enforce a judgment "shall be by a writ of execution, *unless the court directs otherwise.*" Rule 69(a), Alaska Rules of Civil Procedure (emphasis added). A party who fails to comply with an order outside the presence of the Court may be held in contempt in the main action, following a hearing on an order to show cause:

> [U]pon a proper showing on ex parte motion supported by affidavits, the court shall . . . order the accused party to show cause at some reasonable time, to be therein specified, why the accused party should not be punished for the alleged contempt. . . . Such proceeding may be commenced and prosecuted in the same action
> . . .

---

[14] Docket No. 25 ¶ 30.

[15] Docket No. 55.

PLAINTIFF'S RESPONSE TO
UNITED STATES NOTICE OF STATEMENT
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH     Page 6 of 11

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

Rule 90(b), Alaska Rules of Civil Procedure.

The Court has jurisdiction over a non-party who is subject to a lawfully enforced order against that person: "When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." Rule 71, Federal Rules of Civil Procedure. Thus, the federal and state civil rules expressly give the Court jurisdiction over OST, even though it is not a party to this action.[16]

### 2. The Court's Inherent Authority

In addition to the authority expressly given by the above civil rules, the Court has the inherent authority to enforce its judgment and order by civil contempt against a nonparty. "A district court also has the inherent authority to enforce compliance with its orders through a civil contempt proceeding." *International Union, UMWA v. Bagwell*, 512 U.S. 821, 827–28 (1994). "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. U.S.*, 384 U.S. 364, 370 (1966).

The Court also has the inherent authority to enter a contempt order against a nonparty to effectuate the Court's judgment and order. *See, e.g., Chambers v. Nasco, Inc.*, 501 U.S. 32, 50-51 (1991) (affirming imposition of sanctions against nonparty); *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994) ("[E]ven in the absence of statutory authority, a court may impose attorneys' fees against a nonparty as an exercise of the court's inherent

---

[16] *See also* the Court's Order to Show Cause at 3.

PLAINTIFF'S RESPONSE TO
UNITED STATES NOTICE OF STATEMENT
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH            Page 7 of 11

Case 3:19-cv-00043-HRH   Document 62   Filed 01/13/20   Page 7 of 11

authority to impose sanctions to curb abusive litigation tactics."); *Lockary v. Kayfetz*, 974 F.2d 1166 (9th Cir. 1992), *abrogated on other grounds by Margolis v. Ryan*, 140 F.3d 850, 854–55 (9th Cir. 1998) (trial court has authority to sanction a nonparty that supplies a litigant's attorneys and funds the litigation); *In re Rainbow Magazine, Inc.*, 77 F.3d 278 (9th Cir. 1996) (upholding sanctions levied under the court's inherent powers against corporate debtor's principal who orchestrated the bad faith filing of the bankruptcy petition); *Seco Nevada v. McMordie (In re Holloway)*, 884 F.2d 476, 477 (9th Cir.1989) (upholding sanction against nonparty court reporter for unwarranted delay); *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980) (citing the courts' "inherent equitable authority to issue a variety of ancillary relief measures," the Ninth Circuit affirmed a district court stay that prevented nonparties from initiating litigation against an entity in receivership). *See also, United States v. Hall*, 472 F.2d 261, 268 (5th Cir. 1972) (Wisdom, J.) ("We hold, then, that the district court had the inherent power to protect its ability to render a binding judgment between the original parties to the *Mims* litigation by issuing an interim ex parte order against an undefinable class of persons."). The Court's power to issue an order to a nonparty should be exercised only where necessary, in order to effectuate the relief already ordered by the Court. *S.E.C. v. Hickey*, 322 F.3d 1123, 1131 (9th Cir. 2003).

Here, the Court has the inherent authority to enter an enforcement order directed to OST in order to effectuate the Court's judgment and order of specific performance in this case.

PLAINTIFF'S RESPONSE TO
UNITED STATES NOTICE OF STATEMENT
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH                           Page 8 of 11

Case 3:19-cv-00043-HRH   Document 62   Filed 01/13/20   Page 8 of 11

### 3. The Court Has Entered Orders Directed To OST

OST argues that the Court lacks jurisdiction over it because there has been no direct order of the Court to OST requiring it to take action in this case.[17] However, OST received copies of the Court's judgment and order of specific performance and the OST forms signed by the Clerk of Court, which stated expressly that they were signed by order of the Court. OST has known for over six months that this Court has entered a judgment and order requiring OST to make payment Plaintiff from Defendant's IIM account.

Notwithstanding this, the Court, in the exercise of its inherent authority and discretion, could itself enter an order now directly to OST requiring it to comply with the Court's judgment and order of specific performance and the OST forms signed by the Clerk of Court. If the Court chooses to do so, Plaintiff asks that the Court set a reasonable deadline for OST to act.

### 4. OST Does Not Have Sovereign Immunity

Finally, OST argues in a footnote that it is protected from this enforcement action by sovereign immunity.[18] But the Court has not entered a money judgment against OST or the United States. Instead, the Court has ordered OST to comply with its judgment and order of specific performance and the direction of the Clerk of Court, acting by and on behalf of

---

[17] Notice of Statement at 9.

[18] *Id.* at 10 n.5.

PLAINTIFF'S RESPONSE TO
UNITED STATES NOTICE OF STATEMENT
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 9 of 11

Case 3:19-cv-00043-HRH   Document 62   Filed 01/13/20   Page 9 of 11

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

Defendant, to disburse funds to Plaintiff from Defendant's IIM account. Sovereign immunity is waived in this situation by section 702 of the Administrative Procedure Act, 5 U.S.C. § 702. As noted by the D. C. Circuit Court of Appeals in *Cobell v. Norton*, 240 F.3d 1081, 1094 (2001), "section 702 of the Administrative Procedure Act waives federal officials' sovereign immunity for actions 'seeking relief other than money damages' involving a federal official's action or failure to act." If Defendant himself had given direction to OST to pay Plaintiff, as Defendant was required to do by the Court's judgment of specific performance, OST would not be immune from an enforcement action for failure to comply with that direction. Likewise here, where the direction came from the Clerk of Court, acting for and on behalf of Defendant on order of this Court, OST is not immune from this enforcement action.

## III. CONCLUSION

For the reasons stated above, the Court should find OST to be in civil contempt of this Court for its failure to comply with the Court's judgment of specific performance, the Court's order enforcing judgment, and the OST forms signed by the Clerk of Court, acting by and on behalf of Defendant by order of the Court.

PLAINTIFF'S RESPONSE TO
UNITED STATES NOTICE OF STATEMENT
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH　　　　Page 10 of 11

Case 3:19-cv-00043-HRH Document 62 Filed 01/13/20 Page 10 of 11

Dated at Anchorage, Alaska, this 13th day of January, 2020.

WINNER & ASSOCIATES, P.C.
Attorneys for the Plaintiff Raymond C. Givens

By: s/ Russell L. Winner
900 West Fifth Avenue, Suite 700
Anchorage, Alaska 99501
Phone: (907) 277-9522
Fax: (907) 277-4510
E-mail: rwinner@winnerlaw.com
ABA No. 7811149

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

PLAINTIFF'S RESPONSE TO
UNITED STATES NOTICE OF STATEMENT
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH     Page 11 of 11

Case 3:19-cv-00043-HRH   Document 62   Filed 01/13/20   Page 11 of 11