RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone:   (907) 277-9522
Facsimile:   (907) 277-4510
Email: rwinner@winnerlaw.com

Attorneys for Plaintiff Raymond Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

Law Offices of

**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>      Plaintiff,<br><br>  v.<br><br>WALLACE OENGA,<br><br>      Defendant. | Case No. 3:19-cv-00043-HRH |

**PLAINTIFF'S RESPONSE TO UNITED STATES'
SUPPLEMENTAL BRIEF REGARDING PLAINTIFF'S
MOTION TO ENFORCE JUDGMENT AND RULE 70(a) ORDER
AND THE COURT'S ORDER TO SHOW CAUSE**

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 1 of 24

# Table of Contents

Page

I.   INTRODUCTION                                                              3

II.  FACTS AND BACKGROUND                                                      4

III. JURISDICTION                                                             10

     A.  Sovereign Immunity Doe Not Bar the Court's Rule 70(a) Order          10
         1.  Plaintiff's Request for a Rule 70(a) Order Is Not
             a Suit Against the United States                                 10
         2.  The Tucker Act's Waiver of Sovereign Immunity
             Authorized the Court's Rule 70(a) Order                         12
         3.  The Administrative Procedure Act's Waiver of Sovereign
             Immunity Authorized the Court's Rule 70(a) Order                 13

     B.  The Court Does Not Lack Subject Matter Jurisdiction Over OST
         Because Plaintiff Failed to Exhaust His Administrative Remedies      14

IV.  MERITS                                                                   16

     A.  The Government Gave Its Approval and Consent to the
         Contingency Fee Contract, as Amended, Under 25 U.S.C. § 410         16

     B.  Defendant's Current Mental Status Is No Bar to Enforcement of
         The Court's Rule 70(a) Order                                         20

V.   CONCLUSION                                                               22

Law Offices of

**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 2 of 24

# I. INTRODUCTION

In apparent recognition of the weakness of its position on the merits, the United States' Supplemental Brief Regarding Plaintiff's Motion to Enforce Judgment and Rule 70(a) Order and the Court's Order to Show Cause ("United States' Supplemental Brief") (Doc. No. 69) placed principal reliance on arguments of jurisdiction. Plaintiff responds here to those jurisdictional arguments. Additionally, Plaintiff responds to the new arguments presented by the United States on the merits.

This Court has jurisdiction to require the Office of the Special Trustee for American Indians ("OST") to pay Plaintiff, under Rule 70(a), Federal Rules of Civil Procedure. Sovereign immunity is no bar: Plaintiff's request for a Rule 70(a) order is not a suit against the United States, and in any event sovereign immunity has been waived here. Further, the exhaustion of administrative remedies is not required, and in any event it would be futile.

On the merits, 25 U.S.C. § 410 does not prevent enforcement of the Court's Rule 70(a) order because the United States gave its approval and consent to the contingency fee contract, as amended, between Plaintiff and the Oengas. Finally, Defendant's current mental status is no bar to enforcement of the Court's order.

These points are discussed more fully below.

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 3 of 24

Law Offices of

**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

## II.     FACTS AND BACKGROUND

The Court is, by now, well aware of the fact and background of this case, and they need not be repeated here.[1] Plaintiff will, however, respond to specific factual assertions made by the United States in its supplemental brief.

The United States argues throughout its brief that for OST to be obligated to pay Plaintiff now, he should have asked the BIA for approval of his contingency fee contract with the Oengas before suing the United States in the United States Court of Federal Claims ("CFC"). However, before suit was filed the BIA was dismissive of, even hostile to, the Oengas' claims and Plaintiff's assertion of them. It was obvious to Plaintiff and the Oengas that the BIA would say No to their contingent fee contract or insist on unacceptable terms, effectively preventing suit. What would have happened then? Would Plaintiff and the Oengas be required to appeal that decision administratively, and then through the courts, before filing suit against the BIA? That would have been unworkable. *See* the accompanying Declaration of Raymond C. Givens.

_____

[1]     *See* Plaintiff's Complaint (Doc. No. 1) ¶¶ 6-24; Plaintiff's Memorandum in Support of Motion for Default Judgment (Doc. No. 20) at 2-11; Declaration of Raymond C. Givens with Exhibits 1-16 (Doc. Nos. 25 (redacted) and 27 (under seal)); Default Judgment (Doc. No. 29); Order Enforcing Judgment (Doc. No. 39); Acknowledgement of Receipt by OST (Doc. No. 45-1); Plaintiff's Motion to Enforce Judgment and Rule 70(a) Order (Doc. No. 55) at 2-3; Declaration of Raymond C. Givens (Doc. No. 56); Order to Show Cause (Doc. No. 59); Plaintiff's Response to United States' Notice of Statement (Doc. No. 62) at 2; Plaintiff's Supplemental Response to United States' Notice of Statement (Doc. No. 65) at 4-12; Declaration of Raymond C. Givens (Doc. No. 66) and Exhibit 17 thereto.

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 4 of 24

In the contingency fee contract, as amended, the Oengas agreed to direct OST to pay Plaintiff a reasonable contingent fee from any increase in rents from their allotment that he might win for them.[2] The United States asserts that it never approved this contract. But that is simply not the case. Although it was reluctant to do so, the United States *did* approve of the contingency fee contract, as amended, as part of the settlement process following the Oengas' victory against the BIA in the CFC action.

First, the United States agreed in the Confidential Term Sheet, dated June 23, 2011, to Plaintiff being paid a contingent fee from future rents. (Doc. No. 27-3) The Term Sheet stated: "What follows is a summary of the terms of the parties' settlement agreement." The Term Sheet then stated: "*Some of lump sum and future rents will be paid to Givens Law firm and some to BIA for the Plaintiffs' benefit, as agreed to by Plaintiffs and Givens Law firm.*" The Term Sheet was signed by Jason Hill, "[o]n behalf of the United States." The United States did not merely "recognize" that an agreement existed between Plaintiff and the Oengas regarding his fees, as the United States asserts now. United States' Supplement Brief at 6. Instead, the United States expressly *agreed* that Plaintiff could receive payments from future rents.

---

[2]    The original Contingency Fee Contract provided for payment to Plaintiff of a percentage of the increase in rents that he might win for the Oengas. (Doc. No. 27-1) The Contingency Fee Contract First Amendment simplified the formula by reducing the percentage, but applying it to the full rents to be received. (Doc. No. 27-4) This had the effect of slightly reducing Plaintiff's fees, while retaining the concept of payment to him from the increase in rents. Finally, under the Fee Cost Reduction Agreement, Plaintiff agreed to take his costs "off the top," which had the effect of further reducing his fees. (Doc. No. 27-5) The Fee Cost Reduction Agreement reaffirmed the percentage that Plaintiff would receive from future rents.

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH        Page 5 of 24

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

Second, on December 9, 2011, Eugene R. Virden, Regional Director of the BIA Alaska Region, wrote in a letter to Plaintiff that, as part of the BIA's consideration of a distribution plan for a minor Oenga heir, the BIA had reviewed the specific terms of the contingent fee contract and its first amendment. (Doc. No. 66) Virden's letter stated:

> In order to properly evaluate the Itemization Sheet, the BIA has had to focus its attention on the terms of the attorney client agreement, as amended, upon which the Itemization categories and amounts are presumably based. *The two documents we have looked at are the October 31, 2003 Contingency Fee Contract and the August 5, 2011 First Amendment thereto.* We understand these contractual documents were first provided to Department of Justice and Regional Solicitor's Office counsel in August, 2011.

(Doc. No. 66 at 3) (emphasis added) Virden stated in his letter that he understood the BIA's role to be to review and authorize future disbursements under the contingency fee contract, as amended:

> Admittedly, this is an unusual situation. We are not aware of any past instances where the BIA has been called upon to authorize a very substantial disbursement, *or series of future disbursements*, on the basis of a contingency fee agreement such as exists in the present case.

*Id*. at 5 (emphasis added).

Virden's letter asked Plaintiff to provide certain additional information about his fees and costs, and Virden asked Plaintiff to consider amending his agreement with the Oengas to take his costs "off the top," thereby reducing Plaintiff's fees. *Id*. at 8. Plaintiff agreed to do that in the Fee/Cost Reduction Agreement. (Doc. 27-5)

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 6 of 24

Law Offices of

**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

Virden's other questions were answered to his satisfaction, and, as part of the distribution plan for the Oenga minor, the BIA approved payments to Givens from future rents. (Doc. Nos. 27-17, 27-21) United States' Supplemental Brief at 7. (Virden's letter and his subsequent approval of payments to Plaintiff regarding the Oenga minor shall be referred to herein as the "Virden decision.")

The United States now argues that although the BIA approved payment of the fees in the disbursement plan for the minor Oenga's account, "it did not purport to broadly approve the agreement between the Oenga heirs and Plaintiff." United States' Supplemental Brief at 7. This argument is disingenuous, however, because the BIA's fiduciary duties are at their highest when considering a disbursement plan for a minor. 25 CFR §§ 115.400 - .431.

Third, in May 2012 the United States entered into the Settlement Agreement and Release of All Claims ("Settlement Agreement"), resolving the CFC action and related administrative claims. (Doc. No. 27-7) There, the United States acknowledged and agreed to the contingency fee contract, as amended, between Plaintiff and the Oengas. Paragraph 18 of that agreement stated:

> Ownership – The Parties, individually and collectively, represent that they are the owners of all rights, title, and interest in and to any and all of the claims released herein, and that no other person, firm, entity, government or corporation has the right to enforce or otherwise sue for damages, losses, injunctive relief or recovery under any and all of the claims released herein. The Parties, individually and collectively, further represent that they have not assigned, transferred, conveyed, and will not in the future assign, transfer or convey to any person, entity, government or corporation any claim, demand, action, cause of action right of recovery or

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 7 of 24

damages in any way related to any and all of the claims released herein. *The representations of this paragraph do not apply to any contingent fee agreement entered into between any party and their respective attorney(s) for representation in the Litigation or negotiation of the Lease, Amended Lease, any Replacement Lease, and this Settlement Agreement, or any other representation related to Parcel B.*

(Emphasis added.)

The United States points to an email to Plaintiff from Roger Hudson, Assistant Regional Solicitor for the U.S. Department of the Interior in Alaska, in support of its assertion that the United States did not approve the contingency fee contract, as amended, between Plaintiff and the Oengas. United States' Supplemental Brief at 6-7 (Doc. No. 69-1). However, that email was written on October 17, 2011, before the Virden decision and the Settlement Agreement.

The United States notes that Plaintiff did not appeal from the August 2015 decision letter of Weldon B. Loudermilk, Regional Director of the BIA Alaska Region, which letter declined to retroactively approve the contingency fee contract, as amended. (Doc. No. 27-12). However, Loudermilk's approval was not necessary because that approval was earlier impliedly given under the Tucker Act, 28 U.S.C. § 1491, *see* discussion below, and it was expressly given in the Confidential Term Sheet, the Virden decision, and the Settlement Agreement. Finally, Plaintiff's Complaint against Defendant in this action was based in part on the 2018 settlement agreement between them, which was entered into after Loudermilk's letter.

More generally, the United States' paints a sterile and one-sided picture of the background and facts. United States' Supplemental Brief at 2-9. The United States fails to note

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 8 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

the Oengas' inability to find counsel without entering into a contingency fee agreement. The United States fails to note that other attorneys refused to take the case, even on a contingency fee basis, because it was too risky and time-consuming. The United States fails to acknowledge that Plaintiff was a sole practitioner who went alone against teams of attorneys representing the United States and major oil companies. The United States fails to note that Plaintiff dropped all his other cases and drained his personal savings to fund the litigation. The United States fails to note that the, due solely to Plaintiff's efforts, the CFC found that the BIA had breached its fiduciary duties to the Oengas by failing to obtain reasonable rent for their allotment. The United States fails to acknowledge that but for Plaintiff's efforts in proving the BIA's breach, the Oengas would not be receiving greatly increased rental payments every year. The United States inaccurately depicts Plaintiff as a garden-variety creditor, failing to acknowledge that his right to payment for fees equitably vested and attached to the increase in rents before they are deposited in Defendant's IIM account. The United States fails to note that Defendant repeatedly made written contractual promises to direct OST to pay Plaintiff his earned contingent fee, but then Defendant reneged on those promises. Finally, the United States fails to appreciate the irony of it arguing now that the BIA's fiduciary duty to Defendant requires it to protect him from Plaintiff, yet it was Plaintiff who earlier fought on Defendant's behalf to establish that the BIA had breached its fiduciary duty to secure fair rents for the allotment.

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 9 of 24

Law Offices of

**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

**III.     JURISDICTION**

In apparent recognition of the weakness of its position on the merits, the United States places principal reliance in its supplemental brief on arguments of jurisdiction. For the following reasons, those arguments are without merit.

**A.     Sovereign Immunity Does Not Bar The Court's Rule 70(a) Order**

The United States is wrong when it argues that the Court's Rule 70(a) order is barred by sovereign immunity. First, this is not a suit against the United States. Second, sovereign immunity is waived by the Tucker Act. Finally, sovereign immunity is waived by the Administrative Procedure Act.

**1.     Plaintiff's Request For A Rule 70(a) Order Is Not A Suit Against the United States**

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *U.S. v. Mitchell*, 463 U.S. 206, 212 (1983). And, as the United States noted, *Dugan v. Rank*, 372 U.S. 609 (1963), stated that "a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," or if the effect of the judgment would be "to restrain the Government from acting, or to compel it to act." *Id*. at 620. United States' Supplemental Brief at 11. However, the United State failed to note that *Dugan* recognized two exceptions to the above general rule regarding what constitutes a suit against the United States: "Those exceptions are (1) action by officers beyond their statutory powers and (2) even though

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 10 of 24

within the scope of their authority, the powers themselves or the manner in which they are exercised are constitutionally void." *Id*. at 621-22.

Those exceptions were relied on by the Ninth Circuit Court of Appeals in *Turner v. Kings River Conservation District*, 360 F.2d 184, 189-90 (1966). There, riparian landowners sought injunctive relief against federal employees operating a dam. The Ninth Circuit rejected the argument of the United States that the suit was barred by sovereign immunity. The *Turner* court held that the claims could go forward under both exceptions recognized in *Dugan* and that the action was not barred by sovereign immunity.

Here, both exceptions are applicable as well. The employees of OST violated their obligation to follow the direction of an Indian IIM account holder, acting through the Clerk of Court, regarding the disbursement of his funds. 25 CFR § 115.101; 25 U.S.C. §§ 4042–4043. Additionally, by failing to pay Plaintiff, the OST employees acted unconstitutionally to take his valuable contractual property rights. *See, e.g., Lynch v. United States,* 292 U.S. 571, 579 (1934) ("The Fifth Amendment commands that property be not taken without making just compensation. Valid contracts are property, whether the obligor be a private individual, a municipality, a state or the United States."); *United States v. Petty Motor Co.,* 327 U.S. 372, 381 (1946) (holding that plaintiff was entitled to compensation for government's taking of option to renew a lease). Accordingly, Plaintiff's request that the Court enter an order under Rule 70(a) to OST was not a "suit against the United States," and that order is not barred by sovereign immunity

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH                    Page 11 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

Even if sovereign immunity is applicable because Plaintiff's request for a Rule 70(a) order constituted a suit against the United States, it was waived by the Tucker Act. That act authorized the Oengas' suit for damages against the United States in the CFC because of the BIA's breach of its fiduciary duties to them in failing to negotiate fair rents for their Native allotment. But the scope of the Tucker Act's waiver of sovereign immunity is broader than simply authorizing suit. The waiver extends as well to ancillary actions that can "fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976). In *White Mountain Apache Tribe*, the Court stated:

> This "fair interpretation" rule demands a showing demonstrably lower than the standard for the initial waiver of sovereign immunity. Because the Tucker Act supplies a waiver of immunity for claims of this nature, the separate statutes and regulations need not provide a second waiver of sovereign immunity, nor need they be construed in the manner appropriate to waivers of sovereign immunity. . . It is enough, then, that a statute creating a Tucker Act right be reasonably amenable to the reading that it mandates a right of recovery in damages. While the premise to a Tucker Act claim will not be lightly inferred, . . . a fair inference will do.

537 U.S. at. 472-73 (internal citations omitted).

Here, the only way that the Oengas could hire an attorney to vindicate their rights against the BIA was to promise to direct OST to pay him from increased rents, if he was successful. A "fair interpretation" of the Tucker Act and applicable law, *see* discussion below,

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 12 of 24

requires the conclusion that the United States waived sovereign immunity from suit, including a request for a Rule 70(a) order against OST, to accomplish that result. *See* discussion below.

### 3. The Administrative Procedure Act's Waiver of Sovereign Immunity Authorized The Court's Rule 70(a) Order

Again, if sovereign immunity is applicable to the Court's Rule 70(a) order, it was waived by Section 702 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. That statute provides, in pertinent part: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." In arguing against a waiver of sovereign immunity by the APA, the United States fails to fully quote the definition of "agency action." United States' Supplemental Brief at 14. The full definition is as follows: "'Agency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act*." 5 U.S.C. § 551(13) (emphasis added).

In litigation against the Secretary of the Department of the Interior involving the administration of IIM accounts, the D. C. Circuit Court of Appeals in *Cobell v. Norton*, 240 F.3d 1081, 1094 (2001), relied on Section 702 of the APA for a waiver of sovereign immunity, stating that "section 702 of the Administrative Procedure Act waives federal officials' sovereign immunity for actions 'seeking relief other than money damages' involving a federal official's action or failure to act." Likewise here, Section 702 waives sovereign immunity regarding the Court's entry of an order requiring OST to comply with the Court's Rule 70(a) order.

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 13 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

There can be no doubt that here OST has failed to act in compliance with the Court's Rule 70(a) order. This was a discrete agency action that OST was required to take, contrary to the argument of the United States. United States' Supplemental Brief at 15. *See* 25 CFR § 115.101 (OST required to disburse IIM funds as directed by Indian account holder). In apparent recognition of this, the United States makes the incongruous argument that the APA would waive sovereign immunity only if Plaintiff first sued OST as a party, but because he did not, sovereign immunity has not been waived. United States' Supplemental Brief at 14. Here, if Plaintiff's request for a Rule 70(a) order constituted a suit against the United States, as the United States argues, the suit requirement of the APA was met, and sovereign immunity was waived.

## B. The Court Does Not Lack Subject Matter Jurisdiction Over OST Because Plaintiff Failed to Exhaust His Administrative Remedies

The United States argues that before the Court could enter its Rule 70(a) order, Plaintiff was required to have exhausted his administrative remedies by asking the BIA to encumber an IIM account, and by establishing there, *inter alia*, that the BIA had given advanced approval of the contingency fee contract, as amended. United States' Supplemental Brief at 15-18. That argument for exhaustion is without merit for the following reasons.

First, the Court's Rule 70(a) order is directed to OST not the BIA, and exhaustion of BIA procedures is not required. To rule otherwise would be in derogation of the Federal Rules of Civil Procedure, promulgated by the United States Supreme Court pursuant to the Rules Enabling Act, 28 U.S.C. § 2072, and it would be in derogation as well of the Court's inherent

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga*,
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 14 of 24

Case 3:19-cv-00043-HRH   Document 71   Filed 06/08/20   Page 14 of 24

authority to enforce its judgment in this case. *See* discussion in Plaintiff's Response to United States' Notice of Statement (Doc. No. 62), at 6-8. OST's refusal to comply with the Court's order is a final act of that office, ripe for judicial review now.

Further, although exhaustion of administrative remedies is generally required before agency action is reviewed by the courts, such exhaustion is not required if it would be futile. *McCarthy v. Madigan*, 503 U.S. 140, 148 (1992). In *Fones4All Corp. v. F.C.C.,* 550 F.3d 811 (2008), the Ninth Circuit Court of Appeals wrote:

> Courts have not insisted upon exhaustion where it would clearly be of no avail. Exhaustion of administrative remedies is not required where administrative remedies are inadequate or not efficacious, or where pursuit of administrative remedies would be a futile gesture.

*Id*. at 818 (internal quotation marks and citation omitted). *Accord Carey v. United of Omaha Life Ins. Co*., 633 Fed. Appx. 478 (9th Cir. 2016) ("One such exception is the futility doctrine, under which a claimant does not have to exhaust administrative remedies if doing so would be futile.").

Here, Plaintiff has argued before this Court that approval of the contingency fee contract, as amended, was given impliedly in the Tucker Act and expressly in the Confidential Term Sheet, the Virden decision, and the Settlement Agreement, and that this satisfied the requirements of Governmental approval and consent, under 25 U.S.C. § 410. The United States has made it abundantly clear that the BIA does not agree with Plaintiff's argument. The facts are undisputed and need not be further developed at the administrative level. The issues presented are questions of law that have been fully briefed before this Court. Here, exhaustion

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 15 of 24

Law Offices of

**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

of BIA procedures should not be required because it is unnecessary and would be futile. Instead, the Court should rule on this matter now.

## IV. MERITS

As noted above, the United States' supplemental brief principally relies on arguments of jurisdiction rather than on the merits. Plaintiff has fully briefed his position on the merits before this Court, and those arguments need not be restated here.[3] Instead, Plaintiff will respond to the new arguments on the merits made by the United States in its supplemental brief. As will be seen, Plaintiff's arguments here overlap to some degree with his jurisdictional arguments made above.

### A. The Government Gave Its Approval and Consent To The Contingency Fee Contract, As Amended, Under 25 U.S.C. § 410

The United States argues that the Court cannot enforce its Rule 70(a) order against OST because the Government did not give its "approval and consent" to the contingency fee contract, as amended, under 25 U.S.C. § 410. United States' Supplemental Brief at 18-21. That argument is without merit. The United States gave its approval and consent both impliedly in the Tucker Act and expressly in the Confidential Term Sheet, the Virden decision, and the Settlement Agreement.

---

[3] *See* Plaintiff's Memorandum in Support of Motion for Default Judgment (Doc. No. 20) at 11-25; Plaintiff's Motion to Enforce Judgment and Rule 70(a) Order (Doc. No. 55) at 3-8; Plaintiff's Response to United States' Notice of Statement (Doc. No. 62) at 3-11; Plaintiff's Supplemental Response to United States' Notice of Statement (Doc. No. 65) at 12-25.

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 16 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

Citing *Bogert's the Law of Trusts and Trustees*, Plaintiff has pointed to general principles of equity and trust law that govern this case: A trustee cannot deprive a beneficiary of trust assets as a way of preventing the beneficiary from hiring an attorney to assert a claim against the trustee for breach of its fiduciary duty to the beneficiary. *See* Plaintiff's Supplement Response to United States' Notice of Statement ("Plaintiff's Supplemental Response") (Doc. No. 65), at 15-18.

The United States argues in response that these principles do not apply because the relationship between the United States and Indian tribes is not comparable to a private trust relationship. United States' Supplemental Brief at 81 n.6. However, the instant action does not concern the relationship between the United States and an Indian tribe. Instead, it concerns the relationship between an IIM account holder, OST, and Plaintiff. In that context, the above principles do apply.

*Cobell v. Norton*, 240 F.3d 1081, 1098 (D.C. Cir. 2001), concerned claims regarding income into IIM accounts, as does the instant case. There, the court quoted from *United States v. Mitchell*, 463 U.S. 206, 225 (1983):

> A fiduciary relationship necessarily arises when the Government assumes such elaborate control over forests and property belonging to Indians. *All of the necessary elements of a common-law trust are present: a trustee (the United States), a beneficiary (the Indian allottees), and a trust corpus (Indian timber, lands, and funds).*

240 F.3d at 158 (emphasis added). The *Cobell* court then stated:

> While the government's obligations are rooted in and outlined by the relevant statutes and treaties, *they are largely defined in*

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 17 of 24

Case 3:19-cv-00043-HRH   Document 71   Filed 06/08/20   Page 17 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

> *traditional equitable terms. . . Courts must infer that Congress*
> *intended to impose on trustees traditional fiduciary duties unless*
> *Congress has unequivocally expressed an intent to the contrary . . .*
> Much as the Supreme Court has regularly turned to the Restatement
> and other authorities to construe trust responsibilities, it is
> appropriate for the district court to consult similar sources.

*Id*. at 1099 (internal quotation marks and citations omitted; emphasis added). Here, the United

States can point to no specific statutes or treaties that override the application of the traditional

law of equity and trusts to this case.

Plaintiff has cited *Arenas v. Preston*, 181 F.2d 62 (9th Cir. 1950), as applying these

traditional principles of equity and trusts under circumstances similar to those present here. *See*

Plaintiff's Supplemental Response at 18-21. The United States responds that *Arenas* has no

bearing on this case. United States' Supplemental Brief at 19. That argument is without merit.

The United States first seeks to distinguish *Arenas* because the statute authorizing suit

there, 25 U.S.C. § 345, was not the Tucker Act. However, that is a distinction without a

difference. As with the statute in *Arenas*, here the Tucker Act impliedly approved and

consented to the payment of attorney's fees to Plaintiff, under 25 U.S.C. § 410, in order to

effectuate that statute's authorization of suit against the United States.

The United States cites *United States v. Preston*, 352 F. 352, 356 (9th Cir. 1965), in

support of its argument that the rationale of *Arenas* should not apply here. United States

Supplemental Brief at 19. However, *Preston* is inapposite for two reasons. First, that case

involved a suit against both an Indian allottee and the United States, and the court found no

waiver of sovereign immunity. 352 F. at 356. Here, in contrast, Plaintiff has not sued the

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 18 of 24

Case 3:19-cv-00043-HRH   Document 71   Filed 06/08/20   Page 18 of 24

United States, and in any event sovereign immunity has been waived. *See* discussion above. Additionally, the *Preston* court denied the plaintiff's claim for attorney's fees because the underlying claim concerned a claim to an allotment, and no "funds or property" were before the court to which the claimed fees could attach. 352 F. at 356. Here, in contrast, the underlying CFC claim concerned rents, not the allotment itself, and annual rental payments from the allotment presently *are* before the Court. *Preston* provides no basis for disregarding *Arenas*.

The United States argues that the Court should not follow *Arenas*, citing *Law Office of Vincent Vitale v. Tabbytite*, 942 P.2d 1141 (Alaska 1997). United States' Supplemental Brief at 20. However, the United States failed to respond to the point made in Plaintiff's Supplemental Response at 21 that the underlying suit in *Vitale* did not involve a breach of trust action by an Alaska Native *against the United States*. Here, in contrast, the Oengas' underlying CFC action *was* brought against the United States for breach of the BIA's fiduciary duties. Attorney Vitale could realistically have expected the BIA to fairly consider his request for approval and consent to his fee contract with Tabbytite in order to assert her claims against a third party, the Municipality of Anchorage, and the *Vitale* decision rests on the premise that he should have made that request. In contrast, as noted above, Plaintiff and the Oengas could harbor no such expectation of BIA approval of Plaintiff's fee contract to sue the BIA itself.

*Arenas* and the equitable and trust principles discussed there require the conclusion that the Government gave its approval and consent, under 25 U.S.C. § 410, to payment of attorney's fees to Plaintiff. That approval and consent was impliedly given in the Tucker Act, and it was

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 19 of 24

Case 3:19-cv-00043-HRH   Document 71   Filed 06/08/20   Page 19 of 24

expressly given in the Confidential Term Sheet, the Virden decision, and the Settlement Agreement.

The Court should not accept the position of the United States that those three documents only "acknowledge the existence of," but "did not, however, purport to broadly approve" the contingency fee agreement, as amended. United States Supplemental Brief at 20-21. Given the BIA's hostility to Plaintiff's assertion of the Oengas' claims against it in the CFC action, and in light of the traditional principles of equity and trust law, the reluctant and terse acceptance and approval of the contingency fee agreement, as amended, of the Confidential Term Sheet, the Virden decision, and the Settlement Agreement constituted sufficient governmental "approval and consent" of the contingency fee contract, as amended, under 25 U.S.C. § 410.

**B.  Defendant's Current Mental Status Is No Bar To Enforcement Of The Court's Rule 70(a) Order**

The United States states that on January 10, 2020, the BIA determined that Defendant is an adult in need of assistance, and his account is no longer in an unrestricted status but is instead supervised by the BIA, under 25 CFR § 115.102. For that reason, the United States argues, the Court's Rule 70(a) order cannot be enforced against OST. United States' Supplemental Brief at 22. That argument is without merit.

First, the United States presents no evidence or support for its assertion regarding Defendant's current mental condition. The Court should not rely on bald statements of incapacity by counsel to avoid enforcing its judgment against Defendant.

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH                    Page 20 of 24

Case 3:19-cv-00043-HRH   Document 71   Filed 06/08/20   Page 20 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

Second, the United States does not allege, and there is no evidence showing, that Defendant was *non compos mentis* when he signed the original Contingency Fee Contract on October 31, 2003 (Doc. No. 27-1); when he signed the Contingency Fee Contract First Amendment on August 5, 2011 (Doc. No. 27-4); when he signed the Fee/Cost Reduction Agreement on May 24, 2012 (Doc. No. 27-5); or when he signed the 2018 Settlement Agreement on February 26, 2018 (Doc. No. 27-18). Under those agreements, Defendant made binding promises to Plaintiff to direct OST to pay to Plaintiff a percentage of Defendant's share of future rents from the allotment.

Nothing about Defendant's current mental status allows OST to avoid the enforceability of Defendant's earlier promises. Only incapacity *at the time of formation* can avoid the contract. *Erkins v. Alaska Trustee, LLC*, 355 P.3d 516, (Alaska 2015) (citing *Restatement (Second) of Contracts* § 15). Further, as noted above, OST's refusal to pay Plaintiff on the grounds of Defendant's recent mental status would constitute an unconstitutional taking of his contractual property rights. Plaintiff's right to payment from these rents vested before they were received by OST.

Third, both the Court's judgment against Defendant and its Rule 70(a) order preceded the BIA's determination regarding Defendant's mental status. Even if the BIA must now prepare a distribution plan for Defendant, *see* United States' Supplemental Brief at 22 n.7, the BIA would have no discretion to disregard Plaintiff's vested rights and this Court's judgment and order.

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 21 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

Finally, Defendant receives over $169,000 each year for his share of the rents from the allotment. (Doc. No. 27-14, at 4). The United States does not allege, and there is no evidence showing, that those payments are insufficient to serve Defendant's needs, even after payment to Plaintiff of his fees.

In sum, the United States' assertion that the BIA recently determined that Defendant is an adult in need of assistance can serve as no basis for the Court not enforcing its Rule 70(a) order.

## IV.    CONCLUSION

Plaintiff established in the CFC action that the BIA had breached its fiduciary duty to the Oengas to obtain fair rent for their Native allotment, and he secured a dramatic increase in those rents. Now the United States attempts to deprive Plaintiff of being paid for his efforts from the increased rents that Defendant receives. If the United States' position is accepted, the following message would be sent to all Native allottees in Alaska: Good luck finding an attorney to represent you against the BIA.

For the reasons stated above, the Court should hold OST in contempt unless it makes payment to Plaintiff, pursuant to the direction from the Clerk of Court, under Rule 70(a), Federal Rules of Civil Procedure, within thirty days of the Court's order. In the alternative, the Court should enter relief, as the Court deems proper and appropriate, to enforce its judgment against Defendant.

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH                    Page 22 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522

Dated at Anchorage, Alaska, this 8th day of June, 2020.

WINNER & ASSOCIATES, P.C.
Attorneys for the Plaintiff Raymond C. Givens

By:     /s/ Russell L. Winner
        Russell L. Winner
        900 West Fifth Avenue, Suite 700
        Anchorage, Alaska 99501
        Phone: (907) 277-9522
        Fax: (907) 277-4510
        E-mail: rwinner@winnerlaw.com
        ABA No. 7811149

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH                    Page 23 of 24

Case 3:19-cv-00043-HRH   Document 71   Filed 06/08/20   Page 23 of 24

I hereby certify that on June 8, 2020, I caused a copy of the forgoing to be served on the following, via the Court's CM/ECF system:

Bryan Schroeder, United States Attorney
Richard L. Pomeroy, Assistant U.S. Attorney
222 W 7th Avenue, Room 253, #9
Anchorage, AK 99513
Facsimile: 907-271-3224

Joann Kintz
U.S. Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, DC 20044-7611
Facsimile: 202-305-0275

Eric Grant, Deputy Assistant Attorney General
U.S. Department of Justice,
Environmental & Natural Resources Division
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Facsimile: 202-305-0275

Copies of the foregoing were also mailed via U.S.P.S. Priority Express to the Defendant as follows:

Wallace Oenga
PO Box 91058
Atqasuk, Alaska 99791

Wallace Oenga
6843 O'Brien Street, Apt. B
Anchorage, Alaska 99507

/s/ Russell L. Winner
Russell L. Winner

PLAINTIFF'S RESPONSE TO UNITED STATES' SUPPLEMENTAL
BRIEF REGARDING PLAINTIFF'S MOTION TO ENFORCE
JUDGMENT AND RULE 70(a) ORDER AND THE
COURT'S ORDER TO SHOW CAUSE
*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska, Case No. 3:19-cv-00043-HRH          Page 24 of 24

Case 3:19-cv-00043-HRH   Document 71   Filed 06/08/20   Page 24 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA 99501-2029
(907) 277-9522