ERIC GRANT, Deputy Assistant Attorney General
U.S. Department of Justice,
Environment & Natural Resources Division

JOANN KINTZ
PO Box 7611, Ben Franklin Station
Washington, DC, 20044-7611
Telephone: 202-305-0424
Facsimile: 202-305-0275
Email: joann.kintz@usdoj.gov

*Attorneys for the United States*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>　　Plaintiff,<br><br>v.<br><br>WALLACE OENGA,<br><br>　　Defendant. | No. 3:19-cv-00043-HRH |

**MOTION OF NON-PARTY OFFICE OF SPECIAL TRUSTEE FOR RECONSIDERATION AND FOR STAY OF ENFORCEMENT OF ORDER PENDING RECONSIDERATION**

Pursuant to Local Civil Rule 7.3(h)(1), the United States on behalf of the Office of the Special Trustee for American Indians ("OST") hereby files this motion for reconsideration of the Court's August 14, 2020 Order, ECF No. 74. Additionally, the United States moves for a stay of enforcement of the order pending resolution of its reconsideration motion. Local Civil Rule 7.3(h)(1)-(2) provides that a motion for reconsider may be filed within seven days of entry of an order when there is a manifest error of law or fact. Fed. R. Civ. P. 62(b) allows for stays of enforcement of orders pending reconsideration in order to "preserve the status quo", *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000). No bond or other security is required here. *See* Fed. R. Civ. P. 62(e).

On August 14, 2020, the Court issued an order granting Plaintiff's motion for enforcement of judgment and Rule 70(a) order against OST. ECF No. 74 at 20. The Court rejected OST's invocation of sovereign immunity barring Plaintiff's attempt to haul OST into court and have this Court exercise jurisdiction over the agency. The Court instead determined it had inherent authority over OST and that "OST must treat the OST forms signed by the clerk of court as though they were signed by defendant himself and shall make payment to plaintiff as directed in those forms . . . Payment of any past due amounts shall be made within thirty days of the date of this order." *Id*. The Court's decision is manifestly contrary to federal law for the reasons stated below.

OST, by way of special appearance and without waiver of any jurisdictional defense, now moves for reconsideration of that Order, asking that the Court vacate its order. In addition, OST urges the Court to stay the execution of its order, pursuant to Fed. R. Civ. P. 62(b), pending the disposition of the motion for reconsideration.

OST requests this Court reconsider its determination that the United States has waived its sovereign immunity in this action. As an initial matter, a party asserting a claim against the United States "has the burden of demonstrating an unequivocal waiver of sovereign immunity." *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009); *see also Lane v. Pena*, 518 U.S. 187, 192 (1996) (A "waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign."); *Safeco Ins. Co. of Am. v. Nelson*, Case No. 20-211, 2020 WL 3445045, at *2 (S.D. Cal. June 24, 2020) (Absent "a positive demonstration that sovereign immunity does not apply, this Court must presume that the United States is not amenable to suit."). Here, Plaintiff has failed to meet his burden. In Plaintiff's motion to enforce judgment against OST, which is the first time OST was ever brought into this lawsuit—a suit against two private citizens under the Court's diversity jurisdiction—Plaintiff did not even attempt to demonstrate how sovereign immunity has been waived allowing for the requested relief against OST, a federal agency. *See* ECF No. 55. In Plaintiff's response to OST's Notice of Statement regarding Plaintiff's requested motion, Plaintiff merely cited to 5 U.S.C. § 702 without explaining how, if at all, the provision applies. ECF No. 62 at 10. In its August 14, 2020 order, the Court articulated three conditions that must be met for a waiver of sovereign immunity to apply pursuant to Section 702, *see* ECF No, 74 at 13, and nowhere in the briefing before the Court did Plaintiff demonstrate, or even attempt to demonstrate, that these conditions were met. But instead of placing that burden where it appropriately lays –with Plaintiff—the Court in its order placed the burden on the United States, requiring it to *disprove* a waiver of sovereign immunity in the case at hand. In shifting this burden to the United States,

the Court committed manifest error of law.[1] For this reason alone, the Court's order should be vacated.

And in any event, the conditions articulated in *United State v. Park Place Associates, Ltd.*, 563 F.3d 907, 929 (9th Cir. 2009) are not met here. As this Court recognized, the Ninth Circuit identified the following three conditions that "must be met" for Section 702's waiver to apply: "(1) [the plaintiff's] claim must not seek money damages; (2) an adequate remedy for its claims must not be available elsewhere; and (3) [the plaintiff's] claims must not seek relief expressly or impliedly forbidden by another statute." *Id.*

The first condition fails because the plaintiff *is* seeking money damages – he is attempting to require OST to pay out monies from trust assets held by the OST for the benefit of Defendant. The second condition fails because OST has demonstrated another adequate remedy is available to Plaintiff; he can request to have the Bureau of Indian Affairs ("BIA")—a federal agency distinct from OST which has not appeared in this case—encumber Defendant's account. The Court determined that a requirement to exhaust administrative remedies would be futile because of the disagreement regarding whether BIA approved the Contingency Fee Agreement, ECF No. 74 at 15. But it is important to note that BIA has not pre-adjudicated whether to encumber Defendant's account because Plaintiff has not made such a request, and there is

---

[1] Further, the Court cited to the United States' supplemental filing, stating that "the Rule 70(a) order does contain a corollary and implied obligation on OST to honor the Forms OST 01-004." ECF No. 74 at 12. However, the United States' position is and always has been that when Plaintiff submitted the signed Clerk of Court forms to OST, OST, as a non-party with authority limited by federal statute and regulation, was under no requirement to pay pursuant to the forms. *See* ECF No. 69 at 12-13. The language from the Notice cited in the Court's order was simply a scrivener's error. As OST stated in its supplemental briefing, the "equitable remedies provided for by Rule 70 can be directed only toward *parties* against whom a judgment has been entered." *Gabovitch v. Lundy*, 584 F.2d 559, 560 (1st Cir. 1978); *Westlake North Property Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1304 (9th Cir. 1990). Thus, contrary to the Court's assertions, *see* ECF No. 74 at 16, even beyond the issue of sovereign immunity, OST raised the argument that as a non-party to this lawsuit, a judgment cannot be entered against it.

United States' Motion for Reconsideration and for a Stay Pending Reconsideration
Case No. 3:19-cv-00043-HRH         3

evidence submitted to this Court that BIA approved a distribution plan for another individual that included Plaintiff's attorney's fees stemming from the same agreement. Thus, Plaintiff's claims of the futility of seeking relief from BIA are belied by the record.

Finally, the third condition, that Plaintiff's claim must not seek relief expressly or impliedly forbidden by another statute, fails here by operation of 25 U.S.C § 410. Section 410 states that "No money accruing from any lease or sale of lands held in trust by the United States for any Indian shall become liable for the payment of any debt of, or claim against, such Indian contracted or arising during such trust period . . . except with the approval and consent of the Secretary of the Interior." There is no question this suit is for recovery of monies accruing from a lease on land held in trust by the United States. The contract between Plaintiff and Defendant regarding attorney's fees does not diminish the statute's applicability here.

In the August 14, 2020 order, the Court erroneously concluded that Section 410 does not prevent OST from making payment to Plaintiff because Plaintiff is "not seeking to collect a debt from defendant" but is "seeking to enforce the contractual promise made to him by defendant that defendant would direct OST to pay him from the rents deposited into defendants IIM account." Section 410's protections, however, extend beyond debts, covering *any* "claim against" the money deriving from a lease of lands held in trust by the United States.[2] Thus, the distinction the Court made in its order is contrary to the statute because both debts and claims for money, such as the one made by Plaintiff, are prohibited by the express language of Section 410. The Court, in effect, carved out an exception to the protections of Section 410, allowing a party

---

[2] The Court notes in its order that OST is making payments to Plaintiff from some of the other Oenga's IIM accounts, but that is because Section 410 permits the payment of a debt or claims against such monies when the Secretary of Interior consents and approves of them. *See* 25 U.S.C. § 410. Plaintiff has presented no evidence that the Secretary has consented to or approved such payments here, and therefore Section 410's prohibitions apply.

United States' Motion for Reconsideration and for a Stay Pending Reconsideration
Case No. 3:19-cv-00043-HRH 4

to circumvent the dictates of Congress. This judicially-created loophole to Section 410 constitutes a manifest error of law.[3]

Finally, under Fed. R. Civ. P. 62(b), OST respectfully requests that this Court stay its August 14, 2020 order pending final disposition of OST's motion for reconsideration. The court has "broad discretion" as to whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Fed. R. Civ. P. 1.

In this instance, OST respectfully requests that this Court stay the August 14, 2020 order pending a decision on OST's reconsideration motion. It is well within the Court's discretion to do so. Moreover, staying the order would allow the Court to properly reconsider the serious jurisdictional and substantive concerns identified by OST in this motion.

---

[3] Further, the Court did not address cases cited by OST regarding 25 U.S.C § 410. *See Law Offices of Vincent Vitale, P.C. v. Tabbytite*, 942 P.2d 1141 (Alaska 1997); *First Citizens Bank & Tr. Co. v. Harrison*, 601, 326 P.3d 808 (2014).

United States' Motion for Reconsideration and for a Stay Pending Reconsideration
Case No. 3:19-cv-00043-HRH     5

RESPECTFULLY SUBMITTED, on August 21, 2020.

ERIC GRANT, Deputy Assistant Attorney General
U.S. Department of Justice,
Environment & Natural Resources Divisi

s/ *JoAnn Kintz*
JOANN KINTZ
PO Box 7611, Ben Franklin Station
Washington, DC, 20044-7611
Telephone: 202-305-0424
Facsimile: 202-305-0275
Email: JoAnn.Kintz@usdoj.gov


*Attorneys for the United States*

United States' Motion for Reconsideration and for a Stay Pending Reconsideration
Case No. 3:19-cv-00043-HRH        6

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2020, a copy of the foregoing was served on:

Raymond C. Givens (electronically via the Court's CM/ECF system)

Wallace Oenga (via FedEx)

s/ JoAnn Kintz
U.S. Department of Justice