ERIC GRANT, Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

JOANN KINTZ
Trial Attorney, Indian Resources Section
U.S. Department of Justice
Environment & Natural Resources Division
PO Box 7611, Ben Franklin Station
Washington, DC, 20044-7611
Telephone: 202-305-0424
Facsimile: 202-305-0275
Email: joann.kintz@usdoj.gov

*Attorneys for the United States*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>    Plaintiff,<br><br>v.<br><br>WALLACE OENGA,<br><br>    Defendant. | No. 3:19-cv-00043-HRH |

**REPLY IN SUPPORT OF NON-PARTY OFFICE OF THE SPECIAL TRUSTEE FOR AMERICAN INDIANS' MOTION FOR RECONSIDERATION**

Non-party the United States Office of the Special Trustee for American Indians ("OST") hereby submits this Reply in support of its Motion for Reconsideration ("Motion"). In his opposition to OST's Motion, Plaintiff argues that the issues raised in the Motion were previously briefed before the Court. But *for the first time* in this action, Plaintiff's Opposition addresses the three factors articulated in *United States v. Park Place Associates, Ltd.*, 563 F.3d 907 (9th Cir. 2009)—factors that Plaintiff has the burden of establishing for a waiver of sovereign immunity under 5 U.S.C. § 702. And Plaintiff's belated attempt to satisfy them fails.

(1) *This is a suit for monetary damages within the meaning of § 702.* With respect to the first factor, Plaintiff argues that he is not seeking monetary damages against the United States or the Defendant but instead is seeking to have OST pay Plaintiff from Defendant's Individual Indian Money ("IIM") account based on the clerk of court forms. ECF No. 78 at 3-4. Plaintiff's argument rests on a distinction without a difference. There is no question that Plaintiff filed this breach of contract suit in an attempt to recover damages stemming from Defendant's failure to pay pursuant to the contingency fee agreement. *See* ECF No. 1 at Prayer for Relief No. 2. There is also no question that the Court entered a judgment for monetary damages in the amount of $136,116.91. ECF. No. 29 at 3. Thus, any and all attempts to access the funds in Defendant's IIM account are *for the purpose of* recovering the judgment for damages entered by the Court.

In support of Plaintiff's assertion that this is not a suit for monetary damages, Plaintiff points to *Bowen v. Massachusetts*, 487 U.S. 879 (1988), where the Supreme Court recognized that a judicial remedy requiring one party to pay money to another in some instances may not fall within the monetary damages restrictions in 5 U.S.C § 702. That case dealt with whether Massachusetts could sue the Secretary of Health and Human Services to enforce a provision of

the Medicaid Act that required the federal government to pay money to the State. The Court held that the State's lawsuit was not one "seeking money in compensation for the damage sustained by the failure of the Federal Government to pay as mandated; rather, it [was] a suit seeking to enforce the statutory mandate itself, which happens to be one for the payment of money." *Id*. at 900.

However, in *Dep't of Army v. Blue Fox, Inc*., 525 U.S. 255 (1999), the Court subsequently refused to apply this same rationale to a lawsuit brought by a subcontractor against two federal agencies seeking an equitable lien against the funds held by the agencies for a government contract project, after the prime contractor failed to pay. The Court concluded that "[l]iens, whether equitable or legal, are merely a means to the end of satisfying a claim for the recovery of money. Indeed, equitable liens by their nature constitute substitute or compensatory relief rather than specific relief." *Id*. at 262 (internal quotations and citations omitted). Accordingly, the Court held that "the sort of equitable lien sought by respondent here constitutes a claim for 'money damages'; its goal is to seize or attach money in the hands of the Government as compensation for the loss resulting from the default of the prime contractor." *Id.* at 263. As a result, the Court determined that this type of action "fell outside of § 702's waiver of sovereign immunity." *Id*. Plaintiff's effort to access funds in Defendant's IIM account, in the hands of the federal government, is similarly seeking compensation for a loss resulting from Defendant's failure to pay and is outside the scope of § 702's waiver.

(2) *There is another adequate remedy available to Plaintiff through seeking approval of payment from the Bureau of Indian Affairs ("BIA").* The Ninth Circuit has recognized that administrative exhaustion may be excused only in "exceptional circumstances," such as when an

agency makes a "preannounced decision by the final administrative decision-maker" or when there is "objective and undisputed evidence of administrative bias which would render pursuit of an administrative remedy futile." *White Mountain Apache Tribe v. Hodel*, 840 F.2d 675, 677-678 (9th Cir. 1988). Neither of those circumstances is present here, and therefore, Plaintiff must first exhaust administrative remedies before seeking judicial review.[1]

*(3) Plaintiff's suit is barred by 25 U.S.C. § 410.* Plaintiff's claim must not seek relief expressly or impliedly forbidden by another statute. This factor fails by operation of 25 U.S.C § 410. Section 410 acts as a general prohibition against "any debt" or "claim against" money accruing from a lease on trust land absent one exception: when the Secretary of the Interior ("Secretary") approves and consents to the payment. There is no exception articulated in Section 410 for a court-ordered default or a claim in equity for specific performance. The Court's creation of such an exception is inconsistent with the principle that "[w]here Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." *TRW, Inc. v. Andrews*, 534 U.S. 19, 28 (2001) (citation and quotation marks omitted); *United States v. Johnson*, 529 U.S. 53, 58 (2000) ("When Congress provides exceptions in a statute, it does not follow that courts

---

[1] In support of his futility argument, Plaintiff states that the situation in which the BIA previously approved payment to Plaintiff from another individual's supervised IIM account is distinguishable because the IIM account holder requested the payment. However, when an IIM account is designated as supervised—that is, when an individual is a minor or is determined to be incapable of managing his affairs—the only way funds can be expended from the account is through a BIA-approved distribution plan. A distribution plan is defined as "a written plan for expenditures for a supervised IIM account, including payees, amounts of payments, and frequency of payments, as recommended by the Social Service provider and authorized by the [BIA]." 70 Indian Affairs Manual 5 §1.7. Thus, BIA approves payment from the supervised account. Here, BIA—a separate agency from OST—is not a party to this action and has not had the opportunity to determine whether payment to Plaintiff should be included in the distribution plan for Defendant's IIM account. At a minimum, BIA should be given the opportunity to make that determination in the first instance.

have authority to create others. The proper inference . . . is that Congress considered the issue of exceptions and, in the end, limited the statute to the ones set forth."). Whether Plaintiff seeks to access the IIM funds to recover the monetary damages entered in this case or to enforce in equity, *the end result is the same*—payment of a debt accrued by Defendant. Section 410 bars such relief with only one exception—approval of the Secretary.

Plaintiff asserts that the Secretary previously approved and consented to the contingency fee agreement and the exception in Section 410 is thus satisfied. Not so. Plaintiff has neither sought nor received approval of payment from the Secretary for the monetary damages entered against Defendant, which in addition to the past rents owed under the contingency fee agreement also includes penalties, interest, attorney's fees, and costs. ECF No. 29 at 3.[2]

In addition, pointing to *Arenas v. Preston*, 181 F.2d 62 (9th Cir. 1950), Plaintiff argues that his claim was "impliedly authorized" by Congress through passage of the Tucker Act, 28 U.S.C. § 1491. As an initial matter, *Arenas* dealt with 25 U.S.C. § 345, not the Tucker Act. And as OST noted in its supplemental briefing, *Arenas* determined that the United States' waiver of sovereign immunity under 25 U.S.C. § 345, allowing Indians to bring suit to determine their rights to an allotment under treaty or statute, also allowed a supplemental decree for attorney's fees. 181 F.2d at 67. But the Ninth Circuit later determined that the rationale in *Arenas* did not apply to a situation where an attorney seeks to independently sue the United States under Section 345 for recovery of attorney's fees. *United States v. Preston*, 352 F.2d 352, 356 (9th Cir. 1965).

---

[2] In any event, regarding payment pursuant to the contingency fee agreement, Plaintiff must seek to have BIA encumber the account in order to receive payment from Defendant's IIM account pursuant to the contingency fee agreement. Here, 25 C.F.R. §§ 115.601 and 115.104 govern the circumstances in which BIA is authorized to release funds from an IIM account to fulfill a debt.

As a result, this action against OST is not authorized by the Tucker Act.[3]

Finally, Plaintiff incorrectly seeks to rely on Fed. R. Civ. P. 69(a)(1) and the Court's authority under Fed. R. Civ. P. 70(a) as the basis for a waiver of sovereign immunity. Plaintiff argues that Alaska procedure, applicable pursuant to Rule 69(a)(1), authorizes jurisdiction over non-parties "to the extent necessary to enforce a judgment against a non-party." ECF No. 78 at 2. But Alaska state procedures cannot waive the United States' sovereign immunity—only Congress can. *Stanley v. Schwalby*, 162 U.S. 255, 270 (1896) ("[N]o suit can be maintained against the United States, or against their property, in any court, without express authority of congress."). And there is no express or implied waiver of sovereign immunity imbedded in the general notion that the Court may enforce a judgment against a third-party under Rules 69(a)(1) and 70(a). *See, e.g., Burns Ranches, Inc. v. U.S. Dep't of the Interior*, 851 F. Supp. 2d 1267, 1270 (D. Or. 2011) ("The fact that a court may grant declaratory relief against any type of defendant in a case otherwise within the court's jurisdiction does not imply, let alone expressly state, that the United States has waived its immunity for all declaratory relief claims. The language of [28 U.S.C.] § 2201 in fact indicates that the statute is 'procedural only.'").

The Court should reconsider its August 14, 2020 Order and enter an order denying Plaintiff's motion to enforce judgment against OST.

---

[3] Plaintiff also makes a tenuous argument that because the contingency fee agreement was entered into with the intention to bring a breach of trust case against the United States, the contract was not entered into "during such trust period," and therefore Section 410 does not apply. ECF No. 78 at 5. This makes no sense—the very existence of the trust relationship is what gives rise to "the right of an injured beneficiary to sue the trustee for damages resulting from a breach of the trust." *United States v. Mitchell*, 463 U.S. 206, 226 (1983). A breach of trust action claims that a trustee breached an *existing trust duty*; if there were no existing trust relationship, there could never be a breach of trust. Plaintiff once again fails to establish an exception to Section 410.

United States' Reply in Support of Motion for Reconsideration
Case No. 3:19-cv-00043-HRH 5

RESPECTFULLY SUBMITTED, on September 21, 2020.

ERIC GRANT, Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

s/ *JoAnn Kintz*
JOANN KINTZ
Trial Attorney, Indian Resources Section
U.S. Department of Justice
Environment & Natural Resources Division
PO Box 7611, Ben Franklin Station
Washington, DC, 20044-7611
Telephone: 202-305-0424
Facsimile: 202-305-0275
Email: JoAnn.Kintz@usdoj.gov

*Attorneys for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, a copy of the foregoing was served on:

Raymond C. Givens (electronically via the Court's CM/ECF system)

Wallace Oenga (via FedEx)

s/ JoAnn Kintz
U.S. Department of Justice