IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　　　　)
　vs.　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
WALLACE OENGA,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　No. 3:19-cv-0043-HRH
　　　　　　　　　　　Defendant.　　　)
_____)

O R D E R

Motion for Reconsideration

The United States, on behalf of the Office of the Special Trustee for American Indians ("OST") moves for reconsideration[1] of the court's order enforcing its judgment and Rule 70(a) order.[2] The court authorized[3] a response from plaintiff Raymond C. Givens and a reply from the United States, both of which have been timely filed.[4] Oral argument was not requested on the motion for reconsideration and is not deemed necessary.

---

[1]Docket No. 76.

[2]Docket No. 74.

[3]Docket No. 77.

[4]Docket Nos. 78 and 79.

-1-

Background

This case arises out of plaintiff's representation of defendant Wallace Oenga and other family members in a suit against the Bureau of Indian Affairs ("BIA"), in which they challenged the amount of rent the BIA had negotiated on their behalf for the oil rights on a restrictive fee native allotment. By default judgment entered June 10, 2019, the court entered a declaratory judgment, a judgment for damages in the amount of $136,116.91, and an order for specific performance of the attorney fee contract between plaintiff and defendant.[5] The award of specific performance required that defendant sign a Form OST 01-004 directing OST to pay to plaintiff, out of the rent for calendar year 2020 (to be paid by BP by October 2019), the total amount of the judgment against defendant plus accrued interest. Defendant was required to submit the foregoing form to OST. The judgment for specific performance further required that defendant sign a second Form OST 01-004 requiring OST to make payment to plaintiff from rents received from BP for calendar years 2021 through the end of the current lease between defendant and BP.

Defendant failed to execute the OST forms as required by the court's default judgment. By an order enforcing judgment dated July 9, 2019,[6] and pursuant to Rule 70(a), Federal Rules of Civil Procedure, the clerk of court was directed to sign the two Forms OST 01-004, directing OST to make payments to plaintiff in accordance with the court's default

---

[5]Docket No. 29.

[6]Docket No. 39.

judgment. The OST forms were executed by the clerk of court and delivered to counsel for plaintiff, who in turn delivered the forms to OST.[7]

After receiving the OST forms signed by the clerk of court, OST did not make the required payment to plaintiff from defendant's IIM account, contending that it could not make any payment "because such a payment would be contrary to federal law."[8] Thus, on December 6, 2019, plaintiff filed a motion to enforce the court's specific performance judgment and its Rule 70(a) order.[9]

The court granted plaintiff's motion to enforce the court's judgment and Rule 70(a) order on August 14, 2020.[10] The court concluded that "OST must treat the OST forms signed by the clerk of court as though they were signed by defendant himself" and ordered OST to "make payment to plaintiff as directed in those forms, notwithstanding any non compos mentis determination."[11]

Pursuant to Local Rule 7.3(h)(1), OST now moves for reconsideration.

Discussion

Local Rule 7.3(h)(1) provides that

---

[7]Docket No. 45.

[8]United States' Notice of Statement Regarding Plaintiff's Motion to Enforce Judgment and Rule 70(a) Order and the Court's Order to Show Cause at 2, Docket No. 61.

[9]Docket No. 55.

[10]SEALED Order, Docket No. 74.

[11]Id. at 20.

> [a] court will ordinarily deny a motion for reconsideration absent a showing of one of the following:
>
> (A) manifest error of the law or fact;
> (B) discovery of new material facts not previously available; or
> (C) intervening change in the law[.]

OST argues that the court made a manifest error of law in determining that OST had waived its sovereign immunity. In the August 14, 2020 order, the court rejected OST's argument that the relief plaintiff sought was barred by sovereign immunity.[12] The court concluded that sovereign immunity was waived in Section 702 of the APA.[13]

OST first argues that the court erred as to sovereign immunity because plaintiff had the burden of proving waiver, but the court shifted this burden to OST to disprove a waiver of sovereign immunity. As OST points out, "the party asserting a claim against the United States, . . . has the burden of demonstrating an unequivocal waiver of immunity." United States v. Park Place Assocs., Ltd., 563 F.3d 907, 924 (9th Cir. 2009) (citation omitted).

The court did not improperly shift the burden of proving waiver to OST. Rather, the court considered, on the record before it, whether the three conditions that must be met for a Section 702 waiver to apply had in fact been met and concluded that they had.[14]

OST next argues that the court erred in finding that the three conditions had been met. The three conditions are: "1) [the plaintiff's] claim must not seek money damages; (2) an

---

[12]Id. at 12-15.

[13]Id. at 15.

[14]Id.

-4-

adequate remedy for its claims must not be available elsewhere; and (3) [the plaintiff's] claims must not seek relief expressly or impliedly forbidden by another statute." Id. at 929 (citation omitted). In the August 14, 2020 order, the court only expressly addressed the second condition in its Section 702 discussion because that was the only condition that OST argued had not been met. But, now, on motion for reconsideration, OST argues that plaintiff has not shown that any of the three conditions have been met.

OST argues that plaintiff has failed to show that the first condition was met because he is seeking money damages. OST argues that plaintiff is attempting to require OST to pay out monies from trust funds held by the OST for the benefit of defendant.

Plaintiff, however, argues that he is not seeking money damages against OST but rather that he sought an order that would require OST to follow the directions of the clerk of court who was acting in defendant's stead. "'[T]he fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as money damages.'" Id. at 929-30 (quoting Bowen v. Massachusetts, 487 U.S. 879, 893 (1988)). As the Court in Bowen explained,

> "[o]ur cases have long recognized the distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation—and an equitable action for specific relief—which may include an order providing for the reinstatement of an employee with backpay, or for the recovery of specific property or monies, ejectment from land, or injunction either directing or restraining the defendant officer's actions."

Id. at 930 (quoting Bowen, 487 U.S. at 893). "'Damages are given . . . to substitute for a suffered loss, whereas specific remedies are not substitute remedies at all, but attempt to give the plaintiff the very thing to which he was entitled.'" Id. (quoting Bowen, 487 U.S. at 895). In his motion to enforce the judgment and Rule 70(a) order, plaintiff contends he was not seeking damages for a loss he suffered but rather was asking the court to give him the very thing that the court had determined he was entitled to, which was to have defendant execute the required OST forms.

In reply, OST reminds plaintiff that in his complaint he sought damages for defendant's breach of contract and argues that these damages are what plaintiff was attempting to recover when he filed his motion to enforce the judgment and Rule 70(a) order. OST cites to Department of Army v. Blue Fox, Inc., 525 U.S. 255 (1999), in support of its argument. There, after "[a]n insolvent prime contractor failed to pay a subcontractor for work the latter completed on a construction project for the Department of the Army[,] . . . the subcontractor sought to collect directly from the Army by asserting an equitable lien on certain funds held by the Army." Id. at 257. The subcontractor argued that sovereign immunity had been waived pursuant to Section 702. Id. at 259. The Court disagreed, holding

> that the sort of equitable lien sought by [the subcontractor] constitutes a claim for 'money damages'; its goal is to seize or attach money in the hands of the Government as compensation for the loss resulting from the default of the prime contractor. As a form of substitute and not specific relief, [the subcontrac-

-6-

>     tor's] action to enforce an equitable lien falls outside of § 702's
>     waiver of sovereign immunity.

Id. at 263. Similarly here, OST argues that plaintiff's goal is to access money that is in the hands of the Government as compensation for defendant's breach of contract. Thus, OST argues that this case "falls outside of § 702's waiver of sovereign immunity" because it involves money damages. Id.

But plaintiff's motion to enforce the court's judgment and Rule 70(a) order pertained to the specific performance part of the court's judgment, the part of the judgment that required defendant to sign the OST forms. That part of the judgment provided specific relief to plaintiff and that is what matters in terms of the Section 702 analysis here. Plaintiff was not seeking money damages in his motion to enforce the judgment. Moreover, the money at issue belongs to defendant, not to OST or the United States. Plaintiff is seeking specific relief: enforcement of the court's judgment directing defendant to authorize OST to disburse a portion of defendant's money to plaintiff. Thus, the first condition was met.

OST next argues that plaintiff has failed to show that the second condition has been met because plaintiff has another adequate remedy available, which is to seek to have the BIA encumber defendant's IIM account. OST acknowledges that the court considered this issue in its August 14, 2020 order, but OST argues that the court incorrectly concluded that it would be futile for plaintiff to "attempt[] to encumber defendant's IIM account. . . ."[15]

---

[15]SEALED Order at 15, Docket No. 74.

OST argues that this futility finding is belied by the evidence in this case which shows that the BIA approved a distribution plan for another individual that included plaintiff's attorney fees stemming from the same agreement. OST suggests that this shows that if plaintiff were to request that defendant's IIM be encumbered, the BIA would fairly consider his request.

The court did not err in concluding that it would be futile to require plaintiff to request that the BIA encumber defendant's IIM account. In the briefing on plaintiff's motion to enforce the judgment and Rule 70(a) order, OST took the position that the BIA never approved the Contingency Fee Contract or any of the other agreements between plaintiff and defendant in which defendant agreed to pay plaintiff attorney fees from the rental proceeds. Without this prior approval, the BIA could not encumber defendant's IIM account since by regulation, encumbrance requires "[a] copy of the document showing that the BIA approved in advance the use of your IIM funds as security/collateral for the contract[.]" 25 C.F.R. § 115.601(b)(2). In light of OST's position, the court correctly concluded that it would have been futile for plaintiff to request an encumbrance.

As for the third condition, OST argues that plaintiff is seeking relief that is prohibited by 25 U.S.C. § 410. Section 410 of Title Twenty-five of the United States Code provides that

> [n]o money accruing from any lease or sale of lands held in trust by the United States for any Indian shall become liable for the payment of any debt of, or claim against, such Indian contracted or arising during such trust period, or, in case of a minor, during his minority, except with the approval and consent of the Secretary of the Interior.

-8-

OST raised this Section 410 argument in its briefing on plaintiff's motion to enforce the court's judgment and Rule 70(a) order, albeit not in the context of a Section 702 waiver. The court rejected OST's Section 410 argument, determining that "Section 410 does not prevent OST from making payment to plaintiff" because "[p]laintiff is not simply seeking to collect a debt from defendant but rather he is seeking to enforce the contractual promise made to him by defendant that defendant would direct OST to pay him from the rents deposited into defendant's IIM account."[16] OST argues that this was error because Section 410 applies to more than just "debts." OST now argues that Section 410 also applies to "any claim" for money made against an IIM account holder and that plaintiff is making such a claim against defendant.

The court did not err in finding that Section 410 does not prevent OST from making payment to plaintiff. As the court explained in the August 14, 2020 order, "[i]f the OST forms signed by the clerk of court are treated as if they were signed by defendant, then what is at issue here is not payment of a debt, but rather compliance with a request from an IIM account holder."[17] This reasoning would apply equally to the question of whether plaintiff was making a claim for money against defendant. What is at issue here is not whether plaintiff was making a claim for money against defendant but rather OST's compliance with a request from an IIM account holder.

---

[16]SEALED Order at 18, Docket No. 74.

[17]Id.

Conclusion

Based on the foregoing, the United States' motion for reconsideration[18] is denied. As the court concluded in its August 14, 2020 order, "OST must treat the OST forms signed by the clerk of court as though they were signed by defendant himself and shall make payment to plaintiff as directed in those forms, notwithstanding any non compos mentis determination."[19]

The stay of the court's August 14, 2020 order is lifted. Payment to plaintiff of any past due amounts shall be made within thirty days of the date of this order.

DATED at Anchorage, Alaska, this 15th day of October, 2020.

/s/ H. Russel Holland
United States District Judge

---

[18] Docket No. 76.

[19] SEALED Order at 20, Docket No. 74.