RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone:(907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com
Attorneys for Plaintiff Raymond C. Givens

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WALLACE OENGA,<br><br>　　　　Defendant. | Case No. 3:19-cv-00043-HRH |

**PLAINTIFF'S OPPOSITION TO THE UNITED STATES'
MOTION FOR RELIEF FROM ORDERS**

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

## I.  INTRODUCTION

The Court should deny the Motion for Relief from Orders, filed by the United States.[1] There, the United States asks for relief, under Federal Rule of Civil Procedure 60(b)(5) and (6), from the Court's earlier orders, implementing its judgment in this case. The orders require the Office of Special Trustee (now the Bureau of Trust Funds Administration) to pay Plaintiff for his contingent attorney's fee from rents from the Oenga Native allotment received in Wallace Oenga's Individual Indian Money account.

The United States' motion is predicated on the false assumption that Plaintiff will seek to be paid his fee apart from the federal probate proceedings regarding Mr. Oenga's estate. Instead, having recently learned of Mr. Oenga's death, Plaintiff does *not* intend to seek payment outside the probate proceeding of Mr. Oenga's estate. Instead, as the United States knows, Plaintiff intends to file a claim for payment in that proceeding.

Because no case or controversy is present here, the Court lacks jurisdiction to hear the United States' arguments. Further, because the United States risks no injury in fact, it lacks standing to make the arguments presented in its motion. Finally, the Court

---

[1]  Docket No. 87.

*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH                                                    Page 2 of 24

would have jurisdiction over the application of its earlier orders in the probate proceeding only in an appeal filed under the Administrative Procedure Act by a party *other than* the United States, from any rulings of the probate judge and the Interior Board of Indian Appeals.

If the Court disagrees with the above and decides to reach the merits of the United States' motion, the Court should rule that Plaintiff has the right, based on the Court's judgment and orders, to be paid his fee in the probate proceedings from rents received after Wallace Oenga's death. In the alternative, Plaintiff respectfully asks that any order that the Court enters herein not preclude Plaintiff from making the above argument in the probate proceeding.

The Court previously ruled that Plaintiff is required to be paid his fee from the fruits of his success in representing Mr. Oenga and the Oenga heirs against the United States and the allotment's oil company lessee. The Court should have little sympathy for the United States' repeated efforts to deprive Plaintiff of his fee.

Finally, Mr. Oenga's devisees and heirs will not be harmed by denying the United States' motion. Both under the fee agreement, as amended, and the settlement agreement between Plaintiff and Wallace Oenga, Mr. Oenga's promise to pay Plaintiff from future rents is a covenant running with the land, binding on Mr. Oenga's devisees and heirs. Further, Plaintiff's fee of 25% of the annual rents leaves ample funds to pay those devisees and heirs.

These points are made more fully below.

## II. BACKGROUND AND PROCEDURAL HISTORY

Although the summary in the United States' motion of the background and procedural history of this case is generally accurate,[2] it includes several omissions and errors of fact, which are discussed below.

### A. Plaintiff's Fee Is to be Paid from Increased Rent that the United States Had Argued Should Not be Paid to the Oengas

As the Court knows from prior briefing in this action, Plaintiff successfully represented Wallace Oenga and other Oenga heirs in a suit against the United States before the Court of Federal Claims ("CFC"). That court ruled that the United States breached its trust duty to the Oengas to obtain fair market rent for their restricted Native allotment at Prudhoe Bay. As a result of that ruling and the following settlement, Plaintiff obtained more than a seven-fold increase in annual rents for the allotment. Under Plaintiff's contingency fee contract, as amended, Plaintiff's fee is 25% of that annual rent. Thus, Plaintiff's fee comes from increased rent that the United States had argued the Oenga's should not be receiving.[3] Even after deducting for that

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

---

[2] *Id*., at 7-10.

[3] The original contingency fee contract provided for Plaintiff receiving a percentage of any increase in rent resulting from his representation. Under the amendment to that contract, Plaintiff is entitled to 25% of the full amount or rent, which is a reduction of the fee provided for in the original fee contract.

*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH

fee, the Oenga heirs receive much more each year in rent than they would have received without Plaintiffs' representation of their interests.

**B.      The United States Has Repeatedly Sought, Without Success, to Prevent Plaintiff from Being Paid His Fee**

Again, as the Court knows from prior briefing, the United States was hostile to Plaintiff's representation of the Oengas against it and his claim on their behalf. During the CFC litigation, the United States vigorously fought against Plaintiff's claims, on behalf of the Oengas, that it had breached its trust duties to them. During the settlement, the United States refused to allow Plaintiff to be paid his fee directly from the allotment's oil company lessee, BP Exploration (Alaska), Inc. After the settlement, the United States refused to retroactively approve Plaintiff's contingency fee contract, as amended. After Plaintiff obtained a judgment against Wallace Oenga in this action, OST ignored the Court's order requiring it to pay Plaintiff from Mr. Oenga's Individual Indian Money ("IIM") account. When the Court held a show-cause hearing, the United States argued that the Court lacked jurisdiction. When the Court rejected that argument, the United States filed a motion for reconsideration. When the Court denied that motion, the United States filed an appeal to the Ninth Circuit, which it then voluntarily dismissed.

By Plaintiff's count, the United States' motion here is its eighth bite at the apple. It is indeed ironic that the United States, in the exercise of its new-found trust duties,

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

seeks to prevent Plaintiff from being paid from the very funds that the United States had earlier argued the Oengas were not entitled to receive.

### C. Plaintiff Does Not Intend to Seek Payment of His Fee Outside the Probate Proceeding Regarding Wallace Oenga's Estate

On August 2, 2022, and again on September 29, 2022, Plaintiff, through his undersigned attorney, wrote to the United States asking for payment to Plaintiff pursuant to this Court's judgment and orders enforcing that judgment in this action.[4] It is those letters that serve as the premise for the United States' motion. For the following reasons, however, that premise is unfounded.

Plaintiff was unaware of Wallace Oenga's death when the above letters were written.[5] It was not until November 14, 2022, that Plaintiff learned about Wallace Oenga's death from Leroy Oenga, Jr., at the fee arbitration with him.[6] It was not until December 6, 2022, in a letter from the Office of the Solicitor of the Department of the Interior, that the United States itself informed Plaintiff that Mr. Oenga had died on January 17, 2022.[7] This was a delay of nearly eleven months.

---

[4] Declaration of Tammy A. Buffone ("Buffone Decl."), ¶ 9. Docket No. 87-1, at 3.

[5] *See* the accompanying Declaration of Raymond C. ("Givens Decl."), ¶ 2.

[6] *Id*., ¶ 3.

[7] Exhibit A to Buffone Decl. Docket No. 87-1, at 5.

*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

The United States, as movant, has not made the required showing that Plaintiff intends to demand payment, outside the federal probate proceedings, of his fee from rents received after Wallace Oenga's death. In fact, having now learned of Wallace Oenga's death, Plaintiff does *not* intend to seek payment of his fee outside those probate proceedings. Instead, Plaintiff intends to file a claim for his fee in that probate proceeding, in reliance on the Court's judgment orders, and that claim is being prepared now.[8] The United States knew this before filing its motion, yet it filed the motion anyway.[9]

Plaintiff filing his claim in the probate proceedings based on the Court's judgment and orders will be consistent with the above-referenced letter from the Office of the Solicitor, Department of the Interior, which stated as follows:

> Due to Mr. Oenga's death his Individual Indian Money account status was changed to an estate account pursuant to 25 C.F.R. 115 Subpart D (2020). As a result of the change in account status, distributions from the estate account can only be made in accordance with Federal Regulations governing estate accounts. *Accordingly, the Order by United States Court for the District of Alaska in case number 3:19-cv-0043-HRH will need to be submitted as a claim against the estate*

---

[8] Givens' Decl., ¶ 4. Although Wallace Oenga died more than one year ago, Plaintiff understands that the Bureau of Indian Affairs ("BIA") has not yet forwarded to the Department of the Interior's Office of Hearings and Appeals ("OHA") the file necessary for it to open the probate of Mr. Oenga's estate. *Id.*, ¶ 5.

[9] Docket No. 87, at 10. Buffone Decl., ¶ 11. Docket No. 87-1, at 3.

*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH                                                      Page 7 of 24

The United States' motion now seeks relief from the very orders of this Court that the United States, through the Solicitor's Office, stated should be the basis of Plaintiff's claim in probate.

### D. The United States' Motion Contains Several Factual Errors and Omissions

Those errors and omissions include the following:

- The United States' motion ignores the fact that the Court's judgment and orders in this action were based not only on the original contingency fee contract and amendments to it, but also on a settlement agreement between Plaintiff and Wallace Oenga, dated March 5, 2018.[11] That agreement stated that Mr. Oenga's obligation to pay Plaintiff his fee from future rents ran with Mr. Oenga's interest in the allotment. Accordingly, Mr. Oenga's devisees or heirs will inherit his share in the allotment subject to his obligation under the contingency fee contracts, as amended, and the settlement agreement, to pay Plaintiff's fee from future rents.[12] Further, Mr. Oenga

---

[10] Exhibit A to the Buffone Decl. Docket No. 87-1, at 5 (emphasis added).

[11] Docket No. 25-14.

[12] Settlement Agreement, ¶ 1. Docket No. 25-14, at 4.

Both under the contingency fee contract, as amended, and under the settlement agreement between Plaintiff and Wallace Oenga, Mr. Oenga's promise to pay Plaintiff from future rents is a covenant running with the land, binding on Mr. Oenga's devisees

*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH                                    Page 8 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

agreed in the settlement agreement not to rescind or withdraw his instructions to the Office of Special Trustee ("OST"), which administered his IIM account, to pay Plaintiff from future rents.[13]

- The payments by Hilcorp are for rents. They are not for royalties, as stated several times in the United States' motion. Rents are payments of an amount certain on a date certain, typically under the terms of a written lease. Royalties, on the other hand, are payments of variable amounts on variable dates, typically if and when a resource is developed.

- The current lessee of the Oenga's Native allotment is Hilcorp Alaska, LLC ("Hilcorp"), not BP Exploration (Alaska), Inc. ("BP").

- Wallace Oenga's IIM account is now being administered by the Bureau of Trust Funds Administration ("BTFA"), not by OST.

---

and heirs. *See* AS 13.16.005 (a devisee's interest is subject to the rights of creditors); *Restatement (Third) of Property (Servitudes)* (2000) ("A burden that is appurtenant to an interest in property is transferred to successors to that interest"); *Berardi v. Ohio Turnpike Commission*, 205 N.E.2d 23, 27 (Ohio App. 1965) ("in determining whether a covenant will run with the land the material inquires are whether the parties intended to impose such burden on the land and whether it is one that may be imposed consistently with principle and equity").

[13] Settlement Agreement, ¶ 6. Docket No. 25-14, at 5.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

## III. THE ORDERS FROM WHICH THE UNITED STATES SEEKS RELIEF

The Court's judgment in this case included a declaratory judgment that Plaintiff was to be paid each year from the annual rents from the allotment received in Wallace Oenga's IIM account.[14] The judgment also included a judgment specific performance, requiring Mr. Oenga to instruct OST to pay Plaintiff's attorney's fee from future annual rents from the allotment.[15]

When Mr. Oenga failed to comply with the judgment of specific performance, the Court implemented that judgment by instructing the Clerk of Court, standing in Mr. Oenga's shoes under Federal Rule of Civil Procedure 70(a), to fill out the appropriate forms directing OST to pay Plaintiff.[16] Of significance here, in one of those forms the Clerk of Court, acting for and on behalf of Wallace Oenga, instructed OST to pay Plaintiff from future rents received for the allotment through 2036.[17]

When OST refused to comply with the instructions of the Clerk of Court, the Court issued an order to show cause why OST should not be held in civil contempt of

---

[14] Docket No. 29, at 3.

[15] *Id*., at 4-5.

[16] Docket No. 39.

[17] Docket No. 41, at 1-6 (Sealed).

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Court.[18] The United States then appeared in the action to argue that the Court lacked jurisdiction over OST.[19] After briefing by the United States and Plaintiff, the Court rejected the United States' argument and ordered OST to comply with the instructions of the Clerk of Court.[20] The United States then filed a motion to appear for the limited purpose of seeking reconsideration of the Court's order against OST.[21] The Court granted the motion for limited appearance,[22] but the Court denied the motion for reconsideration.[23] As noted above, the United States appealed the Court's decision regarding OST but then voluntarily dismissed that appeal. Subsequently, OST made the required payments to Plaintiff until Mr. Oenga's death.

Plaintiff was recently informed that Wallace Oenga died on January 17, 2022, and his IIM account was converted to an estate account, pursuant to 25 C.F.R. § 115 Subpart D. Plaintiff further understands that the BIA is still in the process of preparing the probate file to transmit to OHA, at which time a probate judge will be assigned to administer the probate Mr. Oenga's trust estate.[24]

---

[18] Docket No. 59.

[19] Docket No. 61.

[20] Docket No. 74 (Sealed).

[21] Docket No. 75.

[22] Docket No. 77.

[23] Docket No. 80.

[24] Givens Decl., ¶ 5.

*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

The United States' instant motion asks the Court for relief from its orders requiring OST (now the BTFA) to pay Plaintiff (hereinafter, the "Orders").[25] Although the United States did not file a proposed order with its motion, as required by Local Rule 7.1(a)(2), the motion states, at its conclusion: "Interior needs to be relieved from complying with the Orders, to the extent the Orders require Interior to make payments to Plaintiff from Mr. Oenga's IIM account *without the approval of the Interior probate judge administering Mr. Oenga's trust estate.*"[26] The motion does not ask for relief from the judgment itself.

## IV.   ARGUMENT

### A.   The Court Lacks Jurisdiction to Consider the United States' Motion

#### 1.   The United States' motion presents no case or controversy

Article III, § 2 of the United States Constitution confines federal courts to decisions of "Cases" or "Controversies." "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997). If the movant lacks standing, the Court lacks jurisdiction.

For a claim to satisfy the case-or-controversy requirement, its resolution must affect "the legal relations of parties having adverse legal interests." *Aetna Life*

---

[25]  Docket No. 87, at 1, seeking relief from Docket Nos 74 (Sealed) and 80.

[26]  Docket No. 87, at 21 (emphasis added).

*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH                                    Page 12 of 24

Case 3:19-cv-00043-HRH   Document 88   Filed 02/07/23   Page 12 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Insurance Co. v. Haworth*, 300 U.S. 227, 240 (1937). To have standing, the litigant must show that it suffered an "injury in fact" that is "concrete, particularized, and actual or imminent," and "the mere risk of mere future harm, standing alone, cannot qualify as a concrete harm." *TransUnion LLC. v. Ramirez*, 141 S.Ct. 2190, 2210-11 (2021). "Standing must exist at all stages of judicial proceedings." *Landmark Land Co., Inc. v. F.D.I.C.*, 256 F.3d 1365, 1380 (Fed. Cir. 2001).

As noted above, Plaintiff will not seek payment outside the probate proceeding regarding Wallace Oenga's estate. Accordingly, the United States' motion presents no case or controversy because that is the mistaken predicate of the motion.

### 2. The United States lacks standing to ask for relief from the Orders

Further, as noted above, the Court lacks jurisdiction where the movant lacks standing. Here, the United States lacks standing to ask for relief from the Orders for the following reasons.

First, because Plaintiff will not seek payment of his fee outside the probate proceeding, the United States faces no risk of injury in fact from the Orders. The United States does not face the risk of paying funds to Plaintiff in a fashion inconsistent with a subsequent order of the probate judge.

Second, the United States' appearance in this case was limited to challenging the Court's jurisdiction over OST. That limitation is apparent from the very caption of this

*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

case, which does not include the United States as a party. Now, however, the Court's jurisdiction over OST (and now the BTFA) is no longer an issue in this case.

Only if intervention by the United States were granted could it make the new arguments it advances now. However, such intervention would be inappropriate because the United States suffers no risk of actual injury, as a matter of law. Further, intervention would be inappropriate because the United States' role in this matter is, through delegation, limited to the probate judge's administration of the probate proceedings.

Finally, the United States lacks standing to ask for relief from the Orders on behalf of the unknown devisees or heirs of Wallace Oenga. Even if those devisees or heirs were known and were parties herein, the United States would have standing only to assert its own interests, not the interests of other parties. *C.f. Rio Grande Pipeline Co. v. F.E.R.C.*, 178 F.3d 533, 538 (D.C. Cir. 1999) ("a prospective . . . intervenor must have standing to participate as an intervenor rather than only as an amicus curiae");

For the above reasons, the United States lacks standing to ask for relief from the Orders. Because standing is a necessary aspect of a case or controversy, the Court lacks jurisdiction to hear the arguments made in the United States' motion.

### 3. The Court would have jurisdiction over the United States' arguments only in an APA appeal

Again, Plaintiff will not ask for payment of his fee outside the probate proceeding regarding Wallace Oenga's estate. Accordingly, the arguments raised in the United States' motion could be heard by the Court only in an appeal under the Administrative Procedure Act. That appeal could be brought only by a party *other than* the United States from the decisions of the probate judge and the Interior Board of Indian Appeals ("IBIA"), constituting the final agency action of the Department of the Interior.[27] As noted in the United States' motion, "[t]he remedies provided by Interior regulations must be exhausted before a party can seek judicial review of Interior's probate determinations in federal court."[28]

For the above reasons, the Court lacks jurisdiction to hear the arguments made in the United States' motion. If the Court disagrees, it should deny the United States' motion on the merits, for the reasons stated below.

### B. Plaintiff Has the Right to be Paid in the Probate Proceeding from Rents Received After Wallace Oenga's Death, Based on the Judgment and Orders

Plaintiff has the right to be paid his fee in the probate proceeding of Wallace Oenga's estate from rents received after his death, based on the Court's judgment and

---

[27] 43 C.F.R. §§ 4.1(b)(1)(ii) and 4.312; 5 U.S.C. § 705.

[28] Docket No. 87, at 13.

the Orders implementing it. As discussed above, that result is consistent with the letter of the Office of the Solicitor. Further, that result is consistent with the applicable probate regulations. For the reasons discussed below, the United States' motion omits and misstates those regulations.[29]

In the alternative, Plaintiff asks that the Court not foreclose him from relying on the Court's judgment and Orders in the probate proceeding.

These arguments are discussed in more detail below.

**1. Plaintiff can rely on the Court's judgment and Orders, under 25 C.F.R. §§ 15.105(g) and 15.305**

The United States' motion fails to mention two regulations that authorize a creditor in a federal probate proceeding to rely on court judgments and orders enforcing them. 25 C.F.R. § 15.105(g) states that when the BIA prepares the file to submit to OHA for the opening of a federal probate proceeding, the BIA is required to include "[a] list of claims by known creditors of the decedent and their addresses, including copies of any court judgments." Likewise, 25 C.F.R. § 15.305 states that a creditor must include the status of any judicial proceeding against the decedent.

Because of the Court's judgment and the Orders enforcing it, Plaintiff will not be a garden-variety creditor in the probate of Wallace Oenga's estate. Plaintiff has the right in that proceeding to rely on the judgment and Orders, under which Mr. Oenga,

---

[29] *Id*., at 5-7.

*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH

Page 16 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

acting by and through the Clerk of Court, instructed OST to pay Plaintiff from future rents. That judgment and those Orders were in effect on the date of Mr. Oenga's death, and the BTFA, as the successor to OST, is bound by them as well. Likewise, the probate judge, to be assigned to probate Mr. Oenga's estate, is also bound by the judgment and Orders.[30] If the Court grants the United States' motion, Plaintiff will be improperly foreclosed from arguing in the probate proceeding that he has the right to be paid, based on the judgment and Orders of this Court.

As noted above, Plaintiff's right to rely on the judgment and Orders in the probate proceeding is consistent with the letter from the Office of the Solicitor, dated December 6, 2022, as quoted above, stating that the order of this Court enforcing the judgment against Wallace Oenga "will need to be submitted as a claim against the estate," pursuant to the probate regulations.[31] Yet it is that very order from which the United States now seeks relief.

---

[30] *C.f. Fields v. Legacy Health System*, 413 F.3d 943, 957-58 (9th Cir. 2005) (the decedent's personal representative is placed in the decedent's shoes, imputing to the representative whatever rights and limitations to those rights the decedent himself possessed).

[31] Docket No. 87-1, at 5.

*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH

Page 17 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

### 2. Based on the judgment and Orders, Plaintiff should be treated as a secured creditor, under 25 C.F.R. § 15.305(c)

The United States' motion also fails to mention 25 C.F.R. § 15.305(c), which authorizes a secured creditor of the decedent to collect against property securing the debt. There is nothing in the regulation that precludes a secured creditor from collecting from the rents received from a Native allotment. Although *secured creditor* is not defined in the regulations, the term is defined in BLACK'S LAW DICTIONARY (8th ed.) as follows: "A creditor who has the right, on the debtor's default, to proceed against collateral and apply it to the payment of the debt."

When a creditor in Alaska obtains a judgment against a debtor, the creditor can record the judgment in the state recording office, thereby obtaining a judgment lien against the debtor's real property and becoming a secured creditor. AS 09.30.010. Although a judgment lien created under state law cannot be recorded and made effective against federal trust property, Plaintiff should be treated as a secured judgment creditor under 25 C.F.R. § 15.305(c) when he obtained a final judgment of the Court that expressly required payment to him from the annual rents from the allotment. Plaintiff enforced that right to payment when he obtained the Orders from the Court requiring OST to pay him from those rents. Plaintiff could have taken no other steps to secure and enforce his right to payment of his fee.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

**3. Based on the judgment and Orders, Plaintiff has the right to be paid from future rents, under 43 C.F.R. § 30.146**

Finally, the United States' motion mischaracterizes 43 C.F.R. § 30.146.[32] That regulation allows payment of claims not only from funds that were in the decedent's IIM account on the date of death, but also from funds that had "accrued" to the decedent as of that date. 43 C.F.R. § 30.146 states as follows:

> **What property is subject to claims?**
> Except as prohibited by law, all intangible trust personalty of a decedent in hand *or accrued* at the date of death may be used for the payment of claims, *including*:
> (a)     IIM account balances;
> (b)     Bonds;
> (c)     Unpaid judgments; and
> (d)     Accounts receivable.

(Emphasis added.)

Although *accrued* is not defined in the regulations, the word *accrue* is defined in BLACKS' LAW DICTIONARY as: "To come into existence as an enforceable claim or right." Hilcorp's lease of the allotment plays a vital role in the production of oil at Prudhoe Bay. Further, Hilcorp's obligation to pay annual rents under that lease had no contingencies when Wallace Oenga died, and he had an enforceable right to those payments at that time. Accordingly, those payment obligations were an account receivable to Mr. Oenga, under 43 C.F.R. § 30.146(d).

---

[32]  Docket No. 87, at 6-7.

*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH

Page 19 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Further, the word "including," used in the regulation, is typically a term of enlargement, not of limitation:

> A statutory definition declaring what something "includes" is more susceptible to extension by construction than a definition declaring what a term "means." The word "includes" is usually a term of enlargement, and not of limitation, and conveys the conclusion that there are other items includable, though not specifically enumerated. Conversely, a definition which declares what a term "means" usually excludes any meaning not stated.

2A SUTHERLAND STATUTORY CONSTRUCTION § 47:7 (7th ed. Nov. 2022). Accordingly, what assets or rights had accrued to Wallace Oenga at the time of his death are not limited to the four examples given at 43 C.F.R. § 30.146(a) – (d). Again, because Hilcorp's obligation to pay annual rents had no contingencies, those payment obligations had accrued to Mr. Oenga as of the date of his death.

The United States' motion relies on *Estate of Henry Emil Shade*, a decision of the IBIA.[33] That reliance is misplaced. First, the decision did not discuss or construe 25 C.F.R. § 30.146. Further, the decision concerned possible future income from an allotment where "no leases or revocable use permits were in place."[34] Finally, the decision did not concern a court order requiring payment of a claim from future rents.

---

[33] 64 IBIA 52; 2017 WL 264496 (January 12, 2017).

[34] 64 IBIA at 58; 2017 WL 264496 at *4.

*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH                                    Page 20 of 24

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

For the above reasons, the Court's judgment and Orders require payment of Plaintiff's claim in the probate proceedings from rents received after Wallace Oenga's death. That result is consistent with *In the Matter of the Estate of Leroy Oenga, Sr.*, U.S. Department of the Interior, Office of Hearings and Appeals, Probate P000102729IP, dated September 27, 2013. There, the probate judge issued a final decision of the Department of the Interior, which was not appealed, requiring payment to Plaintiff from rents received after the decedent's death and before the close of the probate proceeding.[35] That decision concerned the same fee agreement, as amended; the same Native allotment; the same lease; and the same claim for payment from rents received after the death of the decedent. Here, Plaintiff's claim is stronger still because there was a settlement agreement between Plaintiff and Mr. Oenga, and the Court has issued its judgment and Orders.

In addition to the above, Plaintiff is required to be paid from any funds that were in Mr. Oenga's IIM account on the date of his death, under 25 C.F.R. § 30.146(a).

## C. Relief Should Not Be Granted Under Rule 65(b)(5)

Federal Rule of Civil Procedure 60(b)(5) provides that relief can be granted from a final judgment or order if "applying it prospectively is no longer equitable." Plaintiff

---

[35] *See* Exhibit 1 to the Givens Decl.

*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH

Page 21 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

does not dispute the United States' summary of the cases construing that rule.[36] As noted in the United States' motion, relief under Rule 60(b)(5) should be granted only if compliance with the judgment or order would be substantially more onerous, or would be unworkable because of unforeseen obstacles, and the Court is to take into account all the circumstances in deciding the matter. Plaintiff does, however, dispute the motion's argument regarding the application of that rule to the facts of this case. Here, equity favors Plaintiff, not the United States. That is so for the following reasons, as discussed more fully above:

1.      The United States faces no risk of harm if it is not granted relief from the Orders. In fact, its motion for relief is predicated on the false assumption that Plaintiff would seek to rely on the Orders for payment of his fee outside the probate process. On the other hand, Plaintiff has the right to rely on the Orders in the probate proceeding, and he will be harmed if foreclosed from doing so.

2.      Plaintiff has the right to be paid his contingency fee from the fruits of his success in representing Wallace Oenga and the Oenga heirs against the United States. The Court should have little sympathy for the United States' repeated efforts to deprive Plaintiff of his earned fee.

---

[36]  Docket No. 87, at 10-11.

*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH

3.     Mr. Oenga's devisees and heirs will not be harmed by denying the United States' motion. Both under the contingency fee contract, as amended, and under the settlement agreement between Mr. Oenga and Plaintiff, Mr. Oenga's promise to pay Plaintiff from future rents is a covenant running with the land, binding on Mr. Oenga's devisees and heirs. Further, Plaintiff's fee is 25% of the annual rents, leaving adequate funds to pay them.

## D.     Relief Should Not Be Granted Under Rule 65(b)(6)

Federal Rule of Civil Procedure 60(b)(6) provides that relief can be granted from a final judgment or order based on "any other reason that justifies relief." Again, Plaintiff does not dispute the United States' summary of the cases construing that rule.[37] As noted in its motion, the rule is used sparingly to prevent manifest injustice, and a movant must demonstrate extraordinary circumstances to warrant relief under the rule. However, Plaintiff does dispute the motion's argument regarding the application of that rule to the facts of this case. For the reasons discussed above, the grounds for relief under Rule 60(b)(6) are not present here.

## V.     CONCLUSION

For the reasons stated above, the Court should deny the United States' motion for relief from the Orders. A proposed order denying that motion is filed herewith.

---

[37]  *Id.*, at 13.

*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH

Page 23 of 24

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

DATED: February 7, 2023.

RUSSELL L. WINNER
WINNER & ASSOCIATES, P.C.
Attorneys for Plaintiff Raymond C. Givens

By: _/s/ Russell L. Winner_
Russell L. Winner
ABA No. 7811149

### Certificate of Service

I hereby certify that a copy of the forgoing document was served on the attorneys listed under the Court's CM/ECF System.

_/s/ Russell L. Winner_
Russell L. Winner

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522