RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone:(907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com
Attorneys for Plaintiff Raymond C. Givens

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS,

     Plaintiff,

v.

WALLACE OENGA,

     Defendant.

Case No. 3:19-cv-00043-HRH

## DECLARATION OF RAYMOND C. GIVENS

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.     I am the Plaintiff in this action. I make this declaration in support of Plaintiff's Opposition to the United States' Motion for Relief from Orders.

2.     My attorney, Russell Winner, sent letters, dated August 2 and September 29, 2022, asking the Bureau of Trust Funds Administration (the successor to the Office of Special Trustee) to pay me from Wallace Oenga's share of rents for the Oenga allotment paid by Hilcorp Alaska, LLC (the successor lessee to BP Exploration

*Raymond C. Givens v. Wallace Oenga,*
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH

Page 1 of 3

Case 3:19-cv-00043-HRH    Document 88-1    Filed 02/07/23    Page 1 of 7

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

(Alaska), Inc.), in the fall of 2022 for lease year 2023. Those letters were sent before Mr. Winner and I knew that Wallace Oenga had died.

3.    We first learned of Wallace Oenga's death on November 14, 2022. During the fee arbitration with him, Leroy Oenga, Jr., told us that Wallace Oenga had died in January 2022. It was not until December 6, 2022, in a letter from the Office of the Solicitor of the Department of the Interior, that we learned that the date of Wallace Oenga's death was January 17, 2022.

4.    Having learned of Wallace Oenga's death, I have no intention to seek payment of my fee outside the federal probate proceeding regarding Mr. Oenga's trust estate. Instead, I intend to file a claim in that probate proceeding and ask for an order from the probate judge that I am entitled to be paid. That claim is being prepared now.

5.    I understand that the Bureau of Indian Affairs is still in the process of preparing the probate file to transmit to the Office of Hearings and Appeals, at which time a probate judge will be appointed to administer the probate of Wallace Oenga's estate.

6.    Attached hereto as Exhibit 1 is a true and correct copy of the Decision of Administrative Law Judge James Yellowtail, *In the Matter of the Estate of Leroy Oenga, Sr.*, U.S. Department of the Interior, Office of Hearings and Appeals, Probate P000102729IP, dated September 27, 2013.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 7th day of February, 2023, at Kirkland, Washington.

_/s/ Raymond C. Givens_
Raymond C. Givens

**Certificate of Service**

I hereby certify that a copy of the forgoing document was served on the attorneys listed under the Court's CM/ECF System.

_/s/ Russell L. Winner_
Russell L. Winner

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

_Raymond C. Givens v. Wallace Oenga,_
U.S. District Court for the District of Alaska,
Case No. 3:19-cv-00043-HRH

Page 3 of 3



# United States Department of the Interior
## OFFICE OF HEARINGS AND APPEALS
Probate Hearings Division
P.O. Box 26147
Albuquerque, NM 87125
(505) 563-5330
(505) 563-5341 (Fax)

IN THE MATTER OF THE ESTATE OF:    :

**LEROY OENGA SR.**    :

   :    **PROBATE P000102729IP**

Deceased Alaska Native    :

Identification No.: 985U000206    :    **DECISION**

   :

After notice served and posted as required by 43 C.F.R., part 30, hearing in this matter were held at Fairbanks, Alaska on August 7, 2012 and Anchorage, Alaska on December 7, 2012 to determine the validity of the last will of Leroy Oenga Sr., deceased Alaska Native, and to settle his trust and restricted property estate.

My Findings and Conclusions based upon the evidence of record are as follows:

1. <u>Decedent</u>. Leroy Oenga Sr., whose last residence was in the State of Alaska, was born May 6, 1956 and died intestate on March 1, 2012. The Decedent was not married at the time of death. His only marriage was to Caroline (Nashookpuk) Cannon and the marriage was terminated by decree of divorce prior to the Decedent's death. The Decedent had a long term relationship with Bernice Solomon but they never married.[1]

The Decedent had five children named Piquk Nashookpuk-Oenga, Emma Frieda Kinneveak, Leroy L. Oenga Jr., Lillian Gayle Oenga, and Brian L. Oenga.[2] Lillian died without issue in 1987. Piquk died with issue in 2009. Emma, Leroy Jr., and Brian survived at the time of the Decedent's death.

2. <u>Estate Property</u>. Decedent died owning interests in trust or restricted property under the jurisdiction of the Secretary of the Interior.

3. <u>Will</u>. A will of Decedent executed March 11, 2010 has been presented in this estate. The will is self-proved within the meaning of 25 C.F.R. §§ 15.8 and 15.9.

There were no objections to the Decedent's will by any party possessing legal standing to object. At the hearing on December 7, 2012, the Decedent's brother Joseph Oenga objected to the will on grounds of lack of testamentary capacity. Joseph is not a claimant against the estate and has no representative capacity regarding any potential heir of the Decedent's estate or any beneficiary listed in the Decedent's will. Joseph is not a beneficiary listed in the Decedent's will

---

[1] In the second paragraph of her affidavit dated July 26, 2012, Bernice Solomon stated: "I lived with Leroy Oenga Sr. (Deceased) for 24 years, but we never married."

[2] At the hearing on December 7, 2012, statements were made by family members indicating that Brian L. Oenga was raised by another family. Because the Decedent died testate and because there were no objections to the will by any interested party with legal standing, it is unnecessary to determine whether Brian may have been adopted by other parents within the meaning of 25 U.S.C. § 372a.

-1-

Case 3:19-cv-00043-HRH    Document 88-1    Filed 02/07/23    Page 4 of 7

Exhibit 1
Page 1 of 4

and would not inherit a share of the estate in the absence of the will. Therefore, Joseph does not qualify as an interested party as defined in 43 C.F.R. § 30.101 and lacks standing to object to the will. Accordingly, any objection to the Decedent's will expressed by Joseph cannot be addressed and is therefore denied.

The Decedent's will satisfies all federal requirements specified in 25 C.F.R. §§ 15.3, 15.4, 15.8, and 15.9. The Decedent's will was properly executed and at the time of execution Decedent possessed testamentary capacity and acted free of undue influence. The will is approved.

The will contains various provisions pertaining to both restricted native property and non-restricted property. The jurisdiction of this forum is limited to restricted native property and property (real or personal) held in trust by the United State of America. No findings are made and none should be inferred from this decision as to those provisions of the will which pertain solely to non-trust or non-restricted property.

The fifth clause of the will contains a devise of property described therein as an "inherited interest in Restricted Native Townsite located in Barrow, Alaska, U.S. Survey No 4615, Block 40, Lot 21 located at 308 Oogruk Street and all improvements thereon[.]" The inventory of the Decedent's restricted real property does not include any interest in the property described in this provision of the will. No interest in this lot shall be distributed as a result of this decision. No further findings are made as to this provision of the will.

The sixth paragraph of the will provides as follows:

> I give, devise and bequeath my inherited interest in Native Allotment FF-14632 Parcels a & B [sic] to my son Leroy Oenga Jr. If he fails to survive me, I give, devise and bequeath to my daughter Emma Frieda Kinneveak along with a life estate to Emma Frieda Kinneveak, Bernice T. Solomon, Forrest D. Solomon, and Brian L. Oenga. With remainderment to Leroy Oenga Jr.

The principle criterion in construing an Indian will is the intention of the testator, if that intention can be reasonably ascertained. Estate of Margaret Fisher Leader Molina, 27 IBIA 254 (1995). Testamentary intent is determined "from entire language of a will[.]" Estate of Daniel J. Pierre, 6 IBIA 17 (1977). Leroy Oenga Jr. survived when the Decedent died and based on that fact, pursuant to the first sentence of this provision of the will, the Decedent's interest in the described property must pass to him. The second sentence is dependent upon the condition contained in its first clause which gives effect to the remainder of the sentence only if Leroy Oenga Jr. failed to survive the Decedent. Therefore the second sentence has no effect. I have considered the effect of the third sentence which by its use of the term "remainderment" lends some support to an interpretation that the Decedent may have intended Leroy Jr. to receive the property subject to life estates in favor of the persons listed in the second sentence. For the reasons previously stated as to the second sentence, I reject that interpretation. As the Board of Indian Appeals has made clear, I cannot substitute for what isn't there when construing a will. Estate of Teresa Mitchell, 25 IBIA 88 (1993). Therefore, the Decedent's interest in restricted Native Allotment no. 985F14632, parcels A and B, plus any income generated from the property, shall be distributed to:

Exhibit 1
Case 3:19-cv-00043-HRH    Document 88-1    Filed 02/07/23    Page 5 of 7    Page 2 of 4

| Name | Date of Birth | Relation to Decedent | Share | Indian[3] | Eligible[4] |
|---|---|---|---|---|---|
| Leroy Lee Oenga Jr. | 09/16/1979 | Son | All | Yes | Yes |

The Decedent's trust or restricted property estate also includes funds deposited into a special deposit account administered by the United States arising from or attributable to a cash settlement resulting from litigation styled as Wallace Oenga, et al. vs. United States of America and Intervenors BP Exploration, et al., United States Court of Claims Case No. 06-0491-NBF. These funds arise from or are attributable to litigation concerning profits or income derived from the Decedent's restricted Native Allotment no. 985F14632, parcels A and B. Therefore, these litigation proceeds are the property of and shall be distributed to Leroy Oenga Jr., the devisee of the property from which the litigation proceeds were derived, subject to payment of approved claims.

In the alternative, I find that the same result would arise under the written renunciation executed and filed by Bernice T. Solomon which modifies the effect of the tenth paragraph of the Decedent's will. The tenth paragraph of the Decedent's will provides as follows:

> I bequeath my intangible personal property to Bernice T. Solomon and my tangible personal property to Forrest Solomon my "stepson" my Honda (Year-2006, Make-Ranger, Model # TRX 350)[5]

Bernice T. Solomon has executed and filed a written renunciation, dated November 19, 2012, of her right to receive any intangible personal property from the Decedent's estate. The renunciation document explicitly includes any settlement proceeds resulting from the litigation identified by "case number 1:06-cv-00491-NBF or docket 06-491" paid by "BP Exploration Inc., Chevron U.S.A., Inc., ConocoPhillips Alaska Inc., ExxonMobil Alaska Production, Inc. and the United States of America." [6] The Decedent's estate received a substantial financial settlement from the aforementioned litigation and the Decedent's share has been deposited into a special account administered by the United States. The renunciation explicitly designates Leroy L. Oenga Jr. as the recipient of any such litigation proceeds that would otherwise be distributed to Bernice T. Solomon by reason of the Decedent's will.

Bernice Solomon was provided with written notice of each hearing held in this estate and has not appeared, in person or by any authorized representative, and has not participated in this proceeding. Because there is nothing in the record to the contrary, I find that her renunciation was executed with full understanding of its effect upon her rights. Therefore, the renunciation executed by Bernice T Solomon on November 19, 2012 is approved.

---

[3] "Indian" for these purposes means a member or a lineal descendant of a member of a federally recognized Indian or Alaskan tribe.

[4] An Indian is eligible to have inherited restricted or trust property remain in that status.

[5] As previously stated, the jurisdiction of this forum does not extend to non-trust and non-restricted property. Therefore, no interest in what appears to be an all-terrain vehicle referenced in this provision of the will, or any other tangible personal property, shall be distributed by reason of this decision.

[6] The renunciation explicitly excludes Bernice's rights under the eighth and ninth articles of the Decedent's will to receive stock in certain named native corporations from the scope or extent of the property renounced. Nothing in this decision is intended to alter or affect her rights under the seventh and eighth paragraphs of the Decedent's will.

-3-

After giving effect to the tenth paragraph of the Decedent's will and after also giving effect to the renunciation executed by Bernice T. Solomon, the Decedent's share of any cash proceeds deposited into the special deposit account administered by the United States and subject to the jurisdiction of this forum attributable to or arising from litigation pertaining to the Decedent's restricted Native property referenced above, plus any post-death interest or income generated from these funds, would be distributed to Leroy Oenga Jr. subject to payment of approved claims.

Therefore, the result would be the same under this alternate rationale.

4. Claims. A claim has been filed against this estate by Raymond C. Givens based on a contingency fee contract executed by the Decedent. The claim is for legal services rendered pursuant to the contingency fee contract in litigation styled as Wallace Oenga, et al. vs. United States of America and Intervenors BP Exploration, et al., United States Court of Claims Case No. 06-0491-NBF. The claim is valid because the contracted services were rendered and a substantial settlement was obtained for the plaintiffs including the Decedent's estate. The Decedent's non-trust estate is negligible and insufficient to pay any portion of the claim. There was no objection to approval of the claim in the amount of $1,251,821.00. The claim is therefore approved for payment in the amount of $1,251,821.00 from trust or restricted funds administered by the United States on belhalf of the Decedent's estate.

## ORDER

By the authority vested in the Secretary of the Interior by 25 U.S.C. §§ 372 and 373 as amended, and other applicable statutes, and pursuant to 43 C.F.R. part 30, it is hereby **ORDERED**:

The Superintendent or other officer in charge shall distribute the estate according to the findings and conclusions in this Decision.

Under 43 C.F.R. §§ 30.232 and 30.234, no written transcript of the hearing was made, the names of those persons who attended the hearing are set forth on the Attendance Roster included in the record, the verbatim recording of the hearing will be retained until the appeal period has expired. I certify that this decision is based upon all the evidence of record in this matter.

This decision is final for the Department unless a petition for rehearing is properly filed in accordance with 43 C.F.R. § 30.238 (76 FR 7500, 7508, February 10, 2011) within thirty (30) days from the date of this Decision as set forth in the attached notice.

Done at Albuquerque, NM on

SEP 2 7 2013

James Yellowtail
Administrative Law Judge

-4-